IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Complainant,<br>    v.<br><br>KELLY MEGGS<br><br>*Styled as <u>USA v. STEWART RHODES, et al.</u> incorporating cases against multiple Defendants*<br>        Defendant | Criminal Case No.<br><br>1:22-cr-00015-APM<br><br>Assigned to the Honorable<br>Amit Mehta, District<br>Court Judge |

**DEFENDANT KELLY MEGGS' MOTION
FOR RECONSIDERATION
AND CLARIFICATION OF THE COURT'S
IDENTIFICATION OF CONFLICT OF INTEREST**

COMES NOW Defendant Kelly Meggs, by counsel, and hereby responds to the Order of the Court that a conflict of interest be considered where an attorney is representing a client in responding to a subpoena to testify before the U.S. House of Representatives Select Committee ("Select Committee") to Investigate the Attack on the U.S. Capitol, raised and ordered to be considered by the Honorable Judge Amit Mehta in a status hearing on January 25, 2021.

**I.      INTRODUCTION AND CONTEXT**

Judge Mehta's discussion, direction, and order was that the Select Committee was to some extent running a "parallel" operation to the criminal prosecution of the innocent Defendants here in this case (now two cases). That is, that a witness appearing before the Select Committee is essentially the same matter as the criminal prosecution here.

In fact, an attorney who represents one in a case argues the case to its conclusion

including making motions, arguing for specific decisions and outcomes, and making closing argument, etc. No such thing exists before the Select Committee. An attorney only negotiates scheduling on behalf of an individual witness and prepares and organizes documents to be produced, instructs on the obligation to conduct a thorough search for documents, and gives standard guidance on how to listen carefully to questions before answering them, etc.

However, Judge Mehta discussed and analyzed for a legally official purpose that the Select Committee is running a parallel criminal investigation and criminal prosecution to the Article III Judiciary, plainly in conflict with and interfering with the criminal cases here in the U.S. District Court of the District of Columbia.

One might reasonably argue that the Select Committee is intimidating witnesses, tampering with witnesses, as well as massively violating the Due Process rights of these Defendants by its flood of publicity and extra-judicial statements condemning in public these Defendants as already guilty and indeed monstrous domestic terrorists who are a threat to little children and civilization everywhere.

In fact, one would have to say being intellectually consistent that the Select Committee is committing violations of 18 U.S.C. 1512(c)(2) by obstructing official proceedings, being the criminal cases here in this courtroom. For partisan political reasons, the D.C. Jury pool has been massively polluted like no example one can think of.

This Court will have to transfer the case to another venue or dismiss it entirely. Therefore, this case has been obstructed, hindered, and delayed as an official proceeding under 18 U.S.C. 1512(c)(2) by the impatience of the political class to scratch an itch of grandstanding.

Just as Congress' addiction to being in the spotlight destroyed the criminal prosecution of Lt. Col. Oliver North (yes, in many steps and stages, but ultimately because Congress just could

not wait until after the court case was over), the Select Committee and much of the other Members of Congress have already destroyed the Due Process rights of these Defendants, requiring that this case be dismissed.

The U.S. Attorney's Office has been told that they need to advise their client, the victim of the alleged crime, the U.S. Congress, to remain silent until these cases come to trial. The alleged victims tell us the seriousness of the matter, but then trample all over the criminal prosecution to constantly flood the public and public airwaves with their own allegations.

If the USAO cannot keep its client as the victim silent, then the inevitable result is to require that these charges be dismissed.

Of course, it does not help to have judges publicly condemning those accused of First Amendment activity even though hundreds of other Defendants are still awaiting trial in this Court on the same trumped-up charges.

This, too, must be addressed in forthcoming motions to dismiss and for change of venue.

Therefore, the Court is requested to retract, amend, clarify, and/or reconsider the view supporting its orders yesterday that Congress is running a parallel criminal case interfering with and tangling with the Article III Courts.

