IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 22-cr-15-APM-2 |
| v. | : |
| KELLY MEGGS, | : |
| Defendant. | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT KELLY MEGGS'S MOTION FOR DISLCOSURE OF MATTERS OCCURRING BEFORE THE GRAND JURY**

The government opposes Defendant Kelly Meggs's motion to compel the government to disclose all "notes, minutes, transcripts, recordings, and/or exhibits occurring before any session of the Grand Jury." ECF No. 47-1 at 12.

The Court already denied a similar motion filed by former co-defendant Donovan Crowl (ECF No. 382 in case 21-cr-28), which was adopted by Defendant Kelly Meggs (ECF No. 390 in case 21-cr-28). In that motion, the defendants sought to compel the government to disclose the minutes of the legal instructions the government provided to the grand jury in connection with the charges under 18 U.S.C. § 1512(c)(2). ECF No. 382 in case 21-cr-28, at 4.

After full briefing, the Court denied that motion, holding that the defendants had not "made out a 'compelling need for disclosure' of the grand jury minutes." Dec. 20, 2021 Min. Order (quoting *United States v. Williamson*, No. CR 14-151 (RMC), 2014 WL 12695538, at *6 (D.D.C. Oct. 23, 2014) (citing *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979))).

The present motion should meet the same fate. It does not explain any compelling need for disclosure, much less cite *Williamson* or *Douglas Oil* – or even acknowledge the prior litigation on this precise topic. As the government explained in its opposition to the prior motion to compel

1

the disclosure of grand jury minutes, *see* ECF No. 443 in case 21-cr-28, which we adopt and incorporate here, a defendant must surmount a demanding legal burden to present a particularized need for disclosure of grand jury materials. *See, e.g., United States v. Wright*, 234 F. Supp. 3d 45, 47-48 (D.D.C. 2017) ("In this circuit, a defendant must show a 'particularized need' for disclosure …. The threshold for such a showing is very demanding, and the disclosure of grand jury information is 'exceedingly rare.'") (internal citations omitted).

While the prior motion concerned the government's legal instructions to the grand jury, Defendant Kelly Meggs's present motion demands much more, including the length of time the grand jury spent deliberating and the identities of certain grand jurors. He has not presented a compelling reason for the disclosure of any of this information.

The government has already disclosed the grand jury transcripts of the law enforcement witnesses who testified before the grand jury in this case, along with the exhibits introduced to the grand jury by those law enforcement witnesses. In addition, the government has provided the grand jury transcripts of some of the civilian witnesses (with accompanying exhibits) and intends to provide the remainder of such transcripts and exhibits in the near future. Nothing more is required.

Defendant Kelly Meggs's motion contains multitudes of allegedly "false" information that the government presented to the grand jury. The government contests that any false information was presented to the grand jury; however, the instant motion is not the proper forum for resolving such complaints. As noted above, the government will be completing discovery of all grand jury transcripts and exhibits in the near future.

Defendant Kelly Meggs also complains that the government alleged that a different defendant damaged (or depredated) the area of the east Rotunda Doors about twenty minutes

before Meggs allegedly arrived at those doors. Mot. at 23-24. But there is nothing inconsistent or improper with alleging that a defendant damaged the doors at 2:15 pm and that Meggs (and those whom he aided and abetted) also damaged those same doors at around 2:39 pm.

**WHEREFORE**, the United States respectfully requests that this Court deny the motion.

                            Respectfully submitted,

                            MATTHEW M. GRAVES  
                            UNITED STATES ATTORNEY  
                            D.C. Bar Number 481052

By:       /s/  
     Jeffrey S. Nestler  
     Assistant United States Attorney  
     D.C. Bar No. 978296  
     Ahmed M. Baset  
     Troy A. Edwards, Jr.  
     Louis Manzo  
     Kathryn Rakoczy  
     Assistant United States Attorneys  
     U.S. Attorney's Office for the District of Columbia  
     555 4th Street, N.W.  
     Washington, D.C. 20530

             /s/  
     Justin Sher  
     Alexandra Hughes  
     Trial Attorneys  
     National Security Division,  
     United States Department of Justice  
     950 Pennsylvania Avenue, N.W.  
     Washington, D.C. 20004