IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA  ) | |
| ) | No.   1:22-cr-15-11 (APM) |
| v.   ) | |
| ) | |
| EDWARD VALLEJO,   ) | |
| ) | |
| Defendant.   ) | |

## GOVERNMENT'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION
## FOR RECONSIDERATION OF DETENTION

Edward Vallejo is charged by indictment with seditious conspiracy and related offenses for participating in a plot to oppose by force the execution of the laws governing the transfer of presidential power following the 2020 United States Presidential Election, including an attack on the United States Capitol on January 6, 2021. Vallejo was arrested on January 13, 2022. He should continue to be detained pending trial.

Today, the government supplements its previous opposition to the defendant's release (ECF 105) with additional information recently learned by the government that is pertinent to the court's decision to hold the defendant under 18 U.S.C. §§ 3142(f)(2)(B) (case that involves "a serious risk that [the defendant] will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror").

### Evidence of Obstruction

On January 19, 2022, one day prior to his first detention hearing in the District of Arizona, Vallejo spoke on a recorded jail call with another male individual. Among other topics, the male individual informed Vallejo that the government had filed a motion in favor of pretrial detention. *See Vallejo*, 2:22-mj-05032-DMF (D.Ariz); ECF 7. Notably, the male caller described the contents of the motion including this photo of Vallejo (*Id*. at 6) at the Comfort Inn:



The caller described the photo and the memo at large by stating:

> <u>Male Caller</u>: One of the pieces of evidence they added is security camera footage from the Comfort Inn. They are saying it's Ballston, not [indecipherable] or whatever that Virginia city is. The comfort Inn Virginia. They have security camera footage of you with a dolly with two of the black bins with yellow lids. They have a few more communications. They have a few more texts around I think you going to Texas to meet up with Stewart. But there is nothing really more substantial and I'll just say that I'm glad that [PRIOR ATTORNEY] is of the same mind that I am that there are some holes in it. That's what I left [PRIOR ATTORNEY] a voicemail about.
>
> <u>Vallejo</u>: [Sighs] Wow                                             [Exhibit 1]

Later that same evening, Vallejo called his wife on a recorded line. Vallejo discussed his upcoming detention hearing, which was to be held the following day:

> <u>Vallejo</u>: I know part of the conditions of my parole will be no alcohol, no drugs, no this no that, blah blah blah. Go through all of my stuff. Inspect everything and anything that is contraband, give it to [THIRD PARTY].
>
> <u>Wife</u>: Ok. I think I have already done that. I will go through it again
>
> <u>Vallejo</u>: I want you to go through everything. *Especially my satchel in the black container with the yellow top.* (emphasis added)
>
> <u>Wife</u>: Alright

<u>Vallejo</u>: I think you will understand.

…

<u>Vallejo</u>: I don't want anything that is going to jeopardize anything. Alright? You'll see what I am talking about. Make sure you look very good through everything.

[Exhibit 2]

Defense has argued that Vallejo's bins[1] contained "200 lbs of food." ECF 102 at 9. However, if the bins really did contain food, then there would be no need for Vallejo to direct a third party to remove objects from them the day he learned the government was aware of these bins. Further, if the bins really did contain food, there would be no need for Vallejo to cryptically describe the contents of the bin by saying "you'll see what I am talking about." This evidence of attempted concealment of evidence shows an additional threat posed by Vallejo's release.

## Conclusion

In addition to being a danger to the community, Vallejo appears to be obstructing justice *even while held and communicating on a recorded line*. If released, there are certainly no conditions that can assure that he would not attempt further obstruction.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052


By:   */s/ Louis Manzo*
      Louis Manzo
      Special Assistant United States Attorney
      Massachusetts Bar No. 688337
      Ahmed M. Baset
      Troy Edwards
      Jeffrey S. Nestler

---

[1] The government has not recovered the referenced bins.

3

        Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW.
Washington, D.C. 20530

*/s/ Alexandra Hughes*
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue
NW Washington, D.C. 20004

Dated: April 28, 2022