UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 22-cr-15-APM |
| v. | : |
| ELMER STEWART RHODES III, | : |
| KELLY MEGGS, | : |
| KENNETH HARRELSON, | : |
| JESSICA WATKINS, | : |
| ROBERTO MINUTA, | : |
| JOSEPH HACKETT, | : |
| DAVID MOERSCHEL, | : |
| THOMAS CALDWELL, and | : |
| EDWARD VALLEJO, | : |
| Defendants. | : |

**UNITED STATES' OMNIBUS RESPONSE TO DEFENDANTS' MOTIONS
TO DISMISS OR SEVER OBSTRUCTION/TAMPERING COUNTS**

The United States respectfully opposes the defendants' motions to dismiss or sever the counts of the indictment that charge tampering with documents or proceedings, in violation of 18 U.S.C. § 1512(c)(1) (ECF Nos. 90, 91). The Indictment alleges that several of the defendants corruptly destroyed electronic evidence of their participation in the offenses charged in the Indictment, with the intent to impair the integrity and availability of this evidence for use in the Grand Jury investigation into these crimes. ECF No. 1 (Counts Nine through Seventeen). Accordingly, the Indictment pleads facts and allegations that are sufficient to provide notice of the alleged criminal conduct and to state an offense, Fed. R. Crim. P. 12(b)(3)(B)(v), and defendants'

motions to dismiss should be denied. As this alleged conduct also constitutes admissible evidence of these defendants' consciousness of guilt, the trial of the tampering charges should not be severed from the trial of the other counts in the Indictment.

## BACKGROUND

On January 6, 2021, a Joint Session of the United States House of Representatives and the United States Senate convened to certify the vote of the Electoral College of the 2020 U.S. Presidential Election. While the certification process was proceeding, a large crowd gathered outside the United States Capitol, entered the restricted grounds, and forced entry into the Capitol building. As a result, the Joint Session and the entire official proceeding of the Congress was halted until law enforcement was able to clear the Capitol of hundreds of unlawful occupants and ensure the safety of elected officials.

The Indictment alleges that the defendants joined and took acts in furtherance of a plot to oppose by force the execution of specific laws and provisions of the Constitution of the United States governing the transfer of presidential power following the 2020 election, including the January 6 attack on the Capitol. ECF No. 1. After January 6, 2021, several of the defendants are alleged to have destroyed electronic evidence of their involvement in these crimes. *Id.* at ¶¶ 151, 154, 157, 161, 164, 167, 170, 176-177. Based on this conduct, the defendants have been charged with seditious conspiracy, in violation of 18 U.S.C. § 2384; conspiracy to obstruct an official proceeding, in violation of 18 U.S.C. § 1512(k); obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2); and conspiracy to prevent an officer from discharging any duties, in violation of 18 U.S.C. § 372. ECF No. 1. Several defendants are additionally charged with destruction of government property and aiding and abetting, in violation of 18 U.S.C. §§ 1361, 2;

civil disorder and aiding and abetting, in violation of 18 U.S.C. §§ 231(a)(3), 2; and tampering with documents or proceedings, in violation of 18 U.S.C. § 1512(c)(1). *Id.*

On April 15, 2022, Defendant Hackett filed a Motion to Dismiss Count Fourteen of the Indictment, which charges Hackett with tampering with documents or proceedings, in violation of 18 U.S.C. § 1512(c)(1). ECF No. 90. In the event this motion is denied, Defendant Hackett also moved to sever this count, "so that trial on [this count] is conducted before the same jury after trial on [the remaining counts] concludes." ECF No. 91. Defendants Minuta (101) and Harrelson (ECF No. 103) have joined these motions as they relate to the tampering with documents charges against each of them. A hearing on these motions and other Rule 12 motions is scheduled for May 17, 2022, at 1:00 p.m.

## ANALYSIS

None of the defendants' challenges to the tampering with documents or proceedings charges have merit, and the defendants have failed to establish sufficient prejudice to warrant severing these counts. Therefore, the Court should deny the defendants' motions to dismiss or sever.

### I.     The 1512(c)(1) Counts Should Not Be Dismissed.

The counts of the Indictment that allege tampering with documents or proceedings, in violation of 18 U.S.C. § 1512(c)(2), contain sufficient allegations to inform the defendants of the nature of these accusations and to state an offense. These counts should not be dismissed.

