UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 22-cr-15 (APM)-7 |
| | ) | |
| JOSEPH HACKETT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**SUPPLEMENT IN SUPPORT OF DEFENDANT'S MOTION TO CONTINUE TRIAL**

Defendant, Joseph Hackett, by and through his undersigned counsel, Angela Halim, Esq., hereby respectfully submits this Supplement in Support of Defendant's Motion to Continue Trial filed by counsel for David Moerschel on May 5, 2022, ECF No. 124.  Mr. Hackett incorporates by reference all of the factual assertions and legal arguments set forth in that motion and provides the following additional information for the Court's consideration.

    1.    **Mr. Hackett Has Not Had Sufficient and Adequate Time to Prepare for Trial in Light of Unique and Complex Circumstances in This Case.**

Mr. Hackett was first charged by way of a Fourth Superseding Indictment on May 26, 2021, and the Court has ordered his trial to begin on July 11, 2022.  Mr. Hackett, by the most generous of calculations, will have less than 14 months to prepare for trial on charges that, if convicted, the government might seek as much as life in prison.  Given unique and unprecedented circumstances, combined with complex legal issues and voluminous discovery, that is not a sufficient or adequate amount of time for Mr. Hackett's counsel to effectively prepare for trial so that he receives the full benefits of his constitutional right to a fair trial.

On paper, it may appear that Mr. Hackett will have had 13 and a half months to prepare for trial, scheduled to begin July 11, 2022. However, for a variety of reasons outlined below, a significant majority of time spent on Mr. Hackett's case early on had little, if anything, to do with trial preparation. The undersigned was appointed to represent Mr. Hackett on June 11, 2021; at that time, Mr. Hackett was detained, his counsel was an Assistant Federal Defender for the Eastern District of Pennsylvania, and the U.S. Marshals and/or Bureau of Prisons was transferring Mr. Hackett from Florida to a detention facility in the District of Columbia. Despite numerous attempts, Mr. Hackett was not able to speak to counsel until June 23, 2021, nearly one month after he had been charged.

At the point that Mr. Hackett was charged in case number 21-cr-28, *U.S. v. Caldwell, et al*, his counsel was in the position of having to get up to speed on a complex case that was already well underway. For reference, counsel's Notice of Appearance was docket entry number 234. In the early months of Mr. Hackett's case, from early June through mid-August 2021, counsel devoted time to learning the case history, investigation and sufficient discovery review to prepare and file a bond motion, and preparation for a contentious and disputed bond hearing. On August 4, 2021, the government returned a Fifth Superseding Indictment and added a new charge against Mr. Hackett.

Between August and November 2021, the government continued to expand the scope of its investigation, there was a constant and frequent influx of new information and additional discovery, and all defense counsel were engaged in legal research and determining what pretrial motions to file. On December 1, 2021, the government obtained yet another superseding indictment, adding new defendants. At this point, the government continued to advise the

defense - and the court - that its investigation was still ongoing and discovery production was still ongoing.

This case is not only unique due to the volume of discovery generated by the massive and national scope of the government's investigation, but the manner and method of discovery production is novel and far from straightforward. In December 2021, the undersigned had a license for and login credentials to Evidence.com, an online database hosted by Axon to make thousands of hours of body-worn camera footage available to all defendants. Learning how to use the database, understanding precisely what material was available on the database, and figuring out how to efficiently conduct searches to locate potentially relevant information was neither a straightforward nor a simple a process. Counsel later obtained a license for and login credentials to yet another online database, Relativity, hosted by Deloitte. Again, the process for accessing, learning, reviewing, and understanding the precise content of the material available through Relativity was neither straightforward nor simple. A significant amount of time has been devoted to just learning new review systems, databases, and technology.

A majority of case-specific discovery was produced via an online file transfer service, USAFx. To obtain the materials produced there, individuals must download files - many of them quite large - from the site and to a computer or external hard drive. A significant amount of time was devoted to simply downloading and attempting organize materials, all while constantly receiving new materials and information. In short, due to the novel methods used to produce an "unprecedent[ed] volume of discovery,"[1] it took a lengthy period of time to simply understand

---

[1] Order of the Court, denying Def.'s Mot. to Continue Trial (ECF No. 66), ECF No. 68, p. 2 ("The court is sensitive to the unprecedent[ed] volume of discovery that this and other January 6th cases have generated.")

from where information was flowing, which agencies generated it, and how to access it before substantive and meaningful review could even begin.

**2.    The Rhodes Indictment Significantly Altered the Timing and Landscape of Mr. Hackett's Case**

When the government obtained the instant indictment, the entire landscape of Mr. Hackett's case changed dramatically. It was not so simple as the addition of one new charge and two new defendants. Mr. Hackett, a chiropractor from Sarasota, Florida, who has no prior military or law enforcement experience, who was not associated with the Oathkeepers organization in any way until the latter half of 2020, now stands charged with conspiring with the leader of the Oathkeepers to commit seditious conspiracy. Previously, the most serious charge against him was conspiring to obstruct an official proceeding on January 6, 2021, in violation of 18 U.S.C. §1512(c)(2). If convicted of all counts, the preliminary guidelines calculation for Mr. Hackett was a total offense level of 29; with a criminal history category I, the resulting advisory range of imprisonment is 87-108 months.

