IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | Criminal No. 1:21-cr-00015 |
| KELLY MEGGS, | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT KELLY MEGGS'S REPLY IN SUPPORT OF HIS MOTION TO TRANSFER VENUE OR CONTINUE TRIAL

The government claims the hearings conducted by the U.S. House Select Committee to Investigate the January 6th Attack on the United States Capitol, "are not about them, nor have the hearings focused on them specifically." Opp. at 8-9 (July 26, 2022) (ECF No. 206). Yet, the Select Committee's July 12, 2022, public hearing was *literally* about the Oath Keepers. As Rep. Jamie Raskin (D-Md) stated, "As we'll see, Donald Trump's 1:42 a.m. Tweet electrified and galvanized his supporters and, especially *the dangerous extremists in the Oath Keepers, the Proud Boys, and the other racists and white nationalist groups* spoiling for a fight against the government."[1]

The government wholly fails to address how the Select Committee's work does not hold any potential for prejudice against Mr. Meggs or his co-defendants. In *United States v. Nordean*, No. 21-cr-175, the so-called *Proud Boys* case, District Judge Timothy Kelly granted a motion requesting continuance so as to avoid prejudicial publicity due to the Select Committee's investigation as well as to allow the Government and the *Nordean* defendants an opportunity to

---

[1] Opening Statements, Press Release, *Select Committee* (July 12, 2022), *available at* https://january6th.house.gov/news/press-releases/thompson-cheney-murphy-raskin-opening-statements-select-committee-hearing.

review potentially relevant transcripts that are expected to be released after the conclusion of the Committee's hearing process.

Without any supporting evidence, the government asserts here that even though they conceded that the Select Committee's hearings have a very high probability of prejudice against the *Nordean* defendants, those same hearings provide no potential for prejudice to the *Rhodes* defendants. *See* Opp. at 7 (July 26, 2022) (ECF No. 206).  The government should not be permitted to contradict itself in *this* case.  In *Nordean*, the government conceded that the timing of the hearing held significant prejudicial potential for the *Nordean* defendants because the actions of the defendants in *Nordean* were specifically discussed by the Committee.  The Committee has explicitly referred to the actions of the Oath Keepers both during Committee hearings as well as in tweets and press releases relating to the hearings.  Members of the Committee have consistently alleged an overlap between the Oath Keepers and the Proud Boys. Again, Rep. Raskin (D-Md), has long alleged a formal alliance between the Oath Keepers and Proud Boys, and has most recently claimed that Enrique Tarrio, a *Nordean* defendant, communicated with Mr. Meggs's lead co-defendant Elmer Stewart Rhodes to coordinate the actions of the Oath Keepers with those of the Proud Boys in a group chat prior to the events of January 6, 2021.[2]  Congressman Raskin also alleged on national television that Mr. Meggs declared an official alliance between the Proud Boys and the Oath Keepers on December 19th at 10:22 A.M after speaking with Mr. Tarrio on the phone.[3]  Similarly, the Committee played Oath Keepers communications from January 6, 2021, and the Committee specifically stated that this

---

[2] *See* Laura Italiano, The January 6 investigators obtained a video of Roger Stone reciting the Proud Boys' 'Fraternity Creed,' the first step for initiation to the extremist group, BUSINESS INSIDER (July 12, 2022) https://www.businessinsider.com/roger-stone-proud-boys-fraternity-creed-video-january-6-committee-2022-7.
[3] *See Here's every word from the seventh Jan. 6 committee hearing on its investigation*, NPR, (July 12, 2022) https://www.npr.org/2022/07/12/1111123258/jan-6-committee-hearing-transcript.

information was gathered from a recording from one of the defendants in this matter, Jessica Watkins, at the June 21, 2022 Committee hearing.[4]

Most importantly, recent publications surrounding the Select Committee and its hearings suggest that the Select Committee may have and intends to make public information concerning the Oath Keepers that the government has yet to obtain, and thus the Rhodes Defendants have yet to receive, that is necessarily material to their case.[5] The Select Committee has interviewed multiple witnesses and asked questions specific to the alleged actions of the Oath Keepers prior to and on January 6, 2021, including sworn testimony from Kellye SoRelle.[6] The *Nordean* Court noted that relevant interview transcripts are expected to be released in early September, and further found that the existence of such evidence combined with the high likelihood of prejudice relating to the recent hearing which focused on the actions of the defendants established the good cause required to grant a continuance.

Finally, the government claims that defense counsel's scheduling conflict – another trial scheduled to occur at the same time as the trial in the instant matter – does not warrant a continuance because, "the government intends to inform Judge McFadden of its lack of opposition to Defendant Klein's motion to be tried separately from his co-defendants for the sole purpose of allowing Mr. Woodward to be available in the present case." Opp. at 14 (July 26, 2022) (ECF No. 206). At the time of filing, however, the government has made no such

---

[4] *See* Maureen Chowdhury et. al, *Jan. 6 committee holds eighth hearing*, CNN, https://www.cnn.com/politics/live-news/january-6-hearings-july-21/h_fd06d12f0f7fce66f32bcd8e39e882b5 (Last Updated July 22, 2022) ("The House select committee played clips from a Jan. 6, 2021, recording of Oath Keepers discussing former President Donald Trump's tweets on a walkie-talkie app[.]").

[5] *See* Kyle Cheney, Jan. 6 committee tees up 20 witness transcripts for DOJ, POLITICO (July 28, 2022), https://www.politico.com/news/2022/07/28/jan-6-witness-transcripts-doj-00048668.

[6] Portions of Kellye SoRelle's interview with the Committee was shown during the July 12, 2022 Committee Hearings. *See* Laura Italiano, *The January 6 investigators obtained a video of Roger Stone reciting the Proud Boys' 'Fraternity Creed,' the first step for initiation to the extremist group,* BUSINESS INSIDER (July 12, 2022) https://www.businessinsider.com/roger-stone-proud-boys-fraternity-creed-video-january-6-committee-2022-7

representation to Judge McFadden and instead opposed Mr. Klein's motion to sever and his co-defendants' motion to continue their own trial.  The government is playing games by waiting to see whether *this Court* grants a continuance *and then* will decide whether to grant a continuance in defense counsel's other case.  Tellingly, the government does not address the scheduling conflict defense counsel has *in both cases* – the anticipated birth of his child in October.  Given that Mr. Meggs *and all of his co-defendants* have consented to a continuance, the government cannot rationally justify its insistence on proceeding to trial as against Mr. Meggs in September.

[SIGNATURE ON NEXT PAGE]

| | |
|---|---|
| Dated: August 1, 2022 | Respectfully submitted, |

                                                                  */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD, LP
1808 Park Road, Northwest
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

                                                                   */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, Northwest, Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

## CERTIFICATE OF SERVICE

On August 1, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                               */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Kelly Meggs*