## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| | ) **Case No. 1:21-cr-00015-APM** |
| **v.** | ) |
| | ) |
| **KELLY MEGGS,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

## DEFENDANT KELLY MEGGS'S REPLY MEMORANDUM
## OF POINTS AND AUTHORITIES IN FURTHER SUPPORT
## OF MOTION TO DISMISS COUNTS 1-3 AND 5

Defendant Kelly Meggs, by and through the undersigned counsel, and pursuant to Federal Rules of Criminal Procedure 12(b)(3)(A)(iv), hereby submits this Reply Memorandum of Points and Authorities in further support of the Motion to Dismiss Counts 1 through 3[1] for selective prosecution the Superseding Indictment, filed July 12, 2022 [ECF 188] and in response to the Government's Opposition filed July 25, 2022. [ECF 203].

### I.    **Background**

---

[1] The Motion to Dismiss seeks to dismiss Counts 1-3, not the entire Indictment for clarification, which may not be clear because in getting finalized it was separated from the other Motion to Dismiss, which makes that clear.

The government submits that the court already dismissed these arguments in earlier decisions, but Defendant Meggs[2] argued 18 U.S.C. § 2384 is Constitutionally Vague as Applied, and cited to the Rule of Lenity, as well as Double Jeopardy an the application of the First Amendment, which is not synonymous with the court's earlier rulings.  Even the government argued at oral argument on May 17th, that there were no arguments before the court on Vagueness as argued by the government. (See Transcript of May 17, 2022 at p. 57 "The defendants haven't challenged this statute on any kind of due process or vagueness grounds, so we don't need to engage in any line drawing here.")  Further the court briefly asked about the Rule of Lenity for Seditious Conspiracy charge, which was not argued by Counsel.  (See Transcript of May 17, 2022 at p. 62)

And despite the court's ruling on June 28, 2022 before this defendant had its opportunity to submit its argument, this Defendant has raised arguments previously not considered, including the First Amendment and the Rule of Lenity, and its application to the language in the superseding indictment that got added on June 22nd in the Superseding Indictment, '*to oppose by force **the authority of the Government** of the United States*' (see S.I. at pars. 15, 16), which further buttresses the argument about the "Execution of the Law" because the term, "The authority of the Government" similarly speaks only to the Executive Branch.

---

[2] The Court's Decision (ECF 176 at p. 4) referred to Meggs' Motion at ECF 82, but that Motion filed by Jonathan Moseley, and was withdrawn orally by counsel as permitted by court at the hearing of June 24, 2022, when the court set the deadline for Defendant Meggs' Motions for July 11th.

## II.    **The Rule of Lenity**

The government argues that the court had found that there was already no "ambiguity" but as this defendant argued, the court 'wished' for the original drafters – which is a recognition of the ambiguity. "So what did Congress intend in 1861? We don't have the members of Congress here to testify. And so what I'm saying, Your Honor, is -- THE COURT: I wish we did."[3]  Further, the court in its June 28, 2022 decision [ECF 176] relies largely upon definitions of the word "execution" and cited to ALEXANDER M. BURRILL, A LAW DICTIONARY AND GLOSSARY 584 (2d ed. 1860) and 'Other dictionaries from that era, are to the same effect." *See also* JOHN BOUVIER, LAW DICTIONARY.  This too reflects that the statute is unclear in its application to congress, not only since the court had to resort to dictionaries, but because the court did not cite to the term "Execution of the Law."

It further evidence that it is not at all clear that the Sedition statute include Congress, especially in dealing with protestors, as synonymous with "the Government," or in "Execution of the law."  The term, the Government always means the Executive.  DOJ is part of the Government, which is why we refer to the Government in prosecutions.  The Court is neutral because it is not part of the Executive Branch and we never refer to the Court, as The Government.  Similarly, Congress is always Congress.  Employees of Congressional representatives work for Congress, not the Government.  They have a Committee known as Government

---

[3] Transcript Of Motion Hearing Proceedings Before The Honorable Amit P. United States District Judge, TR. 63: L.1-5:

Oversight and Reform.  Congress Oversees "the Government."   The Seditious Conspiracy Statute relevant language added in the Superseding Indictment is that "to oppose by force *the authority of the Government* of the United States, and by force to prevent, hinder, and delay t*he execution of any law of the United States*." Both provisions reflect the meaning that the statute is not speaking to Congress because protests  even Mobs are foreseeable at Congress.

It is precisely this lack of clarity, which becomes the relevant point.  It is that question that should be resolved in the Defendant's favor under the Rule of Lenity. Any "ambiguity" as to the meaning of terms in a statute must be construed against the Government and in favor of a defendant under the Rule of Lenity. S*ee, e.g., United States v. Cook,* 594 F.3d 883, 890 (D.C. Cir.), *cert. denied*, 560 U.S. 947 (2010).  *See also United States v. Granderson*, 511 U.S. 39, 54 (1994). (*See* the additional cases cited in Def.'s Motion [ECF 188] at p. 21).

