**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-15 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| **KELLY MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **JESSICA WATKINS,** | : | |
| **ROBERTO MINUTA,** | : | |
| **JOSEPH HACKETT,** | : | |
| **DAVID MOERSCHEL,** | : | |
| **THOMAS CALDWELL, and** | : | |
| **EDWARD VALLEJO,** | : | |
| | : | |
| **Defendants.** | : | |

## GOVERNMENT'S MOTION TO EXCLUDE DEFENSE EXPERT TESTIMONY DUE TO INSUFFICIENT NOTICE

Under the terms of the Court's Pretrial Scheduling Order, ECF No. 133, expert notice by the defense was due on Friday, July 22, 2022, and any opposition by the government is due today, August 12, 2022.   Because the expert notice received to date has been insufficient to provide the government with any understanding of the opinions or conclusions to which the defense experts would testify, the government respectfully submits that such testimony should be excluded.

Under Rule 16(b)(1)(C) of the Federal Rules of Criminal Procedure, if the government has complied with its expert notice obligations and has made a request of the defense to do the same, the defense must provide the government with a written summary of any expert testimony it plans to introduce at trial.   "This summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications[.]"   Fed. R. Crim. P. 16(b).

1

The government provided expert notice by the Court's deadline of June 23, 2022, and provided supplemental expert reports and Jencks materials on August 11, 2022. The government has requested reciprocal expert notice and discovery from the defense. In its initial formal discovery letter dated March 24, 2021, the government wrote: "We request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries." *United v. Caldwell*, No. 21-cr-28-APM, ECF No. 101. For any defendants charged after that date, a copy of this letter was provided with the initial copy of discovery materials.

On July 22, 2022, Defendants Rhodes and Caldwell provided letters noticing two possible expert witnesses: one forensic data expert and one constitutional law expert. While these notices provided the names and CVs for these witnesses and outlined some general topics that might be discussed during these potential expert witnesses' testimony, they did not articulate any particular opinions or conclusions to which these experts would testify. However, on August 11, Defendants Rhodes and Caldwell also provided updated expert notice to government, in which they clarified that both of these expert witnesses are unlikely to testify: the constitutional law expert is unavailable for trial, and the proffered expert in forensic data will serve as more of a consultant to the defense during trial than as a testifying witness (and may testify only to rebut unexpected conclusions from the government's forensic expert on cell phones). Should that change for some reason, the government reserves the right to object if and when notice is given regarding these two witnesses.

On August 8, Defendant Harrelson wrote to government counsel to notice three possible experts: (1) one counter intelligence expert, (2) one expert on facilities vulnerability assessments, security systems and procedures, and assessing and modeling threat scenarios for high value facility targets, and (3) one expert regarding police force and response.   Defendant Harrelson did not provide the names, CVs, or proffered topics or opinions of any of these potential experts.   No expert notice has been provided by Defendants Meggs or Watkins, although counsel for Defendant Meggs stated on the record at the last hearing that they were exploring possibilities for expert testimony.

The D.C. Circuit, quoting 1993 advisory committee's note when amending Rule 16, pointed out that the "purpose of Rule 16(b)(1)(C) is to 'minimize surprise that often results from unexpected expert testimony, reduce the need for continuances, and to provide the opponent with a fair opportunity to test the merit of the expert's testimony through focused cross-examination.'" *United States v. Day*, 524 F.3d 1361, 1372 (D.C. Cir. 2008).   In *Day*, the court affirmed the trial court's exclusion of a defense expert because of insufficient notice.   *Id.*

As another court in this District has explained, "Rule 16(b)(1)(C) is designed in part to permit a fair opportunity for the government to prepare for and test the value of any expert testimony."   *United States v. Gray-Burriss*, No. 10-cr-178 (RWR), 2012 WL 5193679, *1 (D.D.C. Oct. 17, 2012).   "[A]llowing a defense expert to testify without allowing the government its fair chance to prepare for and to test the witness would undermine the truth determining function of the trial process by unduly constraining the government's ability to prepare for proper cross-examination."   *Id.*

In cases where a party has failed to comply with the discovery rules, the D.C. Circuit, citing Supreme Court precedent, has held that "the exclusion of evidence and testimony can be a proper sanction, even against a criminal defendant." *Day*, 524 F.3d at 1372. Such a sanction may be appropriate, even if the defense counsel has not acted in bad faith. *Id.*; *United States v. Johnson*, 970 F.2d 907, 911 (D.C. Cir. 1992).   In determining whether the appropriate sanction for an expert notice violation is exclusion, courts have noted that the time period for trial preparation is a relevant factor.   "The interest of a fair and efficient administration of justice counsels against opting to delay the trial due to the defendant's failure to abide by the rules designed to facilitate a fair exchange of relevant materials." *Gray-Burriss*, 2012 WL 5193679, *1.

Applying the principles outlined above to the instant case, the Court should preclude any expert witnesses or testimony offered by Defendant Harrelson for failure to comply with Rule 16(b)(1)(C).   As explained above, the government understands that none of the other four defendants in the September trial group presently intends to offer expert testimony.

WHEREFORE, the United States respectfully moves this Court to preclude any expert testimony by the defense at the trial scheduled to begin on September 26, 2022.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:    _____
Kathryn L. Rakoczy
D.C. Bar No. 994559
Assistant United States Attorney
Ahmed M. Baset
Louis Manzo
Jeffrey S. Nestler

4

Troy A. Edwards, Jr.
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street, N.W.
Washington, D.C. 20530


_____/s/_____
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004