UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD VALLEJO,<br>　　　　　　　　　*Defendant*. | No. 22-cr-15 (APM) |

**OPPOSITION TO CERTAIN MOTIONS *IN LIMINE* IN ECF 214**

Defendant Edward Vallejo respectfully submits this opposition to certain motions *in limine* presented by the government in ECF 214.

**I.   Motion in Limine No. 2: Evidence and Argument "Pertaining to the Actions of Other Rioters or their Charges and Case Dispositions."**

The government has asked the Court to "exclude any evidence or argument pertaining to charges or dispositions in other January 6 cases," ECF 214 at 5, as well as references to "prosecutions of rioters in Portland, Oregon," *id*. Mr. Vallejo respectfully opposes this broad request. For Mr. Vallejo, who never stepped foot on the Capitol grounds, much less entered the building, the central question for the jury will be whether he had the *mens rea* reflecting a specific intent to support others' attempts to interrupt the certification process and to oppose the authority of the U.S. government by force, as opposed to just supporting public protesting in general. Relevant to this question is the fact that there are misdemeanor criminal prohibitions against "demonstrating" and "parading" (i.e., protesting) in the U.S. Capitol that are regularly violated by well-meaning protesters within the mainstream of U.S. political discourse, and which are appropriately charged as such by prosecuting authorities, including in hundreds of January 6th

1

cases.[1] Charges under these statutes, which lack the *mens rea* necessary for seditious conspiracy and obstructing a proceeding, have been approved by the government in numerous statements of offense in January 6th cases, as well as numerous other Capitol Hill protests.

That there were demonstrators in the U.S. Capitol on January 6th that even the government believes fit the fact pattern for misdemeanor unlawful demonstrating, but not obstruction of a proceeding, is highly relevant to the question of Mr. Vallejo's intent when he spoke positively of the protestors and expressed a desire to repeat the Capitol Hill protests the next morning, after the certification was complete. Evidence of a long tradition of public protests in the Capitol, of a history by the government of charging protesters under misdemeanor unlawful demonstration statutes, and of the government doing so even for protestors observed on television by Mr. Vallejo on January 6th, all support an inference that Mr. Vallejo's expressions of support for protestors and of an intention to continue protesting after the certification reflect a general support for public protests of the kind that even the government believes falls within traditional American civil disobedience, not a felonious intention to commit obstruction of a proceeding or seditious conspiracy.

## II.    Motion in Limine No. 3: Argument and Evidence Pertaining to Defendants' Diminished Physical Capacity

The government has moved to exclude evidence of defendants' diminished physical capacity, stating that "[n]o defendant has provided notice, timely or otherwise, to the government

---

[1] *See, e.g.*, Reuters, *Protestors, lawmaker arrested in Senate building sit-in over immigration* (June 28, 2018), *available at* https://www.reuters.com/article/us-usa-immigration-protests/protestors-lawmaker-arrested-in-senate-building-sit-in-over-immigration-idUSKBN1JO173 (stating that "575 people were charged with unlawfully demonstrating"); Doug Stanglin & Caroline Simon, USA Today, *'Rise up, women!': Angry crowds flood Capitol Hill to protest Brett Kavanaugh nomination* (Sep. 28, 2018), available at https://www.usatoday.com/story/news/2018/09/28/brett-kavanaugh-hearing-protesters-christine-blasey-ford/1453524002/ (describing arrests of "[a]ngry protesters [who] marched and shouted in, around and through the marbled buildings that dot Capitol Hill").

that they intend to proffer evidence relating to physical ailments," and that "[n]one of the offenses alleged in the indictment require physical acts" or "physical fitness" "to complete." ECF 214 at 8. However, there is no requirement in the federal rules to provide notice of an intent to present evidence regarding physical, as opposed to mental, ailments, and the government cites no authority otherwise. Moreover, even if it is *possible* to join a seditious conspiracy to oppose with force the mighty strength of the United States government regardless of physical ailments, it is clearly highly relevant to assessing whether someone did in fact join such a conspiracy to consider the extent to which the person had physical ailments that would make it ankhard for him or her to participate in physically-demanding, hostile conflicts. Likewise, simply knowing the physical ailments someone is dealing with is important for understanding the things that occupied the person's mind at the relevant time period, and for assessing the person's words and actions. Accordingly, the government's blanket request to exclude all discussion of physical ailments should be denied.

## CONCLUSION

For the foregoing reasons, Defendant Vallejo respectfully requests that the Court deny the second and third motions *in limine* in ECF 214.

August 12, 2022

Respectfully submitted,

/s/ Matthew J. Peed
Matthew J. Peed (D.C. Bar No. 503328)
CLINTON & PEED
1775 I St. NW, Suite 1150
Washington, D.C. 20006
(202) 919-9491 (tel)
(202) 587-5610 (fax)

*Counsel for Defendant Edward Vallejo*