IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Criminal No. 1:22-cr-00015-APM )  ) |
| v. | ) ) |
| **KELLY MEGGS,** | ) ) |
| Defendant. | ) ) ) ) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Criminal No. 1:21-cr-00028-APM )  ) |
| v. | ) ) |
| **CONNIE MEGGS,** | ) ) |
| Defendant. | ) ) ) ) |

**DEFENDANTS' REPLY TO GOVERNMENT OPPOSITION TO
DEFENDANTS' JOINT MOTION IN LIMINE**

Defendant Kelly Meggs, by and through the undersigned counsel, hereby files this Reply Memorandum to the government's submission at ECF 248 in further support of Connie and Kelly Meggs's Motion in Limine (*Rhodes* ECF No. 221) (*Crowl* ECF No. 719) to bar reference at trial to the protected marital privilege communications on the basis of the marital communication privilege, on the basis of the crime-fraud exception both not applying to

marital communications in the D.C. Circuit, on the basis of the government failing to meet the burden of proof required to assert the crime-fraud exception to privilege, and on the basis that the material is barred under FRE 403 on the basis that the information is unfairly prejudicial. In support, counsel states the following:

1. The Government signified in correspondence with counsel their intent to introduce text messages between Connie and Kelly Meggs.

2. Mr. and Mrs. Meggs filed a joint motion in limine on July 29, 2022 (*Rhodes* ECF No. 221) (*Crowl* ECF No. 719).

3. The Government filed its Opposition and Response to Rhodes ECF No. 221 and Crowl ECF No. 719 on August 12, 2022. (ECF 248).

4. In ECF 248, the Government states "the FBI recovered and searched Defendant Kelly Meggs's iPhone. The extraction from the iPhone shows that, on the night of Tuesday, November 3, 2020 (election night), at 7:54 PM EST, Kelly Meggs wrote two messages to a group text chain called 'Family chat' containing his wife (and alleged co-conspirator) Connie Meggs and his then-21-year-old son Zack Meggs, the contents of which the government included in its filing. (ECF 248, p. 1).

5. The Government acknowledges that consistently, at least one member of the purported group chat, Danielle Meggs, was dropping off of the group chat between October 30, 2020 and November 1, 2020. (ECF 248, p. 2).

6. The Government maintains that Zack Meggs sent text messages in the purported group chat approximately one hour before and eighteen minutes after the messages between Connie and Kelly Meggs referenced herein at Paragraph 4. (ECF 248, pp. 2-3).

7. The Government does not, however, state that Zack Meggs ever received, or acknowledged having received the messages referenced in the government's filing. (*See generally* ECF 248).

8. The Government argues that the messages referenced herein at Paragraph 4 are not privileged under the confidential marital communications privilege because "the presence of [Zack Meggs] negates the presumption of privacy." (ECF 248, p. 4 (quoting *Perreira v. United States*, 347 U.S. 1, 6 (1954)).

9. The Government further notes that a spouse's belief that a communication would get read by persons other than his spouse negates the confidential marital communications privilege. (ECF 248, p. 5).

10. The Government submits that because Mr. and Mrs. Meggs maintained a private message chain, over which the two exchanged roughly 5000 messages, (ECF 248, p. 2), *the messages in question* must have been intended for someone other than each other.

11. The Government fails to establish, despite having every opportunity to do so, that Mr. Meggs intended to relay the information to Zack Meggs, nor that Zack Meggs ever actually received these messages.

The Government's proffered proof that Mr. Meggs's messages were not privileged is that "[Zack Meggs] had been text with both of his parents *on the same thread* just before and after Kelly Meggs sent the messages. And the use of the plural *guys* in Zack Meggs's 8:12 PM EST message. . . indicates that he was addressing both his parents when he sent his message, which is further evidence that all three were on the same text thread." (ECF 248, p. 5) (emphasis in original).

12. The Government has not proffered evidence that Zack Meggs ever actually received the messages referenced herein in Paragraph 4.

13. The Government has access to the most sophisticated technology and forensic experts yet does not point this court to any electronic evidence confirming Zach Meggs's receipt of the messages in question.

