IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **v.** | ) |
| | ) **Criminal No. 1:22-cr-00015-APM** |
| **KENNETH HARRELSON** | ) |
| | ) |
| **Defendant** | ) |
| | ) |
| | ) |
| | ) |

**DEFENDANT KENNETH HARRELSON'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION IN LIMINE
TO EXCLUDE INADMISSIBLE OR UNDULY PREJUDICIAL
ANTICIPATED TRIAL EVIDENCE**

Defendant, Kenneth Harrelson, by and through undersigned counsel, hereby moves the

Court to exclude from the proceedings at trial any testimony, derivative evidence, references to

or argument upon the following matters.

In introduction, Harrelson would like to note that elsewhere he argues for a complete

picture of all relevant information to be presented at trial. But, here, Harrelson opposes

incomplete, partial information, and demands that unless the entire story is put into evidence

under the doctrine of completeness misleading and partial contents and summaries that are

inaccurate should not be permitted. But this position is consistent. The Government can cure

these defects in most cases by presenting the full and complete documents, disclosures, etc.

Federal Rules of Evidence, Rule 403, provides:

> The court may exclude relevant evidence if its probative value is
> substantially outweighed by a danger of one or more of the following:
> unfair prejudice, confusing the issues, misleading the jury, undue
> delay, wasting time, or needlessly presenting cumulative evidence.

Rule 106. Remainder of or Related Writings or Recorded Statements, provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time.

According to the Legal Information Institute of Cornell Law School's legal encyclopedia "WEX", [1]

> …. This additional evidence is called explanatory evidence, and its purpose is to qualify, explain or put in context the original piece of introduced evidence.

> The explanatory writing does not have to be part of same writing or recording. Additionally, even otherwise inadmissible evidence, such as hearsay, can be admissible under this rule if it is necessary to correct any confusion or wrongful impression created by the admission of the original evidence.

As the government submitted in its Motions in Limine, Seditious Conspiracy under 18 § U.S.C. 2384 is a specific intent crime, as is obstruction under 18 § U.S.C. 1512(c). *United States v. Rahman*, 189 F.3d 88, 130 (2nd Cir. 1999); *United States v. North*, 910 F.2d 843, 881 (D.C. Cir. 1990). Knowingly entering a restricted area is a specific intent crime under 18 U.S.C. 1752(a)(1) requiring knowing that an area is restricted (which requires knowing the boundaries of the area) and knowingly entering a restricted area without authorization. Destruction of government property under 18 U.S.C. 1361 is a specific intent crime ("Whoever willfully…")

At the outset, we should remember that the Honorable Judge Amit Mehta in a motion hearing on April 8, 2022, repeatedly and strenuously emphasized that everything in this case is

---

[1]

https://www.law.cornell.edu/wex/doctrine_of_completeness#:~:text=Doctrine%20of%20Completeness.%20Under%20Rule%20106%20of%20the,with%20the%20writing%20or%20recorded%20statement%20originally%20introduced.

about the Defendant's intent. Judge Mehta then ruled on that basis upon several motions as to a continuance and accelerated discovery procedures. That is, the idea that this case is about intent was not a random or idle thought but a necessary part of important rulings. Judge Mehta sought to narrow the scope of the trial. The intent specified in each statute is required because it is an explicit element of the crimes that must be proven beyond a reasonable doubt. The Defendants are not guilty if the necessary intent is not proven beyond a reasonable doubt, including the possibility of alternate explanations for each action. Furthermore, conspiracy specially requires a showing of the relevant intent specified in each charge.

Harrelson's proposed limitations address the very core of the prosecution's case.

Counsel for Kenneth Harrelson has tried to consistently advise and warn the Court of the train wreck of the inadequacy of discovery disclosures and *Brady v. Maryland* disclosures that threaten the Court's trial schedule and the validity of the prosecution case. If, as is highly likely, any conviction is reversed on appeal, the main reason will be the failure of the Government to provide required discovery not only to an adequate degree but also on a timely schedule making it possible for Defendants to follow up with investigation and interviewing potential witnesses and available information which come to light through such disclosures. The opportunity to simply glance at documents a few days before trial is wholly insufficient to allow Defendants to identify witnesses or prepare for cross-examination.

