IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| v. | ) Criminal No. 1:22-cr-00015-APM |
| **KENNETH HARRELSON** | ) |
| **Defendant** | ) |

**DEFENDANT KENNETH HARRELSON'S MEMORANDUM OF LAW
IN SUPPORT OF HIS MOTION IN LIMINE
TO EXCLUDE INADMISSIBLE OR UNDULY PREJUDICIAL
ANTICIPATED TRIAL EVIDENCE**

Defendant, Kenneth Harrelson, by and through undersigned counsel, hereby moves the Court for leave to file a Motion in Limine notwithstanding the deadlines of the Court's Pretrial Order, dated May 12, 2022, (ECF 133).

Counsel for Harrelson believes that any potential prejudice to the Government from the Defendant's Motion in Limine after the deadlines of the Court's Pretrial Order will be substantially outweighed by the benefits of having clarity about the trial and the possibility of shortening and simplifying some parts of the trial. This process will make the parties better prepared and more organized at trial no matter how the motion is ultimately decided in whole or in part.

Most of the categories that this Motion in Limine seeks to address are based on the Government not producing potentially exculpatory *Brady v. Maryland* on each of those topics. While withholding exculpatory information can result in the dismissal of charges in a criminal

case or reversal on appeal, the precedents do speak of when there is prejudice to a defendant especially the proximity of the non-disclosure to trial. The precedents, though quite strict against non-disclosure, do consider a prosecution's opportunity to cure close in time to the trial, if in enough time for a defendant to analyze and act upon the disclosed information.

Therefore, the motion in limine from Defendant Harrelson which is largely based on still waiting for exculpatory evidence disclosures on these various topics really would be difficult to file before this time. Filing a motion in limine on many topics based on the Government still not providing the required disclosures really couldn't be filed before now, giving the Government abundant opportunity to make those disclosures before trial.

Defendant is still waiting for considerable discovery disclosures from the Government, which would be necessary first to do a complete job in preparing this motion in limine. The delay in filing this motion in limine is caused in part by the delay in discovery produced by the Government.

Again, it is not sufficient for the Government to say we provided that buried somewhere as a needle in a hay stack. The Defendants must be able to trace documents to being *the* relevant documents to a topic. If the Defendants have to try to guess which documents are at issue, the disclosures are not useful for the purpose.

Meanwhile the largest number of items in the motion in limine are all under one topic which is the "doctrine of completeness." Defendant Harrelson respectfully demands that the prosecution introduce into evidence at trial the complete conversations, communications, or documents or else not refer to fragments from those documents. Again, unless the prosecution identifies a particular document as being exactly *the* document that the prosecution is referring to, it will be ineffective at showing the entire conversation, communication, or statement.

But the prosecution presumably already has those complete documents ready to go. If the prosecution does not have the relevant documents already in file folders, it could not be carrying its responsibility not to make assertions in court filings without researching the facts and being certain that its claims in legal pleadings are accurate.

In fact nearly everything in Harrelson's Motion to Limine directly addresses matters that the prosecution should already have considered and prepared about.

THEREFORE, Defendant Harrelson respectfully requests the Court to enlarge the time in which he may file the attached Motion in Limine.


Dated: August 19, 2022     RESPECTFULLY SUBMITTED
                           KENNETH HARRELSON, *By Counsel*
                           /s/ Brad Geyer

                           Bradford L. Geyer, PHV
                           PA 62998
                           NJ 022751991
                           Suite 141 Route 130 S., Suite 303
                           Cinnaminson, NJ 08077
                           Brad@FormerFedsGroup.Com
                           (856) 607-5708


## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

                           /s/ Brad Geyer
                           Bradford L. Geyer, PHV
                           PA 62998
                           NJ 022751991
                           Suite 141 Route 130 S., Suite 303
                           Cinnaminson, NJ 08077
                           Brad@FormerFedsGroup.Com
                           (856) 607-5708