IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **CRIMINAL NO. 1:22-CR-15** |
| Plaintiff | : | |
| | : | **(JUDGE MEHTA)** |
| v. | : | |
| | : | |
| **JESSICA WATKINS,** | : | |
| Defendant | : | |

### REPLY BRIEF TO GOVERNMENT'S OPPOSITION
### TO DEFENDANTS' MOTION *IN LIMINE*
### TO PRECLUDE EVIDENCE PURSUANT TO FRE RULE 404(b)

On 12 August 2022, the Government filed a Motion in Opposition to the Defendants' Motion *In Limine* to preclude the introduction of evidence under Federal Rules of Evidence (FRE) 404(b) of, *inter alia*, Defendants' preparation for violent conflict with government actors after January 6 and before January 20 and possession of bomb-making instructions during the charged conspiracy time period as evidence of Defendants' alleged preparation to use force against the government.

Procedural History

In the government's 12 August 2022 pleading, they have indicated they seek to introduce, *inter alia*, evidence that "defendant [Jessica] Watkins (hereinafter "Watkins") possessed bomb-making instructions and arranged combat trainings during the alleged conspiracy timeline.' ECF No. 251 at 9.

1

Legal Authority

Again, citing to United States v. Green, 617 F.3d 233 (3rd Cir. 2010), the court there explained that to be admissible under Rule 404(b) it must, at a minimum, have a proper purpose, be relevant and satisfy rule 403; and to be a proper purpose is one "that is probative of a material issue other than character." Id. at 251-2. (internal citations omitted). It has also been described as evidence that fits "a chain of logical inferences, no link of which may be the inference that the defendant has the propensity to commit the crime charged." United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994).

I. The Government Fails to Provide the Requisite Evidence to Introduce the Bomb Paperwork

With that as a backdrop, it is undisputed that Watkins possessed *a page* from the Anarchist Cookbook, in a verbatim copy, which dates from at least 1971. What is also undisputed is that there is no evidence Watkins possessed any of the materials in any quantity to make the explosive described in the page found. It is further undisputed that Watkins, in her discussion with law enforcement, stated she received that page from someone in 2010, eleven (11) years prior to the events in question. This same information also exists from another source in the government's possession.

The government has conveniently failed to even mention, that this piece of paper is over eleven (11) years old because that eleven (11) year period of time

does not allow it to fall into a chain of logical inferences. The time gap destroys any logical inference on could draw because in 2010, the former President Trump wasn't even a twinkle in anyone's political eye. The "movement" to overthrow the government did not exist and this decade old piece of paper was a relic of another time that had no logical or legal nexus to the charged conspiracy. This eleven (11) year old piece of paper is pure propensity and fails the Davis test. As stated in earlier pleadings, "[e]vidence of other wrongful acts to prove intent . . . must logically tend to prove the defendant's criminal intent *at the time of the commission of the act charged*." United States v. Carter, 516 F.2d 431 (5th Cir. 1975). This evidence clearly does not show intent, motive or any of the talismanically invoked bases the government posits.

II. The Government Fails to Provide the Requisite Evidence to Introduce the Camp Trainings

The government fails to meet their burden to introduce the training camps as evidence of Watkins' "intent to oppose the authority of the government by force and her preparation and planning to do so." ECF No. 251 at 11. In an effort to meet its burden, the government provides numerous text messages to and from Watkins to support their theory that Watkins prepared to overthrow the government, stating Watkins herself provides support for their argument. ECF No. 251 at 10. When applying the established context, the government again, plainly fails to establish

3

how the evidence clearly "fits into a chain of logical inferences." <u>United States v. Jemal</u>, 26 F.3d 1267, 1272 (3d Cir. 1994).

    The inception of the Ohio State Regular Militia (hereinafter "OSRM") is key to understanding the purpose of the training exercise. It is believed and therefore averred that the OSRM was created not to take part in the overthrow of the government, but to provide disaster relief and response to riots occurring well before the events of January 6th. ***See*** **Exhibit 1 (Filed Under Seal).** Furthermore, the training camps were not created in an effort to overthrow the government; rather, to prepare those of the OSRM to combat other violent protestors like ANTIFA and NFAC. ***See*** **Exhibit 1 (Filed Under Seal.)** Lastly, the evidence supports that Rhodes' all-call actually impeded the implementation of the training camps, instead of supporting them. If Watkins intended to use these camps to get recruits 'fighting fit' for an overthrow of the government, then logically Rhodes' all-call would support the camps instead of hampering them; they never took place.

    Following the pattern created by the evidence, Watkins' intent appears to be to protect those from other violent groups, not to overthrow the government. As shown, the government has failed to provide the requisite chain of logical inferences between her aborted training camp and Watkins' supposed planning, preparation, and intent overthrow of the government. Because of these facts, this evidence should not be allowed to be submitted for the jury's consideration as in

these circumstances it is pure propensity. The government fails to show how the training exercise is contemporaneous with the charged offense, they fail to support any of the enumerated exceptions under F.R.E. 404(b), and they fail to show the evidence is not unduly prejudicial for submission to a jury.

## Conclusion

For the reasons set forth above, this Court should deny the government's motion to introduce the anticipated trial evidence and deny it's motion to introduce the evidence under Federal Rule of Evidence 404(b).

Respectfully Submitted,

Dated: 20 August 2022

/s/Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on the individuals listed below:

## ELECTRONIC SERVICE

Kathryn Rakoczy, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Kathryn.Rakoczy@usdoj.gov

Jeffrey S. Nestler, Esquire
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
555 Fourth Street, NW
Washington, DC 20530
Jeffrey.nestler@usdoj.gov

Date: 20 August 2022

/s/ Jonathan W. Crisp
Jonathan W. Crisp, Esquire
4031 North Front St.
Harrisburg, PA  17110
I.D. # 83505
(717) 412-4676
jcrisp@crisplegal.com
Attorney for Defendant