UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Case No. 22-cr-15-APM |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| **KELLY MEGGS,** | : | |
| **KENNETH HARRELSON,** | : | |
| **JESSICA WATKINS,** | : | |
| **ROBERTO MINUTA,** | : | |
| **JOSEPH HACKETT,** | : | |
| **DAVID MOERSCHEL,** | : | |
| **THOMAS CALDWELL, and** | : | |
| **EDWARD VALLEJO,** | : | |
| | : | |
| **Defendants.** | : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT HARRELSON'S MOTION *IN LIMINE* TO EXCLUDE ANTICIPATED TRIAL EVIDENCE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Harrelson's Motion *in Limine* to Exclude Inadmissible or Unduly Prejudicial Anticipated Trial Evidence (ECF No. 269). Defendant Harrelson seeks to curtail the government's evidence and arguments based on a variety of contentions that all lack merit. This Court should deny his motion.

1.      First, Defendant seeks an "order that prosecution may not introduce, refer to, or argue from any evidence or claim that the Oath Keepers did anything with the Proud Boys, because there have been no disclosures about this theory with regard to the Proud Boys." ECF No. 269 at 5. This is based upon Defendant Harrelson's belief that "the Government has latched on to a recent hypothesis that the Proud Boys and Oath Keepers entered into some alliance and 'led' an 'attack' on the U.S. Capitol." *Id.* at 4. The government has not alleged in the Indictment, and does not plan to argue at trial, that the Proud Boys and Oath Keepers "entered into an alliance and led an

attack on the U.S. Capitol." The government's evidence will, however, reference communications and interactions between certain defendants and certain members of the Proud Boys where relevant to establish the defendants' own culpability. For example, on December 22, 2020, Kelly Meggs sent messages to an acquaintance on Facebook discussing how "we will have at least 50-100 OK there," on January 6, and continuing, "Plus we have made [c]ontact with PB and they always have a big group . Force multiplier[.] I figure we could splinter off the main group of PB and come up behind them . Fucking crush them for good." This message was contained in Defendant Meggs' Facebook account search warrant return, which was provided to the defense in March of 2021. The government may seek to introduce this evidence and similar evidence at trial. The government has already provided the defense with a draft spreadsheet outlining the statements the government intends to seek to introduce at trial and will be exchanging exhibit lists with the defense shortly. The parties will then highlight in their joint pretrial statement any disagreements about the admissibility of any evidence. Defendant Harrelson can raise any objection to specific items of evidence related to the Proud Boys at that time. To the extent that Defendant Harrelson's motion asks this Court to prohibit the government from introducing "*any* evidence or claim that the Oath Keepers did *anything* with the Proud Boys," ECF No. 269 at 4, it should be denied at this time.

2.      Next, Defendant Harrelson appears to ask this Court to bar the government, prior to the admission of any evidence, from proceeding under an aiding and abetting theory of liability for any charge because of the government's "failure to disclose the identity of those whom the prosecution believes Defendants aided and abetted." ECF No. 269 at 5-7. The government's Indictment and discovery lay out the government's aiding and abetting theory for those charges, where it is applicable. Defendant Harrelson has never made a discovery inquiry of the government or filed a motion for a bill of particulars for further information on this issue, nor has he moved to

dismiss any charges from the indictment on this ground.  *Cf. United States v. Caldwell*, 21-cr-28, ECF No. 559 (order denying Connie Meggs' motion to dismiss the 18 U.S.C. § 1361 charge, because she is "alleged to have joined with thousands of others to overcome security barriers and law enforcement to enter the Capitol building by force.  It is reasonable to infer that, in so doing, Ms. Meggs would have understood that others would destroy government property, even if she did not do so herself.").  A motion *in limine* is simply not the appropriate forum for raising this issue.

    3.    Next, Defendant Harrelson asks this Court to order that the government may not "introduce testimony or evidence or argue upon or bring claims about the Oath Keepers 'leading' anything or anyone in any 'attack' on the U.S. Capitol."  ECF No. 269 at 7.  The government does not plan to argue that these defendants were the very first to breach the exterior fences or to enter the Capitol on January 6.  The government will, however, introduce evidence that Defendant Harrelson and his co-defendants played a leadership role on January 6, including evidence that Defendant Harrelson was named the "ground team *leader*" for some Oath Keepers in Washington, D.C., and that Defendant Harrelson was among the first to cross the fences on the East Plaza of the Capitol grounds and surge with the crowd up the East Rotunda steps.  The government also intends to introduce evidence that the crowd cheered on the Oath Keepers as the group moved in a stack formation up the east side steps of the Capitol, with one member of the stack explaining his impression that the crowd looked to the group to be the "battering ram."  In other words, the government may use words like "lead" and "leader" in its opening statement and arguments, but it will do so in ways that will be supported by the evidence.  Accordingly, this aspect of the defendant's motion *in limine* should be denied.

    4.    Defendant Harrelson also appears to request that this Court prohibit the government from arguing that the defendants' conduct on and conduct directed towards January 6 and January

20 were intended to oppose the lawful transfer of presidential power. ECF No. 269 at 7-9. He seems to suggest that no presidential power is transferred on those dates and therefore conduct on or related to those dates could not be aimed at opposing the lawful transfer of presidential power. The Indictment alleges that the purpose of the seditious conspiracy was "to oppose the lawful transfer of presidential power by force, by opposing by force the authority of the Government of the United States and by preventing, hindering, or delaying by force the execution of the laws governing the transfer of power, including the Twelfth and Twentieth Amendments to the Constitution and Title 3, Section 15 of the United States Code." ECF No. 167 at ¶ 16. Neither Defendant Harrelson nor any other defendants raised any challenges to this aspect of the Indictment in their Rule 12 motions. The Court should permit the government to introduce evidence to prove the purpose of the conspiracy alleged in the Indictment and to argue the same.

