**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
|  | ) |  |
| **UNITED STATES OF AMERICA,** | ) |  |
| v. | ) | Case No. 1:22-cr-00015-APM |
| **ELMER STEWART RHODES, KELLY MEGGS, JESSICA WATKINS AND KENNETH HARRELSON** | ) ) ) |  |
| **Defendant.** |  |  |

**DEFENDANTS' JOINT MOTION IN LIMINE REGARDING ANTICIPATED TRIAL EVIDENCE RE: ZELLO COMMUNICATIONS**

Defendants Kelly Meggs, Elmer Stewart Rhodes, Jessica Watkins, and Kenneth Harrelson, by and through the undersigned counsel, hereby jointly file this Motion in Limine, and Memorandum of Points and Authorities in Support thereof, to bar the government from introducing statements on a *Zello Chat* (identified as 6 zello from www.youtube.com watch v=nF1bud0Rqym.MP4), which the government anticipates producing as trial evidence, documented in a Transcript, attached hereto as Exhibit A (under seal).

The government has provided defendants' notice that it intends to introduce these Zello communications at trial, but Defendants submit, that the statements are inadmissible hearsay under FRE 801(c), and should be barred under FRE 802, as they are not exempt under FRE 803 or 804, or even 807, and further, under FRE 403, because the subject communications are more prejudicial than probative.

1.   On August 25, 2022, the Government forwarded by email correspondence to

these Defendants, highlighted portions of a Zello transcript, with proposed statements it intends to present against these Defendants from a 69 page transcript between individuals who can be heard on the Zello recording who are not the defendants, but are identified as, 1% Watchdog, General Mark Davis CFA, and iWatchDirectorLaureen. (Transcript of the Zello Communications, attached as Exhibit A under seal).

2. The 69 pages that constitute this Zello communication proffered by the government, lacks any contain any communication sent from the Signal profile name, "Jessica Watkins" or from Ms. Watkins listed phone numbers.

3. No defendant in this case, much less none of the indicted or unindicted co-conspirators, sent a message or responded on this chain of communications that the government has highlighted – or anywhere in the 69 page transcript. (See Exhibit A).

4. The government has also informed these Defendants, "…you asked us to provide the true identities of three individuals *who can be heard on the Zello recording*: 1% Watchdog, General Mark Davis CFA, and iWatchDirectorLaureen. **We are not able to confirm these individuals' true identities for you**. (email correspondence of Monday, August 22, 2022 9:51 PM from Mr. Jeffrey Nestler, emphasis added).

5. The government has further disclosed in a meeting with counsel that it initially believed that 1% Watchdog was a Profile name that belonged to Defendant Stewart Rhodes', but has since come to learn that it was not Mr. Rhodes' Profile

2

Name.

6.      Instead, the government appears to be attempting to submit this evidence under a new argument, that Defendant Jessica Watkins was a member of this chat group, and that the statements of these individuals are being admitted for the "effect on Ms. Watkins as a listener." The government does not submit that Ms. Watkins responded at all, and is no evidence that she condoned, believed or adopted these messages - in real time on January 6,th or anytime thereafter.

7.      This Zello communication in Exhibit A, instead, is hearsay within hearsay. This colloquy by unknown people, not co-conspirators, and have not even been identified, sought to be admitted, to show that the Defendant's actions were consistent with these statements by these outsiders, is "to prove the truth of the matter asserted in the statement."

8.      What appears to be the precedent the government may be relying on, is a case in which a Court Order was at issue, and the court found that,

> '… However, "[i]f the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." *Id*. 801(c) advisory committee's note. *Thus, a statement offered to show its effect on the listener is not hearsay. Id*.; see also *George v. Celotex Corp.*, 914 F.2d 26, 30 (2d Cir. 1990) ("To be sure, an out of court statement offered not for the truth of the matter asserted, but merely to show that the defendant *was on notice* of a danger, is not hearsay."(emphasis added).

*United States v. Dupree*, 706 F.3d 131, 136, (2nd Cir. 2013)( citing Fed. R. Evid. 801(c) advisory committee's note (explaining that verbal acts, meaning statements affecting the legal rights of parties, are excluded from the definition of hearsay); *see also United States v. Boulware*, 384 F.3d 794, 806 (9th Cir. 2004) ("A prior

judgment is not hearsay . . . to the extent that it is offered as legally operative verbal conduct that determined the rights and duties of the parties.")). This case, while referring to "effect on the listener" explains legal notice is a predicate to the finding that the document at issue was not hearsay. The idea that Ms. Watkins was on notice, such as with a legal filing, is simply inapplicable.

9.     Rule 801. *Definitions that Apply to This Article; Exclusions from Hearsay*

USCS Fed Rules Evid R 801: (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

> (1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
>   (A) is inconsistent with the declarant's testimony and was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition;
>   (B) is consistent with the declarant's testimony and is offered:
>     (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or
>     (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or
>   (C) identifies a person as someone the declarant perceived earlier.
> (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
>   (A) was made by the party in an individual or representative capacity;
>   (B) is one the party manifested that it adopted or believed to be true;
>   (C) was made by a person whom the party authorized to make a statement on the subject;
>   (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or
>   (E) was made by the party's coconspirator during and in furtherance of the conspiracy.
> The statement must be considered but does not by itself establish the declarant's authority under (C); the existence or scope of the relationship

under (D); or the existence of the conspiracy or participation in it under (E).