Representing a client before the Select Committee – merely to collect documents being produced and raise objections where appropriate to categories of documents, giving standard directions on how to answer questions carefully such as avoiding compound questions or questions that assume unproven assertions, etc, and helping the client decide whether to plead the protections of the Fifth Amendment to the U.S. Constitution or object to certain categories of questioning does not present a conflict of interest with

Representing a client before the Select Committee is less involved than merely preparing

a witness. The Select Committee will not entertain argument or motions. An attorney cannot cross-examine witnesses or argue with Liz Cheney. The witness merely answers questions.

Even assertion of the Fifth Amendment here are based entirely on concerns about the Select Committee being a massive perjury trap or that the law in the hands of the U.S. Attorney's Office has been changed and twisted so dramatically that one cannot know what the state of the law will be months or a couple of years in the future.

The idea that a witness appearing before the Select Committee is essentially the same matter as the criminal investigation runs afoul of absolutely-certain, definitive, unquestionable U.S. Supreme Court decisions which unfortunately everyone eagerly ignores:

> Congress' role does not include criminal investigations or the regulation of violent crime. '[In *Lopez*] [w]e rejected these "costs of crime" and "national productivity" arguments because they would permit Congress to "regulate not only all violent crime, but all activities that might lead to violent crime, regardless of how tenuously they relate to interstate commerce."' *Id*. at 607 (*citing United States v. Lopez*, 514 U.S. at 568, 577-578 (KENNEDY, J., concurring); *United States v. Harris*, 106 U.S. at 635).

*United States v. Morrison, 529 U.S. 598, 612-613, 120 S. Ct. 1740, 1751, 146 L. Ed. 2d 658, 672-673 (2000).*

### Criminal investigation is a duty not reserved for Congress.

*See, e.,g. Barenblatt v. United States, 360 U.S. 109, 112 (1959), Watkins v. United States, 354 U.S. 178, 197 (1957), Gibson v. Florida Legislative Investigation Comm., 372 U.S. 539 (1963).)*

The Fourth Amendment restricts the ability of the Select Committee to issue sweeping subpoenas untethered from any valid legislative purpose. *See Oklahoma Press Pub. Co. v. Walling*, 327 U.S. 186, 196 (1946).

Congress' power to investigate is limited to topics that it might legislate about, or consider whether or not to legislate. See *Trump v. Mazars USA, LLP*, 140 S. Ct. 2019, 2040 (2020).

WHEREFORE, the Defendant requests that the Court clarify, correct, and/or amend the Court's order and directions as to any inquiry into a conflict of interest. The surest way to be right is to change when one is wrong.

Dated: January 26, 2022       RESPECTFULLY SUBMITTED
                              KELLY MEGGS, *By Counsel*

*/s/ Jonathon A. Moseley*
Jonathon A. Moseley, Esq.

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
      Telephone: (703) 656-1230
Contact@JonMoseley.com
Moseley391@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants. From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Jeffrey S. Nestler**
U.S. ATTORNEY'S OFFICE
555 Fourth Street NW
Washington, DC 20530

5

202-252-7277
**jeffrey.nestler@usdoj.gov**

**Kathryn Leigh Rakoczy**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 Fourth Street, NW
Washington, DC 20530
(202) 252-6928
(202) 305-8537 (fax)
**kathryn.rakoczy@usdoj.gov**

**Justin Todd Sher**
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue NW
Washington, DC 20530
202-353-3909
**justin.sher@usdoj.gov**

**Troy A. Edwards, Jr**
U.S. ATTORNEY'S OFFICE FOR THE DISTRICT OF COLUMBIA
555 4th Street, NW
Washington, DC 20001
202-252-7081
**troy.edwards@usdoj.gov**

**Alexandra Stalimene Hughes**
DOJ-Nsd
950 Pennsylvania Ave NW
Washington DC, DC 20004
202-353-0023
**Alexandra.Hughes@usdoj.gov**

**Louis J. Manzo**
DOJ-CRM
1400 New York Ave NW
Washington, DC 20002
202-616-2706
**louis.manzo@usdoj.gov**

**Ahmed Muktadir Baset**
U.S. ATTORNEY'S OFFICE
United States Attorney's Office for the District of Col
555 Fourth Street, N.W., Room 4209
Washington, DC 20530

6

202-252-7097
**ahmed.baset@usdoj.gov**

_____
Jonathon A. Moseley (VSB No. 41058)