### A. Legal Standard

A defendant may move before trial to dismiss an indictment in part or in whole for "failure to state an offense." *See* Fed. R. Crim. P. 12(b)(3)(B)(v). An indictment's main purpose is to inform the defendant of the nature of the accusation. *United States v. Ballestas*, 795 F.3d 138, 148-49 (D.C. Cir. 2015). Thus, an indictment need "only contain 'a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Id.* at 149 (quoting Fed. R. Crim. P. 7(c)). "When testing the sufficiency of the charges in an indictment, 'the indictment must be viewed as a whole and the allegations [therein] must be accepted as true.'" *United States v. Hillie*, 227 F. Supp. 3d 57, 71 (D.D.C. 2017) (quoting *United States v. Bowdoin*, 770 F. Supp. 2d 142, 145 (D.D.C. 2011)). The "key question" is whether "the allegations in the indictment, if proven, are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Id.*

### B. The Indictment adequately charges tampering with documents or a proceeding.

For each defendant charged with tampering with documents or proceedings, the Indictment alleges that, "between on or about January 6, 2021, and on or about [the date of each defendant's arrest], in the District of Columbia and elsewhere, the defendant did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, the Grand Jury investigation into the attack on the Capitol on January 6, 2021." *See, e.g.*, ECF No. 1 at ¶¶ 158, 168, 165. For Defendants Hackett, Minuta, and Harrelson, the Indictment further specifies the specific conduct they engaged in to commit this offense, alleging, "Sometime on or after January 6, 2021," each of these defendants "deleted from [their] cellular telephone[s] certain media, files,

and communications that showed [their] involvement in the conduct alleged" in the Indictment. *Id.* at ¶¶ 157, 164, 167.

In so pleading, the Indictment informs these defendants of the nature of the accusation against them: that they "did corruptly alter, destroy, mutilate, and conceal a record, document, and other object, and attempted to do so, with the intent to impair its integrity and availability for use in an official proceeding, that is, the Grand Jury investigation into the attack on the Capitol on January 6, 2021." *Ballestas*, 795 F.3d at 148-49. The Indictment also sets forth "'a plain, concise, and definite written statement of the essential facts constituting the offense charged,'" *id.* at 149 (quoting Fed. R. Crim. P. 7(c)), by further alleging that they "deleted from [their] cellular telephone[s] certain media, files, and communications that showed [their] involvement in the conduct alleged." ECF No. 1 at ¶¶ 157, 164, 167. Nothing more is needed.

The allegations in the Indictment also are sufficient to state an offense because, "if proven, [they] are sufficient to permit a petit jury to conclude that the defendant committed the criminal offense as charged." *Hillie*, 227 F. Supp. at 71 (quoting *Bowdoin*, 770 F. Supp. 2d at 145). To prove a defendant guilty of tampering with documents or proceedings, the government must prove each of the four following elements beyond a reasonable doubt that: (1) the defendant did or attempted to alter, destroy, mutilate, or conceal, a record, document, or other object; (2) the defendant acted knowingly; (3) the defendant acted corruptly; and (4) the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding. *See* Seventh Circuit Pattern Criminal Jury Instructions; *see also United States v. Sterling*, 860 F.3d 233, 245-46 (4th Cir. 2017) (observing that to secure a conviction under 18 U.S.C. § 1512(c)(1), the government needs to prove that the defendant knowingly and corruptly altered or destroyed a document or object with the intent to impair that document or object's use in an official proceeding

or investigation).[1]  Here, the Indictment alleges that the defendants destroyed evidence of their participation in the offenses charged in the Indictment from their phones, ECF No. 1 at ¶¶ 157, 164, 167, that they did so "corruptly," *id.* at ¶¶ 158, 168, 165, and that there was an "official proceeding" for which this evidence was consequentially not available for use, *id.* at ¶ 150.  These allegations, if proven, are sufficient to make out the elements of 18 U.S.C. § 1512(c)(1), and therefore state an offense.  *Cf. Hillie*, 227 F. Supp. at 71 (quoting *Bowdoin*, 770 F. Supp. 2d at 145).

Defendant Hackett notes that "[t]he indictment does not allege what was deleted from his cellular phone, nor does it allege with specificity when material[s] were deleted."  An indictment need not plead such specific facts, however.  *See Hamling v. United States*, 418 U.S. 87 (1974) (internal citation and quotation marks omitted).  "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."  *Id.* at 117 (citing *United States v. Carll*, 105 U.S. 611, 612 (1882)).