By letter dated May 2, 2022, the government advised Mr. Hackett, through counsel, that if convicted of all counts, the government will take the position that the most analogous guideline to seditious conspiracy is the treason guideline found at U.S.S.G. § 2M1.1, which results in an advisory range of life imprisonment. That factor alone significantly alters the trajectory of Mr. Hackett's case. In addition to the increased exposure and increased potential sentence, the new indictment reflects a change in the government's theory of prosecution. From a legal perspective, seditious conspiracy is a charge that is rarely used, and, as such, a dearth of legal guidance and caselaw precedent exists that is obviously relevant to the facts of this case.

Once the new indictment was issued, much of the discovery review, motion practice, and legal analysis previously completed was rendered moot, or at the very least had to be re-reviewed through a new lens in light of the new charge *and* the government's new theory. Likewise, much of the work previously done regarding analyzing evidentiary issues for trial had to be reconsidered or re-examined. From mid-January 2022 to the present, the vast majority of time has been devoted to pretrial motion analysis, including an entirely new analysis regarding strategic decisions such as whether to move for severance, ongoing discovery receipt, organization, and review, learning and meeting new defendants and co-defense counsel.

### 3. If Mr. Hackett is Forced to Proceed to Trial on July 11, 2022, He Will Suffer Identifiable Prejudice.

Although the undersigned has been diligent in her obligations in preparing Mr. Hackett's defense, the discovery review necessary to be adequately prepared for trial is not yet complete. Between impending deadlines, preparation of trial exhibits and/or witnesses, ongoing investigation, preparation for a motions hearing, out-of-district travel, and outstanding legal research and motion preparation, it is simply not possible to be effectively and adequately prepared for a July 11, 2022 trial date.

Motions *in limine* are due June 3, 2022, in less than one month, and despite the exercise of due diligence, Mr. Hackett will not be prepared to file all necessary motions *in limine* by that deadline. There will be numerous, complex evidentiary issues to resolve. By way of just one example, Mr. Hackett anticipates significant litigation regarding the admission of co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E), particularly in light of the multiple conspiracies charged in the Indictment.

Mr. Hackett's counsel must devote a significant amount of time to jury instructions. As the charges and facts are novel, Mr. Hackett anticipates significant litigation regarding proper jury instructions. He expects there to be first amendment issues to present for jury instructions, and he does not expect that he and the government will agree on the appropriate instruction for the seditious conspiracy statute. Moreover, Mr. Hackett believes there will be issues relating to multiple conspiracies and crucial limiting instructions.

As of this writing, Mr. Hackett has not yet had an opportunity to even begin preparing for cross examination of government witnesses. The undersigned comes before the court with significant trial experience, particularly in complex, multiple-defendant, lengthy federal trials; counsel is well aware what is needed to be prepared for trial. Respectfully, there is simply not enough time remaining to conduct the necessary legal research, draft quality motions *in limine* and jury instructions, prepare to rebut the government's case, and to prepare the defense.

### 4. Mr. Hackett Reserves the Right to Move for a Single, Joint Trial if Circumstances Change

Lastly, Mr. Hackett, through counsel, expressed at the status conference on April 8, 2022, that he intended to move the Court for a single, joint trial rather dividing the case into two, separate trials. Since that time, the undersigned has been advised that it is logistically impossible to conduct a trial with this number of defendants in the federal courthouse for this district. Mr. Hackett believes and asserts that two, separate trials will result in unfairness and potential prejudice to his defense. However, he acknowledges at this point, that a single, joint trial does not appear logistically possible. He therefore reserves the right to raise this issue again if circumstances change, or if he is able to identify a potential and workable solution.

For all the reasons stated herein, and for all the reasons set forth in Def.'s Mot. to Continue Trial, ECF No. 124, Mr. Hackett respectfully urges the Court to grant the motion and continue Mr. Hackett's trial.

Respectfully submitted,

_____/s/ Angela Halim_____
Angela Halim, Esq.,
3580 Indian Queen Lane
Suite 10A
Philadelphia, PA  19129
(215) 300-3229
angiehalim@gmail.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of the foregoing Supplement in Support of Defendant's Motion to Continue Trial was electronically filed with the Clerk of the U.S. District Court for the District of Columbia via CM/ECF. The same is available for viewing and downloading upon the following:

AUSA Jeffrey Nestler
AUSA Kathryn L. Rakoczy
Office of the United States Attorney
555 4th Street, NW
Washington D.C. 20001

                                                                   /s/ Angela Halim
                                                                Angela Halim, Esq.

Dated: May 5, 2022