### III.   The First Amendment

In *Jeannette Rankin Brigade v. Chief of Capitol Police*, 342 F. Supp. 575 (D.D.C.), aff'd, 409 U.S. 972, 34 L. Ed. 2d 236, 93 S. Ct. 311 (1972), Judge McGowan, Circuit Judge, issued the opinion that struck former 40 USCS § 193g on constitutional grounds:  'Vagueness and overbreadth, although related are separate concepts having their immediate foundations in the Fifth Amendment due process clause. The First Amendment has its own force, however, independently of due process concepts such as vagueness and overbreadth. A statute which directly impinges upon rights granted in that Amendment may be found constitutionally

defective without resort to due process formulations. We think that is the case here, although the result we reach would also be compelled by due process considerations of overbreadth.' *Id.* at 582.

The court explained, that "…[t]he Court felt that the integrity of the judicial process could not survive in an atmosphere of **mob excitement**. But while, as Judge Bazelon said (dissenting in Jeannette Rankin, supra), "traditionally, the judiciary does not decide cases by reference to popular opinion," **the fundamental function of a legislature in a democratic society assumes accessibility to such opinion**. *Id.* at 584 (emphasis added).

The government argues that "Defendant is somehow immunized by the First Amendment" but that is not the argument. (See 203 at p.3.) The allegations in the Superseding Indictment lack the fundamental premise set forth by Edwards, supra, as required. Superseding Indictment ¶ ¶ 15, 16. *See Edwards v. S. Carolina*, 372 U.S. 229, 238, (1963) ("A three step analysis is required for resolving free speech claims on public property."). This Court, therefore, must undertake that analysis. *See Texas v. Johnson*, 491 U.S. 397, 406-07 (1989) ("'A law directed at the communicative nature of conduct must, like a law directed at speech itself, be justified by the substantial showing of need that the First Amendment requires.'

And that analysis would further emphasize the vagueness of this statute, and its ambiguity, as applied to protestors or even to a riot, and even a Mob. Instead these defendants are treated as if they acted in some vacuum, and there were no political events with the Incumbent President that day and at Congress for

5

scheduled events, and that they attended the rally, as well assisted at the events, and even though it became a Mob at Congress later, which is why the First Amendment matters here.

## IV.    <u>Double Jeopardy</u>

The government argues that because "the statutes have different requirements: Seditious Conspiracy requires *an agreement to use force*; conspiracy to obstruct and official proceeding does not."  (See Opp. at ECF 203 at p. 4). However, the government's Superseding Indictment still charges the 20th Amendment as part of the "conspiracy" to support its claim that the Defendants tried to stop the "lawful transfer of power."  (See ¶ 1, Superseding Indictment).  The court also found on July 11th, that "[a]s written, the Twentieth Amendment contemplates no "execution" to come into effect. That is, the Amendment does not call for the "completion of an act or proceeding, by which it is rendered operative or effectual." It is fully self-executing."  (ECF 176 at p. 20).

But the point is that it is precisely because the 20th Amendment does not apply that there are *no facts* that are distinct to support these 3 counts charged (Obstruction of Justice and Seditious Conspiracy), as each count against Mr. Meggs criminalizes the same conduct.  For instance, the facts related to the alleged QRF w were included in the Obstruction Charge, as are all of the text messages under the gov ernment's theory that alleged coordination related to preventing the occurrence of the ECA.  Under this test, "unless each statute requires *proof of an additional fact* which the other does not, the Double Jeopardy clause prohibits successive

prosecutions." *Brown v. Ohio*, 432 U.S. 161, 166 (1977) (emphasis added); (see Defs' Motion at ECF 188).

## V.    <u>Count 5</u>

As to Count 5, to date there has been no discovery produced that undersigned counsel is aware of, to show that Kelly Meggs damaged any property himself or how he aided or abetted others in doing so, therefore, the government should proffer or produce a Bill of Particulars as to where and/ when and he how he did so.

For all of the foregoing reasons, and as further set forth in the Motion to Dismiss Counts 1-3 at ECF 188, it is therefore, respectfully requested that this court dismiss these Counts.

Dated: August 1, 2022                      Respectfully submitted,


<u>/s/ Stanley E. Woodward, Jr.</u>
Stanley E. Woodward, Jr.
(D.C. Bar No. 997320)
Brand Woodward Law, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

<u>/s/  Juli Z. Haller</u>
Juli Z. Haller, (D.C. Bar No.466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

Counsel for Defendant Kelly Meggs

<u>**Certificate of Electronic Service**</u>

I hereby certify that on August 1, 2022, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF System, with consequent service on all parties of

record.

/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com