14. Nor has the Government has not proffered evidence that Kelly Meggs intended to send the messages referenced herein in Paragraph 4 to the family group chat rather than to only his wife. Without any evidence to suggest otherwise, Mr. Meggs had a reasonable expectation that the messages referenced herein in Paragraph 4 were private and confidential communications between himself and his wife.

15. Further, the report which the Government relies upon to assert their arguments relating to the messages referenced herein in Paragraph 4 makes clear that "only husband and wife were the participants were on the

4

subject date and time, 11/3/2020 between 7:11:42 and 7:55:04, despite the fact that the family had a family group chat/plan. On the day in question, 11/3/20 the texts are between +………..14 Connie and +……….00 Kelly Dad (owner)." (*Rhodes* ECF 221, p. 3).

16. With evidence to support the claim that only Mr. and Mrs. Meggs were involved in and received the messages, these messages were sent in confidence of their marriage and are thus privileged and cannot be introduced as evidence at trial.

17. The Government further argues that the messages fall within the crime-fraud exception to privilege. (ECF 248, pp. 5-6).

18. The Government relies upon case law from other Circuits to make their argument that the crime-fraud exception applies. (ECF 248, pp. 5-6).

19. The crime-fraud exception is not applicable, as there is a circuit split on the application of the crime-fraud exception.  The D.C. Circuit applies a unique standard for the crime-fraud exception, and the government must "offer[] evidence that if believed the by the trier of fact[,] would establish the elements of an ongoing or imminent crime or fraud." *In re Grand Jury*, 475 F.3d 1299, 1305 (D.C. Cir. 2007).  This is a different standard than the cases which the Government cited.

20. The Government has not proffered evidence that the messages were made as part of any ongoing or imminent crime or fraud.  The

Government's own filing makes clear that Mrs. Meggs's response to the initial messages rebut any sort of involvement in a crime. (ECF 248, at 1). On November 3, 2020, the date the messages are alleged to have been sent, there could have been no ongoing criminal conspiracy to oppose the transition of presidential power, as Joe Biden's victory in the election would not be called by any news source until November 7, 2020.

21.     Further, any conversation between the spouses was, at most, rhetorical hyperbole, as is commonly employed in emotional political conversations.  The Courts have long held that rhetorical hyperbole cannot be used on its own for the purpose of establishing criminal liability.  *See Farah v. Esquire Magazine*, 736 F.3d 528, 535-536, 407 U.S. App. D.C. 208, 215-216 (D.C. Cir. 2013).

22.     As such, the crime-fraud exception does not apply to remove the privilege of the communications at issue between Connie and Kelly Meggs.

23.     The communication is prejudicial and not probative under FRE 403 because the messages got sent on November 3, 2020, from 7:54:23 PM to 7:55:41 PM, at a time that no one knew whether Trump would win or not, and at a time that is outside the period of the alleged conspiracy (see Indictment at ¶ 2), therefore highly prejudicial, while not sincerely probative.  Further pursuant to Rule 404(b), these communications do not actually constitute a 'bad act,' because the messages are not a published

6

threat, and assuming arguendo that Zach was on the text, simply constitutes political rhetoric on a political night, when people, as a general matter, say all kinds of things about those they support and those they do not.  Just ask Kathy Griffin.[1]

WHEREFORE, Defendants Kelly and Connie Meggs respectfully request that this Court grant their Motion in Limine to bar reference at trial to the protected marital privilege communications on the basis of the marital communication privilege, on the basis of the crime-fraud exception both not applying to marital communications in the D.C. Circuit, on the basis of the government failing to meet the burden of proof required to assert the crime-fraud exception to privilege, and on the basis that the material is barred under FRE 403 and FRE 404(b) on the basis that the information is unfairly prejudicial.

**[SIGNATURE ON NEXT PAGE]**

---

[1] *Kathy Griffin retweets pic of bloody 'decapitated' Trump head after president claims victory in 2020 election*, The Sun, by Tariq Tahir, 10:23 ET, Nov 4 2020 https://www.the-sun.com/news/1742978/kathy-griffin-decapitated-trump-head-election/

Dated: August 19, 2022              Respectfully submitted,

/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com


/s/ *Stanley Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendants Kelly Meggs and Connie Meggs.*

**Certificate of Electronic Service**

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

/s/ *Stanley Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com