Consider the progress of the Kyle Rittenhouse trial in which the strongest witnesses for Rittenhouse's innocence were witnesses called by the prosecution there, but subject to cross-examination with pertinent videos and photographs that forced the prosecution witnesses to concede that Rittenhouse's account was accurate. Because of disclosures in sufficient time to allow for investigation, effective cross-examination became possible (the bare minimum required

of due process) and the prosecution witnesses ended up proving Rittenhouse's actual innocence.

Harrelson and Kelly Meggs and others have consistently tried to give the Court plenty of advance warning of the problems with these disclosures and hope for the opportunity to have the problems corrected rather than just complained about. These problems have been presented to the Court early and often.

## I.      NO CONSPIRACY WITH PROUD BOYS OR ANY OTHER GROUP

The Government has latched on to a recent hypothesis that the Proud Boys and Oath Keepers entered into some alliance and "led" an "attack" on the U.S. Capitol. But recall that the Government's story keeps changing, without an apology, acknowledgement or mea culpa. We are now on the fifth or sixth inconsistent story among nine indictments. The case began by claiming that Thomas Caldwell was the mastermind and leader of the Oath Keepers, a story now buried with the hope that no one will notice how wrong the Government was out of the gate.

This is serious. It is often said that once a person charged with a murder is acquitted or charges dropped due to new evidence, no one else can be prosecuted for the same murder later. If the Government was so certain that the first defendant was guilty beyond a reasonable doubt that that hypothesis becomes the reasonable doubt as to trying to be just as certain about a new, different defendant. Now, the certainty with which the USAO proclaimed that Thomas Caldwell was the kingpin of the January 6 demonstrations leading the Oath Keepers, makes it now impossible to avoid reasonable doubt as to the Government's latest, inconsistent hypothesis.

The latest attempt to pretend that the facts fit some theory of criminal guilt is of a Proud Boys – Oath Keepers hypothesis. But unless counsel missed something, the Government has not provided any *Brady* disclosures or discovery relating to the Proud Boys and their role in that supposed alliance.

This close to trial, the Court should order that prosecution may not introduce, refer to, or argue from any evidence or claim that the Oath Keepers did anything with the Proud Boys, because there have been no disclosures about this theory with regard to the Proud Boys.

The same request would be in order with regard to any other group like the so-called Three Percenters.

## II.    AIDING AND ABETTING UNKNOWN PERSONS IN UNKNOWN WAYS

We should be clear-eyed.  Harrelson will be found not guilty by any fair, unbiased jury who pays attention and is unswayed by emotional histrionics under fair trial procedures. Prosecution may not simply prove that "maybe" a criminal defendant might be guilty.  The prosecution may not try to prove that someone in a crowd of 10,000 people did something, so therefore it must have been Kenneth Harrelson who did it.  The prosecution cannot even point to the internal trash talk others indulged in by Harrelson.  The only hope the prosecution has is the amorphous, non-specific charge of aiding and abetting.

So the same considerations as in section I above would be in order with regard to unknown and unspecified persons that these Defendants supposedly aided and abetted.  The prosecution has insisted they can prosecute charges of aiding and abetting without revealing whom the Defendants aided and abetted and how.  Indeed, at times the USAO seems to get this reversed and think that if others aided and abetted these Defendants that that would support a charge under 18 U.S.C. 2 of someone else aiding and abetting Harrelson.

However the Government violates its *Brady* obligations with regard to who and how Harrelson aided and abetted.  Therefore, the Court should order that the prosecution may not introduce evidence, argument or criminal claims of aiding and abetting.

Knowing who Harrelson allegedly aided and abetted would very likely present or lead to exculpatory evidence. If the Government tries to prove at trial that Harrelson aided and abetted a "John Q. Public," but that same "John Q. Public" is called to the witness stand and answers "No, I had nothing to do with that guy, what I did I did on my own, he didn't aid and abet me in any way, I didn't even notice he was there," that testimony would clearly be exculpatory.