5. Defendant Harrelson seeks an order "that an argument of *res ipsa loquitur* not be used in the trial." ECF No. 269 at 9. While an order to this extent seems unnecessary, government counsel has no intention of uttering those words at trial, nor does the government plan to argue "that (1) Kenneth Harrelson was alive on January 6, 2021, (2) some people brawled at the U.S. Capitol that day, (3) therefore it must be Kenneth Harrelson's fault somehow." *Id.*

6. Defendant Harrelson asks the Court "to order by *limine* that the prosecution may not present evidence or testimony, argue, or make claims about a restricted area near or around the U.S. Capitol without first laying a foundation by solid evidence as to what signs, postings, or other notice was provided as to the boundaries of such restricted area at the point in time when any entry into a restricted area is alleged to have occurred." ECF No. 269 at 10-11. There is no charge under Title 40 or 18 U.S.C. § 1752 against any defendant in the Indictment. The government nonetheless

4

intends to introduce evidence to establish the existence of a restricted area on January 6 and where certain fences and other barriers were located. This is relevant evidence under Rule 401.

7. Defendant Harrelson asks this Court to preclude the government from arguing guilt by association. ECF No. 269 at 11. The government intends to introduce a significant amount of evidence relevant to the charged conspiracy and the defendants collectively. The government agrees, however, that this Court should clearly instruct the jury on conspiracy and aiding and abetting liability, the elements of which would preclude a jury from finding "guilt by association."

8. Next, Defendant Harrelson seeks to prohibit the government from using the word "stack." ECF No. 269 at 11. The word "stack" is used in the military and law enforcement to refer to a tactical formation used by military and law enforcement. One defining feature of this formation is that members keep their hands on the backs or vests of the person in front of them to remain together while entering a room or weaving through a crowd. The purpose of maintaining direct physical contact with one another is to efficiently communicate with one another, especially in crowded or noisy areas. The government intends to introduce testimony about this tactical formation through the testimony of an FBI agent witness with experience and knowledge about this formation. The government also intends to introduce evidence regarding the military and/or law enforcement background of many of the defendants and their alleged co-conspirators, as well as evidence that some defendants engaged in training on military tactics. In other words, the government intends to lay an evidentiary basis to support its use of this term. The defendant's motion to exclude the use of this term should be denied.

9. Similarly, Defendant Harrelson moves to preclude the use of the word "breach." ECF No. 269 at 11-12. The Oxford Languages definition of the word is "to make a gap in and break through (a wall, barrier, or defense)." The evidence at trial will establish that the Defendant

5

Harrelson joined a crowd that broke through multiple barriers or defenses to enter the U.S. Capitol on January 6. Moreover, the defendants themselves used the word "breach" and similar words in describing their conduct. At 2:48 p.m. on January 6, Defendant Caldwell sent a message to several Facebook friends in which he stated, "We are surging forward. Doors breached." At approximately 6:13 p.m. on the night of January 6, Defendant Kelly Meggs forwarded to the "Vetted OK FL Hangout" Signal group chat a video Defendant Harrelson took while entered the Capitol with the caption, "Florida OK takes the Capitol." Also on the night of the Capitol, Defendant Jessica Watkins made posts to Parler in which she made statements like, "Yeah. We stormed the Capitol today." In another Parler post, Defendant Watkins responded to someone who had suggested law enforcement let her into the building, "Nope. Forced. Like Rugby." Therefore, the use of the word breach will be supported by the evidence and should not be forbidden by this Court.

10. Additionally, Defendant Harrelson contends that "under Rule 403, the Court should order the Government not to refer to phone calls allegedly placed among the Defendants, unless it can establish that any such phone call resulted in an actual conversation." ECF No. 269 at 12-13. The government will seek to introduce evidence of a handful of telephone calls as evidence of planning and coordination, both on January 6 and other dates during the time period of the conspiracy. This evidence will be introduced through either call detail records (which will show the length of the call, among other technical details, from which both parties may ask the jury to draw inferences about whether the parties spoke) or witness testimony describing the call. Defendant Harrelson is free to make the arguments outlined in his motion at trial, but this line of inquiry goes to the weight of the evidence, not its admissibility. The Court should not preclude such evidence on this ground.

11.     Finally, Defendant Harrelson spends the last ten pages of his motion presenting rule of completeness arguments based on the segments of certain statements quoted or referenced in the indictment. This exercise is premature. As explained above, on August 12, the government provided all defendants with draft list of statements it intends to introduce at trial in the hopes of having rule-of-completeness discussions prior to the parties' submission of their joint pretrial statement. We anticipate that the parties will highlight any rule-of-completeness disputes in the joint pretrial submission.[1]

## Conclusion

For the reasons set forth herein, the United States respectfully requests that this Court deny Defendant Harrelson's motion *in limine* to preclude evidence and arguments at trial.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     /s/
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar 994559
601 D Street NW
Washington, DC 20530
Ahmed M. Baset
Troy A. Edwards, Jr.
Louis Manzo
Jeffrey S. Nestler
Assistant United States Attorneys

---

[1] The government does take issue with the allegation on page 15, sub-section I, in which Defendant Harrelson claims that the government has not disclosed the identity of the person who recorded the November 9 GoToMeeting or the circumstances of the recording. The government has provided this information.

                        /s/
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20004