USCS Fed Rules Evid R 801

10. As this District Court so clearly explained what constitutes hearsay within hearsay when there is no statement from the declarant as to fact remembered or believed.

> "At first glance, such evidence of belief might be properly admissible pursuant to Rule 803(3), which permits introduction of hearsay evidence demonstrating the declarant's then-existing mental condition. Fed. R. Evid. 803(3)[1]. However, as the entire purpose of Mr. Richards' line of testimony is to establish certain actions and intentions by Defendant Microsoft, it is clear that the ultimate purpose for which Pinnacle Systems' belief is being offered, is to establish the truth of that belief. As a result, Rule 803(3) does not render the statement admissible. See Fed. R. Evid. 803(3) advisory committee's note ("The exclusion of 'statements of memory or belief to prove the fact remembered or believed' is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind.").
>
> As a result, the Court concludes that the email consists primarily of hearsay within hearsay for which Plaintiffs have not offered an applicable exception.

*New York v. Microsoft Corp.*, 2002 U.S. Dist. LEXIS 7683, *12-13, *18 (D.D.C. 2002).

11. There is no viability to an argument of "trustworthiness" or reliability under FRE 807 either, since the government admittedly has not identified the speakers,

---

[1] (3) <u>Then-Existing Mental, Emotional, or Physical Condition.</u> A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will.   USCS Fed Rules Evid R 803.

5

in addition to the fact that defendants themselves are not the declarants.

> These two exceptions to the hearsay rule are extremely narrow and require testimony to be "very important and very reliable." *United States v. Kim*, 193 U.S. App. D.C. 370, 595 F.2d 755, 766 (D.C. Cir. 1979); see also *Securities & Exchange Comm'n v. First City Financial Corp.*, 281 U.S. App. D.C. 410, 890 F.2d 1215, 1225 (D.C. Cir. 1989) (stating that "the legislative history of the [Rule 803(24)] exception indicates that it should be applied sparingly" and "acknowledging the broad discretion a trial court enjoys in assessing the probity and trustworthiness of documents").

*United States v. Washington*, 106 F.3d 983, 1001, (DC Cir. 1997)(Rule 803(24)

moved to Rule 807].

12.     By analogy, this court has also explained how the exception under FRE

803(6) does not permit the admission of a business record when the source is an

*outsider*.

> "Rule 803(6) does not, by itself, permit the admission of [a] business record . . . if the source of the information is an outsider;" it is only admissible if the outsider's statement falls within another hearsay exception. *Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991)…
>
> The narratives contained in Exhibits 91 and 92 explain a possible transaction that was proposed by an entity outside of ABN, and thus constitute statements of out-of-court declarants not connected with ABN that are being offered for the truth of the matters asserted.

*Boca Investerings Pshp. v. United States*, 128 F. Supp. 2d 16, 21, 2000 U.S. Dist.

LEXIS 19002, *13-15, 88 A.F.T.R.2d (RIA) 2001-6507, 56 Fed. R. Evid. Serv.

(Callaghan) 165. (D.D.C. 2000).


**CONCLUSION**

Clearly the danger here of the jury using statements of others, evidence in a

way the rules do not permit, well outside the idea of legal notice, for the *"effect on a listener,"* a declaration by outsiders with no communication reflecting adoption of the statements at issue, to be used to show that the Defendant's actions were consistent with these statements, goes to the crux of the rules on Hearsay, "to prove the truth of the matter asserted in the statement." And as such, highly prejudicial and lacks a sound predicate for admissibility.

Moreover, the government cannot seriously submit that in today's world of email, text and group communications, that any group communication now means that Hearsay rule no longer applies, because all such real time communications can now all be assumed to have been understood, adopted and believed, merely because one is a recipient? In other words, even assuming Ms. Watkins received these communications in real time, which has not been shown, the government's argument would lead to abolishment of the hearsay rule. It is respectfully submitted, that this Zello communication chain by outsiders, with no declaration from any of the defendants, violates the Hearsay Rule, and constitutes hearsay within hearsay, statements by multiple unknown outsiders, nonparty declarants, offered in evidence, to prove the matter asserted.

WHEREFORE, Defendants, Kelly Meggs, Elmer Stewart Rhodes, Jessica Watkins and Kenneth Harrelson, respectfully requests that the Court grant this Motion in Limine to bar the Zello communications the government intends to produce at trial, where it is highly prejudicial while not relevant, or genuinely probative to any specific intent under FRE Rule 403 because of the significant prejudice not only to

7

Defendant Watkins, but also to her alleged "co-conspirators."

        Respectfully submitted,

/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com


/s/ *Stanley Woodward*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
Brand Woodward, Attorneys at Law
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

Counsel for Defendant Kelly Meggs

/s/ Juli Z. Haller*
*with permission to sign for Defendants: Elmer Stewart Rhodes by Counsel Phillip Linder; for Jessica Watkins, by Counsel Jonathan Crisp and for Kenneth Harrelson, by Brad Geyer

8

## Certificate of Electronic Service

I hereby certify that on August 28, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

/s/ *Juli Z. Haller*
Juli Zsuzsa Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com