The case of *Russell v. United States*, 369 U.S. 749 (1962), relied upon by the defense (ECF No. 90 at 3), is distinguishable because, there, the words of the statute allegedly violated could not on their own "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished."  *Russell* involved an indictment that charged refusal of a witness to testify or produce papers to Congress, in violation

---

[1] Defendant Hackett suggests, without citing any authority, that "the government must prove that the items deleted [from defendant's cell phone] were material." ECF No. 90 at 5.  While the nature of the deleted evidence is no doubt relevant to the elements of corrupt intent and/or impairing that evidence's use in an official proceeding, the government has not found any authority that requires proof of "materiality" as an element of a violation of 18 U.S.C. § 1512(c)(1).

6

of 2 U.S.C. § 192, but failed to allege the subject matter of the Congressional inquiry in which the witness allegedly refused to answer questions. Because "the very core of criminality under 2 U.S.C. § 192 is pertinency to the subject under inquiry of the questions which the defendant refused to answer," the *Russell* Court held that a violation of that statute cannot be alleged without identifying the subject under inquiry, and an indictment charging that particular crime must therefore identify that fact and not simply plead the words of the statute. 369 U.S. at 764. Courts considering challenging to the sufficiency of an indictment's allegations rarely apply *Russell*. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 105, 110 (2007) (not applying *Russell* to the illegal re-entry statute at issue in that case because guilt did not turn upon "a specific identification of fact"); *United States v. Williamson*, 903 F.3d 124, 131 (D.C. Cir. 2018) (not applying *Russell* to statute criminalizing threats against federal officers); *see also United States v. Apodaca*, 275 F. Supp. 3d 123, 153 n.17, 154-56 (D.D.C. 2017) (not applying *Russell* to statute criminalizing use of firearms in connection with drug trafficking crimes).

This Court should similarly decline to apply *Russell* here. Unlike the statute at issue there, 18 U.S.C. § 1512(c)(1) criminalizes "corruptly alter[ing], destroy[ing], mutilat[ing] or conc]eal[ing] a record, document, or other object, or attempt[ing] to do so, with the intent to impair the object's integrity or availability for use in an official proceeding." The "very core of criminality" under that statute requires no factual context; the mere words of the statute make clear the conduct proscribed. In that way, § 1512(c)(1) is more akin to the terms of the obscenity statute charged in *Hamling*, in which the Supreme Court found, "The legal definition of obscenity does not change with each indictment; it is a term sufficiently definite in legal meaning to give a defendant notice of the charge against him." 418 U.S. at 118. Moreover, the Indictment in this case does *not* simply quote the words of the statute—the 1512(c)(1) Counts at issue in these

7

motions also give a factual summary of how the defendants violated the terms of the statute, alleging that they "deleted from [their] cellular telephone[s] certain media, files, and communications that showed [their] involvement in the conduct alleged" in the Indictment. ECF No. 1 at ¶¶ 157, 164, 167. Thus, the allegations in the Indictment satisfy the notice requirements of Rule 7(c) of the Federal Rules of Criminal Procedure, the Sixth Amendment, and the case law interpreting these provisions.

Counsel for Defendant Hackett observes that "[t]here is no allegation that Mr. Hackett knew, or should have known, about the existence of either a criminal investigation or Grand Jury investigation." ECF No. 90 at 3, n.1. "Moreover," he argues, "the government does not specify when exactly the Grand Jury opened an investigation or when exactly Mr. Hackett deleted items from his cellular phone." *Id.* The defendant ultimately asserts that the government must show these specific facts to successfully prove the defendant acted corruptly. ECF No. 90 at 5. Not true. To be guilty of a violation of Section 1512(c)(1), the official proceedings the defendant allegedly obstructed "need not be either pending or imminent" at the time the defendant sought to obstruct them. 18 U.S.C. § 1512(f)(1). They need only be "foreseen." *See Arthur Anderson, LLP v. United States*, 544 U.S. 696, 707-8 (2005) ("It is, however, one thing to say that a proceeding 'need not be pending or about to be instituted at the time of the offense,' and quite another to say a proceeding need not even be foreseen. A 'knowingly ... corrup[t] persuade[r]' cannot be someone who persuades others to shred documents under a document retention policy when he does not have in contemplation any particular official proceeding in which those documents might be material."). Put differently, there simply needs to be some "nexus between the 'persuasion' to

8

destroy documents and any particular proceeding."[2] *Id.*; *see also United States v. Tyler*, 732 F.3d 241, 248, 249-50 (3d Cir. 2013) (internal citations omitted) ("The Supreme Court's decision in *Arthur Andersen* required that for the government to satisfy the VWPA's witness intimidation section's 'official proceeding' requirement, §1512(b)(2)(A) and (B), it must prove a 'nexus' between the defendant's conduct and a foreseeable particular proceeding.").[3] And, for the reasons stated previously, while the facts and evidence necessary to establish these elements of the offenses must be proved at trial, they need not all be pled in the Indictment.