The failure to disclose the identity of those whom the prosecution believes Defendants aided and abetted – so that Harrelson cannot call them as witnesses to refute the claim – is a clear violation of *Brady v. Maryland.* The case is subject to dismissal.

Similarly, Harrelson has pointed from the video security video and crowd members' video who need to be identified and asked for more information.. These are largely people directly in the vicinity of Harrelson during events on January 6, 2021.[2] Therefore, the Suspicious Actors about whom Harrelson is asking for information, are almost all valuable and material witnesses as to whether the Defendants aided and abetted anyone, including as to how they aided and abetted anyone, which would lead to the conclusion that the Defendants did not, in fact, aid and abet anyone at all.

Therefore, the Court should order that the prosecution may not introduce any evidence, make any argument, or refer to Harrelson or his co-Defendants aiding and abetting anyone with regard to any of the criminal charges if the prosecution has not provided any and all exculpatory information corresponding to those topics. It should be remembered that exculpatory

---

[2]     Although the Oath Keepers Defendants did separate and follow different individual paths at times from the Ellipse to the Capitol, overall they were or ended up physically together to a remarkable extent (compared to other scenarios one might visualize). So witnesses near to the activities around all of the Oath Keepers Defendants would likely be material witnesses concerning all of the Defendants in this case.

information includes information which on further investigation of it may lead to rebuttal witnesses or counter-vailing evidence.

## III.    OATH KEEPERS DID NOT "LEAD" ANY ATTACK UPON THE CAPITOL

The Government argues that Harrelson and his co-Defendants "led" an attack upon the U.S. Capitol with the Proud Boys.  The Defendants have demanded information and presented supporting facts for those demands which clearly show that the Defendants arrived at least 1 hour, possibly more than 1 hour, after other, unrelated demonstrators pressured and/or breached weakly established and thinly guarded[3] lines around the Capitol.  The facts presented and unrebutted by the prosecution are conclusive that the Oath Keepers did not "lead" anything or anyone on January 6, 2021.  These facts would be exculpatory evidence.  One cannot "lead" events one hour after they have already happened.  That sounds exculpatory.

Therefore, in the absence of the disclosures required by *Brady*, the Court should order that the Government may not introduce testimony or evidence or argue upon or bring claims about the Oath Keepers "leading" anything or anyone in any "attack" on the U.S. Capitol.

## IV.    ATTEMPTS TO PREVENT THE TRANSFER OF PRESIDENTIAL POWER

As Judge Mehta noted while questioning the prosecution in the hearing on April 8, 2022, (1) no presidential power is transferred by the Joint Session of Congress on January 6 every four years and (2) no execution of any law or action occurs on January 20 every four years to transfer presidential power.  Unless or until the prosecution can lay a foundation and put on a good faith

---

[3]     Meaning no disrespect to the line officers, but caused by inexplicable planning of leaders.

basis for the claim, at least subject to *voir dire* of any witness or evidence, the Court should order that the prosecution shall not introduce any evidence, call any witness, argue or making any claim that Harrelson or his co-Defendants conspired to or attempted to prevent (whether by force or not) the transfer of presidential power on or about January 6, 2021, or on January 20, 2021.

There is no doubt that many people had differences of opinion as to who won the 2020 presidential election, or more accurately which candidate for President and Vice President for the term starting on January 20, 2021, received the most valid votes in the Electoral College pursuant to the procedures established in each State for selecting Electors to the Electoral College. Various demonstrators wanted the votes in the Electoral College to be recognized and tallied in a certain way that seemed correct in their opinion. And there is no doubt that roughly half the nation felt extremely strongly about one interpretation and roughly half the nation felt extremely strongly about the other interpretation. And these people were very loud about their opinions. But having differences of opinion is a constitutional right.