Regardless, the Indictment alleges such a nexus, by pleading facts showing each defendant's participation in offenses related to the January 6 attack on the Capitol, ECF No. 1 at ¶¶ 1-13, 18-134, by pleading that a grand jury investigation into that attack was convened shortly after January 6, 2021, *id.* at ¶ 150, and by pleading that the defendants sought to destroy evidence of their participation in the offenses that were the subject of that investigation, *id.* at ¶¶ 157, 164, 167. Thus, the indictment pleads sufficient facts to state the offenses of tampering with documents or proceedings charged therein.

---

[2] Although the government must *prove* a nexus between a defendant's conduct and the pertinent official proceeding, the indictment need not *allege* a nexus. *See United States v. Moyer*, 726 F. Supp. 2d 498, 507 (M.D. Pa. 2010) ("While *Aguilar* and *Arthur Andersen* require proof of a nexus in [obstruction] prosecutions, they do not mandate a nexus allegation in a criminal indictment; it is a factual determination appropriately left to the jury."); *United States v. Black*, 469 F. Supp. 2d 513, 543 (N.D. Ill. 2006) (same); *United States v. Gabriel*, 920 F. Supp. 2d 498, 501 (S.D.N.Y. 1996) ("[T]here is nothing in *Aguilar* (a post-conviction case) that requires that the requisite 'nexus' be pleaded on the face of the indictment, in derogation of the hoary doctrine that an indictment that does little more than track the language of the statute is sufficient."); *see also United States v. Potts*, Crim. No. 07-85 (PAM/SRN), 2007 WL 2219392, at *4 (D. Minn. July 30, 2007) ("Whether a nexus exists, *i.e.* whether Defendant knew his actions would obstruct justice, is a jury question.").

[3] Defendant Hackett asserts, without citation, "To demonstrate corrupt purpose, the government must show that Mr. Hackett was aware of the existence of a criminal investigation or a Grand Jury investigation at the time materials were deleted." ECF No. 90 at 5. As discussed above, it is simply incorrect that the government needs to prove the existence of a pending grand jury investigation at the time of the evidence deletion.

## II.     The 1512(c)(1) Counts Should Not Be Severed.

The defendants contend that trying the 1512(c)(1) counts in a single trial with the other counts in the Indictment will cause them undue prejudice. ECF No. 91. Accordingly, they ask that they first be tried on the other counts of the Indictment, and upon conclusion of that matter, that they be tried before the same jury on the tampering counts. *Id.* Because these counts are properly joined with the other counts in the Indictment, and because the evidence of the 1512(c)(1) counts and the evidence of the other counts in the Indictment would be equally admissible in separate trials of each other, the risk of prejudice from the joinder of these offenses is low. Accordingly, this Court should deny defendants' motion to sever.

### A. Legal Standard

Under Rule 14 of the Federal Rules of Criminal Procedure, a court "may order separate trials of counts" if it finds that "the joinder of offenses . . . in an indictment . . . appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). A defendant seeking severance under Rule 14 "carries the burden of demonstrating prejudice resulting from a failure to sever." *United States v. Gooch*, 665 F.3d 1318, 1336 (D.C. Cir. 2012).

In *Zafiro v. United States*, the Supreme Court articulated the standard for showing prejudice under Rule 14. 506 U.S. 534 (1993). Recognizing that Rules 8(b) and 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials," the Supreme Court held that severance under Rule 14 is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro*, 506 U.S. at 539 (internal quoting marks and citation omitted).

The D.C. Circuit has identified three specific types of prejudice that might occur when a defendant is tried for more than one crime by the same jury: (1) "the jury may cumulate evidence of the separate crimes," (2) "the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt," or (3) "the defendant may become 'embarrassed or confounded' in presenting different defenses to the different charges." *Gooch*, 665 F.3d at 1336 (quoting *Blunt v. United States*, 404 F.2d 1283, 1288 (D.C. Cir. 1968)). Risk that the jury will improperly cumulate evidence or infer criminal disposition when a defendant is tried for multiple crimes is "largely absent" when "evidence of each joined offense[ ] would be admissible in a separate trial for the other." *Blunt*, 404 F.2d at 1288 (quoting *Baker v. United States*, 401 F.2d 958, 971 (D.C. Cir. 1968)). In those cases, "the prejudice that might result from the jury's hearing the evidence of the other crime in a joint trial would be no different from that possible in separate trials." *Drew v. United States*, 331 F.2d 85, 90 (D.C. Cir. 1964).