Nevertheless, no power is transferred on January 6 every four years. And when presidential power is transferred on January 20, there is no action or execution of any law by any officer that causes the power to be transferred or which the Defendants could prevent. The United States of America is unlike the United Kingdom in which (prior to its current figurehead monarch system) the power of the King was transferred by a required coronation in Westminster Abbey. In the United States, Lyndon Johnson was sworn in as President on an airplane in flight probably 30,000 feet above the middle of the country after a jarring national tragedy. Even the oath of office is not an act that can be prevented. A President's inauguration is ceremonial.

Therefore, the prosecution must lay a factual foundation with a good faith basis for arguing to the jury that any of the Defendants tried to prevent the transfer of presidential power

on January 6.  Unsupported and unfounded accusations that cannot be backed up by credible facts would serve only to confuse the jury with smears against the Defendants and unduly prejudice the Defendants.  The prosecution may not mislead the jury and prejudice the Defendants with a groundless fiction.

## V.    *RES IPSA LOQUITUR*

In effect, the prosecution is attempting in a criminal prosecution to fudge a case of *res ipsa loquitor* – a civil litigation concept that can sometimes raise a *rebutable* presumption of causation.  That is, the prosecution would flip the burden of proof and attempt to require the Defendants to prove their innocence.

The prosecution's theory of the case is clearly that (1) Kenneth Harrelson was alive on January 6, 2021, (2) some people brawled at the U.S. Capitol that day, (3) therefore it must be Kenneth Harrelson's fault somehow.  The prosecution's position is that "a mob requires a leader," even though the Government claims that *everyone* was "the" leader.  There were no followers, only leaders.

But this is a criminal prosecution.  The prosecution must prove each element of the crime beyond a reasonable doubt.  The prosecution must prove who it actually was that committed an act, not merely "someone in the crowd yelled something" or "the crowd did something."  U.S. law does not recognize collective punishment.  The prosecution must prove beyond a reasonable doubt that an accused person actually did the act of which he or she is accused.  It does not meet the prosecution's burden to argue that Kenneth Harrelson was in Washington, D.C., that day, therefore he is at fault for what other people did.

The Court should order that an argument of *res ipsa loquitur* not be used in the trial.

## VI.    RESTRICTED AREA ON CAPITOL GROUNDS

Harrelson asks the Court to order by limine that the prosecution may not present evidence or testimony, argue, or make claims about a restricted area near or around the U.S. Capitol without first laying a foundation by solid evidence as to what signs, postings, or other notice was provided as to the boundaries of such restricted area at the point in time when any entry into a restricted area is alleged to have occurred. The Court should consider that just as the borders of States showing on a Rand McNally map are not visible on the actual land, the supposed boundaries of a restricted area were not painted on the ground at the Capitol on January 6. Any evidence attempting to show the boundary of a restricted area at a different time of that day, when it is known that light, movable bike racks bearing signs were moved, are no relevant and would be more prejudicial than probative under Rule 403. To have a restricted area, the area must be restricted on one side of the boundary line but not restricted on the other side of the boundary line. Thus, without a clear line – visible to the people there on-site, not in a diagram back in a filing cabinet – there can be no restricted area.

The Government has the burden of proof beyond a reasonable doubt and the burden or production as to exactly where a line between restricted and unrestricted was visible to demonstrators at the Capitol at the time in question. (2:18 PM per the grand jury.) The boundary line is in the eye of the beholder, not in the mind of planners at desks in their offices. Because the park-like 58 acres of the Capitol grounds are normally open to the public, visitors are not required to go to the file room and research the paperwork about its status each day.

Moreover, "restricted" without any definition suggests to the crowds that one is allowed to enter, subject to conditions and restrictions. Signs saying "Restricted Area" can mean open to the public pursuant to certain limiting restrictions, such as being open during certain time

periods.  Signs that say nothing more than "Restricted Area" without more are inadequate to provide notice that a building normally open to the public has been changed in status.  It only provides notice that there are restrictions – unexplained, such as merely when the public is alloed to come in – on the public's time to properly enter.  This is consistent with the apparent consent exhibited by many U.S. Capitol Police officers, who are trained and hired to welcome visitors.