### B. The tampering charges are properly joined and the risk of prejudice is minimal, because evidence of these tampering charges would be admissible in a separate trial for the other counts of the indictment (and vice versa).

As the defense concedes (ECF No. 91 at 3), the tampering charges alleged in Counts Nine through Seventeen of the Indictment are properly joined with the other charges in the Indictment under Rule 8(a) of the Federal Rules of Criminal Procedure. That Rule states:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). The 1512(c)(1) counts against Defendants Hackett, Minuta, and Harrelson allege destruction of evidence of their participation in the offenses charged in the other counts of the Indictment. ECF No. 1 at ¶¶ 157, 164, 167. Accordingly, these offenses are all "connected

with or constitute parts of a common scheme or plan" such that they are properly joined under Rule 8. Fed. R. Crim. P. 8(a).

Defendants contend that the joinder of these offenses creates a risk of all three types of possible prejudice identified by the D.C. Circuit and referenced above—namely, evidence cumulation, improper inferences, and different defenses. *Gooch*, 665 F.3d at 1336 (citation omitted). But only the first of these risks any potential prejudice. Because the "joined" offenses relate to destruction of evidence of the other offenses in the indictment—rather than additional substantive offenses—there is far less of a risk that the joinder of these offenses may cause the jury to "improperly infer a criminal disposition." And because these 1512(c)(1) charges involve, simply, allegations of deletion of evidence from these defendants' phones, it is difficult to understand how the addition of these charges to the trial would cause the defendant to "become 'embarrassed or confounded' in presenting different defenses to the different charges."

With respect to the risk that the joinder of these offenses into one trial may cause "the jury [to] cumulate evidence of the separate crimes," as noted above, this Circuit has recognized that this risk is significantly mitigated when "evidence of each joined offense[ ] would be admissible in a separate trial for the other." *Blunt*, 404 F.2d at 1288 (internal citation omitted). This makes sense. If the evidence supporting the joined charges would be admissible in both severed trials, then severing would serve no purpose. Here, if defendants were tried separately for the 1512(c)(1) counts, evidence of their conduct underlying Counts One through Five of the Indictment would undoubtedly be admissible, because the 1512(c)(1) counts against Defendants Hackett, Minuta, and Harrelson allege that, "Sometime on or after January 6, 2021," each of these defendants "deleted from [their] cellular telephone[s] certain media, files, and communications that showed [their] involvement in the conduct alleged" in Counts One through Five of the Indictment. ECF

No. 1 at ¶¶ 157, 164, 167.  In turn, evidence of the defendants' alleged deletion of evidence from their phones would be admissible in a separate trial of Counts One through Five as evidence of their consciousness of guilt of these offenses since, as the indictment alleges, the deleted evidence "showed [their] involvement in the conduct alleged" in those offense.  ECF No. 1 at ¶¶ 157, 164, 167.  *See Beck v. United States*, 140 F.2d 169, 170 (D.C. Cir. 1943) ("Certainly it is well settled that any act or statement of the accused tending to show consciousness of guilt, including false statements made in an attempt to explain unfavorable facts, is admissible against him to be considered with other evidence in the case.") (citing *Wilson v. United States*, 162 U.S. 613 (1896)).  Indeed, this Circuit has explicitly recognized that there is a logical relationship between one charge alleging the attempted concealment of criminal activity and a second charge alleging the criminal activity itself.  *See United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984).

Accordingly, "the prejudice that might result from the jury's hearing the evidence of [the alleged 1512(c)(1) violations] in a joint trial [with the other charges in the Indictment] would be no different from that possible in separate trials."  *Drew*, 331 F.2d at 90.  The motion to sever these charges should be denied.

## CONCLUSION

For the foregoing reasons, this Court should deny the defendants' motions to dismiss Counts Eleven, Thirteen, Fourteen, and Sixteen, and the Court should also deny defendants' motion to sever their respective tampering counts from the trial of the other counts in the Indictment.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Troy A. Edwards, Jr.
Jeffrey S. Nestler
Assistant United States Attorneys
Louis Manzo
Special Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

_____
Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004

*/s/ James I. Pearce*
James I. Pearce
Appellate Counsel, Capitol Siege Section
United States Attorney's Office
NC Bar No. 44691
555 Fourth Street, N.W.
Washington, DC 20530
James.Pearce@usdoj.gov