## VII.    GUILT BY ASSOCIATION

Harrelson asks the Court to order by limine that the prosecution may not present evidence or testimony, argue, or make claims that other people did things or said things on January 6, 2021, without first laying a foundation from solid evidence that such other person was acting in explicit coordination with Harrelson or his co-Defendants, or explicitly advising the jury that the evidence is presented only to establish a time line without any implication of guilty by Harrelson.

## VIII.    STACKS

The word "stack" has no meaning other than to falsely and deceptively imply other things that cannot be established from actual facts.  People simply walking in a line cannot be referred to as anything other than people walking in a line, there being no such thing in common parlance as a "stack," without being more prejudicial than probative under Rule 403.

## IX.    BREACH

The word "breach" is used by the Government to falsely and deceptively imply other things that cannot be established from actual facts.  The Oath Keeper Defendants did not "breach" the Capitol any more than the jury will "breach" the courtroom by walking in (in a line) from the jury room or reporters will "breach" the courtroom by walking in the back and taking a seat.  People simply walking cannot be referred to as "breaching" the Capitol without being more

prejudicial than probative under Rule 403.

The same is true of the word "penetrated."

## X.    UNCONNECTED AND INAUDIBLE PHONE CALLS

Under Rule 403, the Court should order the Government not to refer to phone calls allegedly placed among the Defendants, unless it can establish that any such phone call resulted in an actual conversation. Reports from the U.S. Capitol indicate that the cellular / mobile communications system near the Capitol was jammed[4] and overwhelmed. PCMAG published an article the following day responding to conspiracy theories that law enforcement had intentionally disrupted cell phone systems, so severe and noticeable was the disruption of cell phones. The expert conclusion was that the telephone companies did not bring in supplemental equipment as they normally do for events with large crowds, but there was no known evidene of any intentional interference with cell traffic. Nevertheless, neither the Government nor anyone else can draw any conclusion from records showing the placement of a telephone call without any evidence that the telephone call connected or that the participants could hear each other over the roar of the crowds. There is no way to know if an apparent phone call in the phone records showing in the records was a "pocket dial" or accidental, unintentional dialing of a call. Text messages can show in telecommunication records as arriving minutes, hours, even a day later than when sent. When the system is overwhelmed, the transit of text messages can be so delayed that the records may look misleading. Therefore, the Court should order that unless the Government can lay a foundation of actual, real phone calls (each particular phone call) between

---

[4]    Jammed in the ordinary sense of being inoperable, not implying any technique or intentionality.

persons which resulted in actual conversations that could be heard over the noise of the crowds, that the Government must not refer to records showing an attempted phone call. That would unduly confuse the jury and would be unfairly and unduly more prejudicial than probative.

## XI.    FRAGMENTS OF INCOMPLETE CONVERSATIONS

Under the "Doctrine of Completeness," the Court is asked to order that the prosecution may not introduce testimony about, refer to, or argue from incomplete fragments of conservations taken out of context. That is, the prosecution must produce the entire conversation or document or refrain from referring to a portion of it entirely. Or, if this is a difficulty, the Government is free to not use or claim the communications that it cannot fully disclose in whole.

Harrelson respectfully requests that the Court enter an order in limine that the prosecution may not introduce testimony or evidence of, refer to, argue from, or make claims of Harrelson or his co-Defendant making statements or communications which are only incomplete fragments of a complete conversation or communication or which are the prosecution's interpretation of the actual, verbatim, unabridged, unedited conversation or communication.

It is unsatisfactory for the Court to expect the Defendant to produce the complete conversations or communications because only the prosecution knows what document(s) it is referring to. Due process is not satisfied by the Defendant having to guess or try to convince the jury that this is that document. Since the prosecution actually knows what document or communication it is referring to, and is ethically required to properly research and prepare before bringing a criminal case, the prosecution should already have the documents identified and prepared. Similarly, it is not sufficient that the Government may have already provided the document in discovery because the central and most significantly issue is whether this document is the same document there that the prosecution is referring to.

**A.  Paragraph 3 of June 22, 2022 Indictment (8th S.I.)**

The full and complete, unabridged, and unedited conversation(s), if any, by which Elmer Stewart Rhodes conspired with Harrelson or his co-Defendants, if any such conspiring occurred through any written communication or was recorded by any means.

**B.  Paragraph 4 of 8th S.I.**

The full and complete, unabridged, and unedited conversation(s), if any, by which Rhodes and any co-conspirators planned as alleged and the call from Rhodes that they prepared to answer.

**C.  Paragraph 5 of 8th S.I.**

The full and complete, unabridged, and unedited conversation(s) or communication(s), if any, by which Rhodes and any co-conspirators planned and/or coordinated as alleged.

**D.  Paragraph 17(d)  of 8th S.I.**

The full and complete, unabridged, and unedited content of any and all training alleged.

**E.  Paragraph 17(j)  of 8th S.I.**

The full and complete, unabridged, and unedited content of any and all communication alleged.

**F.  Paragraph 18 of 8th S.I.**

The full and complete, unabridged, and unedited content of any and all messages alleged.

**G.  Paragraph 18(a) of 8th S.I.**

The full and complete, unabridged, and unedited content of any and all messages and communications alleged.

**H.  Paragraph 18(b) of 8th S.I.**

The full and complete, unabridged, and unedited content of the "Plan of action" titled "What the People Must Do" and/or "Call to Action" alleged.

I.  **Paragraph 18(b) of 8th S.I.**

Although the Government has disclosed to counsel the full and complete, unabridged, and unedited content of the November 9, 2020, conference call, the Government has refused to establish despite requests who recorded the conference call and to establish that recording the conference call without consent or notice was legal under the laws of all the states from which participants called in (some calling in over regular telephone lines not by computer).  If the recording was not legal under the States involved, then Court should obey the law and suppress the contents of the call.   However, the Government has not disclosed any conference call or conversation or communication including any plan to stop the lawful transfer of presidential power or any preparations for the use of force other than in self defense.  The content disclosed contains a plan for Donald Trump to declassify and release documents exposing the perfidity of his critics.  However, the Court should order in limine that the Government not refer to or discuss in (erroneous) summary form any content of the November 9, 2020, conference call without first laying a foundation of providing to the jury the entirety of that call.  Furthermore, any reference to the transcript or call from November 9, 2020, which is dishonest, misleading, or false should not be allowed.

J.  **Paragraph 20 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

K.  **Paragraph 21 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

L.  **Paragraph 22 of 8th S.I.**

The full and complete, unabridged, and unedited content of the training alleged.

M. **Paragraph 23 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

N. **Paragraph 24 of 8th S.I.**

The full and complete, unabridged, and unedited content of the training alleged.

O. **Paragraph 25 of 8th S.I.**

The full and complete, unabridged, and unedited content of the letter alleged.  Defendants are not aware of any letter advocating for the use of force or advocating in any manner to stop the transfer of presidential power.  Defendants can only guess if a particular letter is the actual letter the Government is intending to refer to.  The Government must be ordered to identify the letter at issue and provide it if the letter so identified has not been previously provided.

P. **Paragraph 26 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

Q. **Paragraph 28 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

R. **Paragraph 29 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

S. **Paragraph 30 of 8th S.I.**

The full and complete, unabridged, and unedited content of the interview or messages alleged.

T. **Paragraph 31 of 8th S.I.**

The full and complete, unabridged, and unedited content of the letter alleged.

U. **Paragraph 33 of 8th S.I.**

The full and complete, unabridged, and unedited content of any messages, communications, "chat" in the "OKFL Hangout Chat" or other advocating which is alleged. Defendants are not aware of any such communications advocating for the use of force or advocating in any manner to stop the lawful transfer of presidential power.

V. **Paragraph 34 of 8th S.I.**

The full and complete, unabridged, and unedited content of any messages, communications, "chat" in the "OKFL Hangout Chat" or other advocating which is alleged.

W. **Paragraph 34 of 8th S.I.**

The full and complete, unabridged, and unedited content of any messages, communications, "chats" or emails as alleged.  Training civilians on combat is legally prohibited in the State of Florida.  The "UTM rifle class" in Florida is a firearm safety class or as Kelly Meggs once quipped "How not to shoot yourself by accident."  The Defendants are not aware of any training or plans for any combat or other training as alleged in Paragraph 34.  Thus, the complete communications in their entirety is necessary before an inaccurate and misleading reference is offered.  If the vague paragraph of the grand jury is the entity in Leesburg, Florida, that Harrelson suspects, that training facility has already rejected this false claim to Kelly Meggs original and previous attorney.  No such training is offered or provided by that trainer.

X. **Paragraph 36 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

Y. **Paragraph 40 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

Z. **Paragraph 41 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

AA.    **Paragraph 42 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

BB.    **Paragraph 43 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

CC.    **Paragraph 44 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

DD.    **Paragraph 45 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including in all of the forums alleged.

EE.    **Paragraph 46 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

FF.    **Paragraph 48 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

GG.    **Paragraph 49 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

HH.    **Paragraph 50 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

II.    **Paragraph 51 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

JJ. **Paragraph 52 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged with attachments.

KK.    **Paragraph 53 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages alleged.

LL. **Paragraph 54 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

MM.    **Paragraph 55 of 8th S.I.**

The full and complete, unabridged, and unedited content of the conversations, communications, messages, chats, or texts alleged. Note that as late as January 3, 2021, according to the Government, the Oath Keepers still did not have any plan as to what they were doing on January 6, 2021, especially regarding weapons. Thus, the entire communications are required without editing or excerpting.

NN.    **Paragraph 56 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

OO.    **Paragraph 58 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

PP. **Paragraph 60 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

QQ.    **Paragraph 63 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

RR.    **Paragraph 64 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. Note how the dates do not fit the prosecution theory and other claims.

SS. **Paragraph 65 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

TT. **Paragraph 70 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

UU.    **Paragraph 71 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the podcast recording or messages or chats alleged.

VV.    **Paragraph 77 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

WW.    **Paragraph 78 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

XX.    **Paragraph 79 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged and the referenced video. Moreover, the Court should order by limine that the Zello conference call of people talking from their homes across the country reporting what was shown on television – which recordings are conspicuously marked by a lack of any crowd noise from the events at the U.S. Capitol – shall be excluded as more prejudicial than probative. Near the end of the recording, one participant explains that he is 12 hours' drive away from the U.S. Capitol. A recording of people describing what they are watching on television from hundreds of miles away should not be offered to confuse the jury.

YY.    **Paragraph 80 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the announcement(s), messages or chats alleged. Moreover, the Court should order by limine that the Zello conference call of people talking from their homes across the country reporting what was shown on television – which recordings are conspicuously marked by a lack of any crowd noise from the events at the U.S. Capitol – shall be excluded as more prejudicial than probative. Near the end of the recording, one participant explains that he is 12 hours' drive away from the U.S. Capitol. A recording of people describing what they are watching on television from hundreds of miles away should not be offered to confuse the jury.

ZZ. **Paragraph 81 of 8ᵗʰ S.I.**

The full and complete, unabridged, and unedited content of the conversation, messages or chats alleged. Moreover, the Court should order by limine that the Zello conference call of people talking from their homes across the country reporting what was shown on television – which recordings are conspicuously marked by a lack of any crowd noise from the events at the U.S. Capitol – shall be excluded as more prejudicial than probative. Near the end of the recording, one participant explains that he is 12 hours' drive away from the U.S. Capitol. A recording of people describing what they are watching on television from hundreds of miles away should not be offered to confuse the jury.

AAA.   **Paragraph 83 of 8th S.I.**

The Court should order by limine that the prosecution may not refer to, argue or claim any restricted area unless it can identify the borders of the restricted area at 2:12 PM EST. There can be no restricted area without there being a defined area. Since the area was defined by movable bike racks bearing flimsy paper signs, the boundary at 2:12 PM was different from the boundary earlier in the day.

BBB.   **Paragraph 84 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. Furthermore, the Court should order by limine that the Government may not introduce evidence, refer to, argue from or claim about "the mission" of the Defendants if it cannot lay as a foundation the meaning of the phrase "the mission." Defendant Stewart Rhodes will claim that "the mission" was to protect the permitted rally at Area 8 near the U.S. Supreme Court and that Oath Keepers were "off mission" because they were not across the corner from the U.S. Supreme Court at the permitted site designated for a rally to be headlined by Ali Alexander and Alex Stone. Any information about the Oath Keepers' "mission" will confuse, the jury and be unfairly prejudicial unless "the mission" is defined.

CCC.   **Paragraph 88 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

DDD.   **Paragraph 89 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

EEE.   **Paragraph 102 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The Court should order excluded conversations in which most or all of the participants were spread all across the nation.

FFF.   **Paragraph 108 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

GGG. **Paragraph 109 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The indictment openly admits that it is alleging "*words to the effect of*" rather than the actual words of the Defendants.

HHH. **Paragraph 110 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged, including the video recording of what was live-streamed over Facebook.

III. **Paragraph 109 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The indictment openly admits that it is alleging "*something to the effect of*" rather than the actual words of the Defendants.

JJJ. **Paragraph 115 of 8th S.I.**

The full and complete, unabridged, and unedited content of the statements of any of the Defendants allegedly "berat[in]" or "taunt[ing]" law enforcement officers, including preserved as audio recordings, video recordings, messages, or chats as alleged.

KKK. **Paragraph 116 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The indictment openly admits that it is alleging "*something to the effect of*" rather than the actual words of the Defendants.

LLL. **Paragraph 119 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. Given that Joshua James may testify for the government, the video recording alleged is almost certainly exculpatory or likely to lead to exculpatory evidence.

MMM. **Paragraph 123 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

NNN. **Paragraph 126 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. Recall that no law enforcement officer or employee of the Government was present at the restaurant.

OOO. **Paragraph 127 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

PPP. **Paragraph 128 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The fragment presented is itself exculpatory, showing an intent not to engage in violence but to go hide in the Kentucky mountains and ride out the Biden 4 year Presidency. The entire discussion is likely to be even more exculpatory.

QQQ. **Paragraph 131 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged. The fragment presented is again exculpatory itself, indicating an intent to avoid violence except in self defense. The entire discussion is likely to be even more exculpatory.

RRR. **Paragraph 132 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

SSS. **Paragraph 133 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

TTT. **Paragraph 134 of 8th S.I.**

The full and complete, unabridged, and unedited content of the messages, chats, audio recordings, or video recordings as alleged.

THEREFORE, the Court should Order and also order (organize) the presentation of these matters at trial to both exclude time-consuming but irrelevant information and also balance the constitutional rights of Kenneth Harrelson with his co-Defendants and an accurate presentation

of the truthWhere there is uncertainty about what the prosecution is arguing, the Court should allow the Defendants to proffer defense by cross-examination, etc., under threat of the prosecution making arguments that should be excluded, without opening the door. Anticipating that they might be prejudiced by prosecution arguments that the Defendants do not wish to raise in the trial should not be used against them as opening a door where they are simply trying to prevent unrebutted but immaterial charges and testimony that should not be allowed at all. The Court should either allow a proffer knocking down such objectionable topics or reserve prosecution witnesses to be recalled as necessary if the Defendants' understanding of the scope of the trial becomes broader than anticipated by the prosecution's presentations.

Dated: August 18, 2022          RESPECTFULLY SUBMITTED
                                KENNETH HARRELSON, *By Counsel*
                                /s/ Brad Geyer

                                Bradford L. Geyer, PHV
                                PA 62998
                                NJ 022751991
                                Suite 141 Route 130 S., Suite 303
                                Cinnaminson, NJ 08077
                                Brad@FormerFedsGroup.Com
                                (856) 607-5708

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

                                /s/ Brad Geyer
                                Bradford L. Geyer, PHV
                                PA 62998
                                NJ 022751991
                                Suite 141 Route 130 S., Suite 303
                                Cinnaminson, NJ 08077
                                Brad@FormerFedsGroup.Com
                                (856) 607-5708