**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-15-1 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **ELMER STEWART RHODES III,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

**UNITED STATES' PARTIAL OPPOSITION TO DEFENDANT'S
<u>MOTION TO SUBSTITUTE COUNSEL AND CONTINUE TRIAL</u>**

The United States opposes Defendant Elmer Stewart Rhodes III's motion to continue trial

(ECF No. 290). The government takes no position on Rhodes' motion to substitute Phillip Linder

and James Lee Bright, two experienced criminal defense attorneys who have been representing

him since his initial appearance in the Eastern District of Texas on January 14, 2022, with attorney

Edgar Tarpley. The defendant has opted to switch counsel three weeks before trial, without raising

any concerns previously, citing the need to file frivolous motions and seek discovery already

provided. While the defendant has a right to counsel of his choice, that right is not absolute, and it

should not be elevated above the public's right to a speedy trial of the alleged leader of a seditious

conspiracy aimed at stopping the transfer of presidential power.

    I.    A continuance at this late juncture is not justified by the case law and would unfairly
        deprive the public of the right to a speedy trial of the leaders of an alleged seditious
        <u>conspiracy to disrupt a proceeding at the bedrock of our constitutional democracy.</u>

"It is firmly established that the granting or refusal of a continuance is a matter within the

discretion of the judge who hears the application, and is not subject to review absent a clear abuse."

*United States v. Burton*, 584 F.2d 485, 489 (D.C. Cir. 1978). That is true even where the Court

must "balance between the right to select counsel and the public's interest in the orderly

administration of justice"; the appellate court will defer to the trial court's balancing and "not reverse absent a showing of a deprivation of the defendant's right." *Id.* at 492; *see also United States vs. Poston*, 902 F.2d 90, 97 (D.C. Cir. 1990) (applying *Burton* and affirming trial judge's refusal to grant continuance based on the asserted need of new counsel to prepare for trial).

Under *Burton*, the factors this Court should consider in considering the defendant's continuance request include:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case.

584 F.2d at 490-91. The bulk of these factors point in favor of a denial. The defendant seeks a continuance of *at least* 90 days. That puts his trial date no earlier than late December 2022—well after the November 29 date of the second trial in this case. Moreover, a late December trial would be unlikely to be concluded prior to the start of the February 1, 2023, trial in the related matter *United States v. Crowl, et al.*, 21-cr-28. Delaying the trial against Rhodes will cause considerable inconvenience for the parties, counsel, witnesses, and Court. This delay impacts not only the parties and counsel in the September *Rhodes* trial group, but also the four defendants and their counsel in the November *Rhodes* trial group and the eight defendants and their counsel in the February *Crowl* trial.

The fact that prior continuances have been granted weighs against a continuance here. *See Burton*, 584 F.2d at 490 ("whether other continuances have already been requested and granted"). At his arraignment on January 25, 2022, the Court set Rhodes' trial for July 11, 2022. Rhodes, through counsel, represented that those approximately six months would afford adequate time to prepare. *See* 1/25/22 Tr. at 56 ("[W]e think the July trial date would work great for us; it gives us enough time to get ready. And I've been told we need to plan on as many as four or five weeks to be in trial. I don't know what the Court's schedule is. But that gives us enough time if we have a hard setting, for us to get ready."). But at a May 5, 2022, status hearing, Rhodes joined his co-defendants in seeking a continuance of the July trial date. His counsel represented that he planned to be ready for a late September 2022 trial date. 5/6/22 Tr. at 21. The Court granted the continuance request after eliciting "a commitment from each of you that if I move the July trial date, that I will not get another request for a continuance in September absent some extraordinary circumstance that is otherwise unanticipated at this point." *Id*. at 42.

Rhodes has apparently decided his existing counsel were deficient, yet he failed to raise any of these deficiencies at an earlier time when they could have been more easily addressed by the Court. Rhodes's delay in raising these issues has "contributed to the circumstance which gives rise to the request for a continuance," *Burton*, 584 F.2d at 490. In a case that raised a similar continuance request, *United States v. Shepherd*, the Circuit found no abuse of discretion by the district court in denying the defendant's motion for a continuance four days before trial in order to obtain new counsel. 102 F.3d 558 (D.C. Cir. 1996). In *Shepherd*, the defendant moved to continue the trial when his proposed new counsel could try the case because the defendant reportedly felt uncomfortable with his original counsel and lacked confidence in his handling of the case. *Id.* The

3

district court denied the continuance because of the lateness of the request, the difficulties in rescheduling the court's calendar and the witnesses, and the court's confidence in the original attorney's competence to represent the defendant. *Id.* Indeed, the trial court in *Shepherd* "properly considered its [own] crowded calendar" in denying the continuance. *Id.* The Circuit observed, "Although the Sixth Amendment guarantees that 'a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing,' the right to retain counsel of one's choice 'is not boundless,' and must be balanced against the 'judicial system's interest in expeditious proceedings.'" *Id.* (quoting *Burton*, 584 F.2d at 489, and *Poston*, 902 F.2d at 96). The Circuit further noted, "[n]othing in the record suggests that the district court could not have reasonably concluded that although [the defendant] may have preferred other counsel, [the counsel] whom Binion retained was 'competent and well-equipped' to handle [the defendant's] defense." This Court has likewise recognized the competence of Rhodes' counsel and the leadership role they have played in preparing the first group of defendants for trial. It would be difficult for this Court to find defendant's current counsel were anything less than "competent and well-equipped to handle" Rhodes' defense at trial.

Additionally, the Circuit has recognized that both the trial court and the government "generally ha[ve] a substantial interest in avoiding disruptions of a court's calendar and in having guilt or innocence promptly adjudicated." *United States v. Haldeman*, 559 F. 2d 31, 83 (D.C. Cir. 1976). In *United States v. Eiland*, the Circuit applied the *Burton* factors to conclude that, even if the defendant had a Sixth Amendment right to continued representation by his appointed counsel (who was not available for the trial date), the district court did not abuse its discretion in denying the defendant's motion for a continuance and replacing the defendant's counsel. 738 F.3d 338, 355

(D.C. Cir. 2013). As in this case, the defendant in *Eiland* was seeking a several-month continuance in a case with detained co-defendants. *Id.* In affirming the denial of the continuance, the Circuit noted that the continuance would have imposed an enormous inconvenience on the government, witnesses, and the court, which would have had to repeat a three-month trial for the third time. Here, too, Rhodes' continuance request could result in a fourth lengthy, largely similar trial of these matters. Such a continuance would wreak havoc on the schedules of the Court and government, not to mention the witnesses who would be required to testify even more times or the co-defendants' counsel who would be compelled to monitor yet another lengthy related trial.

Similarly, in *United States v. Hopkins*, the Circuit upheld a denial of a continuance request to replace appointed counsel with retained counsel. 370 F. App'x 122 (D.C. Cir. 2010) (per curiam) (unpublished). The Circuit's decision was based on the facts that

> that the district court "carefully balanced" [the defendant's] right to counsel against the negative impact a continuance would have on the court, the prosecution, the co-defendants (some of whom were in custody), their attorneys, and the witnesses. The court also found that [the defendant] had competent appointed counsel and that [the defendant] was responsible for his having relatively less time to prepare for trial than had his co-defendants because he chose to remain a fugitive for 10 months.

*Id.* at 123. In the instant case, not only would a continuance have a significant impact on the Court, the prosecution, and potentially the co-defendants, but Rhodes has been represented by competent counsel since his arrest and would be responsible for his new counsel having less time to prepare for waiting until the eve of trial to raise any concerns about his current representation.

Indeed, the government has been unable to locate a published decision in which the Circuit, applying the *Burton* factors, found that a district court abused its discretion in denying a motion to continue that was premised on a defendant's late retention of new counsel.

Finally, a continuance of Rhodes' trial would undermine the public's right for a speedy trial of this matter. As this Court has recognized,

> The public interest in this case is high. As noted, Defendants other than Mr. Rhodes and Mr. Vallejo have been charged with offenses related to the events of January 6th since, at the latest, August 2021. The public has a keen interest in having these charges finally resolved. A further delay of the [] trial date, which in turn would require pushing back the [following] trial date, is not in the public interest.

Court's Order Denying Defendant's Motion to Continue July 2022 Trial Date, ECF No. 68. It has been over eighteen months since the offenses alleged in the Indictment, and given the Court's prior recitations of its docket, if Rhodes' trial is continued, it may not take place for some time. The public has a significant interest in this case proceeding to trial.

The Speedy Trial Act "was designed with the public interest firmly in mind." *Zedner v. United States,* 547 U.S. 489, 501 (2006) (citing 18 U.S.C. § 3161(h)(8)(A), which requires that to exclude delay resulting from a continuance—even one "granted ... at the request of the defendant"—the district court must find "that the ends of justice served ... outweigh the best interest of the public and the defendant in a speedy trial"). That public interest cannot be served if a defendant can replace his counsel on the eve of trial to force a continuance.

II.    The defendant's claims of lack of access to discovery ring hollow and are not a basis to continue the trial.

Rhodes claims that he has had insufficient access to discovery, despite having had access to discovery for eight months. According to a prior filing, current counsel have provided the defendant with hard copies of these discovery materials on a rolling basis, and have visited Rhodes to review the discovery with him. ECF No. 201 at 2. Rhodes' principal complaint is that he has limited access to an *electronic* copy of discovery. While he is not entitled to an electronic copy of the discovery, this Court and the government have taken steps to ensure the defendant access to

his electronic copy of discovery for at least twelve hours a week. Accordingly, lack of access to discovery materials is not a basis for a continuance. And neither is an allegation that Rhodes' co-defendants allegedly have superior access to discovery. *Cf.* Mot. at 2-3.

A defendant does not have an unfettered right to personally review discovery. *See United States v. Kvashuk*, No. 19-cr-0143-JLR, 2020 WL 569862, at *4 (W.D. Wash. Feb. 5, 2020) ([A] pretrial detainee's right to access the courts does not guarantee the relief [the defendant] seeks— increased access to a computer in preparation of his case and the opportunity to personally review all discovery produced by the Government."); *United States v. Thompson*, No. 2:10-cr-200-DBH, 2013 WL 1809659, at *6–7 (D. Me. Apr. 29, 2013), *aff'd*, 851 F.3d 129 (1st Cir. 2017) (holding that neither the Constitution nor Rule 16 imposes a duty on the government or court to allow a criminal defendant to personally review discovery materials); *United States v. Faulkner*, No. 3:09-cr-249-D(02), 2011 WL 3962513, at *4 (N.D. Tex. Sept. 8, 2011) ("[The defendant's] personal review of the disclosed digital data prior to trial is not constitutionally required or otherwise legally mandated where, as here, [the defendant] is represented by counsel who has had the ability to review the discovery before trial.").

III.    Rhodes bases his request for a continuance in significant part on requests for discovery to which he is not entitled or has already been provided and his desire to file baseless motions.

Rhodes contends that he needs a continuance in order to file a motion to obtain the electronic discovery of his co-defendants who have pled guilty pursuant to cooperation plea agreements. Mot. at 7. These materials have already been provided in discovery and, incidentally, are on Rhodes' hard drive of discovery materials. The defendant seeks discovery regarding House Select Committee materials that are not in the government's possession. The defendant demands

access to information about pipe bombs whose discovery did not cause Congress to recess on January 6 and, in any event, did not negate the fact that the presence of certain defendants and their co-conspirators inside the Capitol delayed Congress' ability to reconvene. The Court cannot credibly assess a continuance request based on such inaccurate representations about the state of discovery.

Rhodes' continuance request also relies on his purported need to file certain motions that are irrelevant, unnecessary, or baseless. He seeks to file a motion to suppress evidence that he lacks standing to suppress (a recording made by a private citizen on that citizen's electronic device). The defendant asserts a need to move *in limine* to suppress certain evidence of firearms purchases—an issue that easily can be dealt with at the Pretrial Conference. The defendant makes baseless claims that the government has charged co-defendants merely because of their purported status as witnesses for the defense, overlooking the grand jury materials provided in discovery that firmly establish a basis for the grand jury to find probable cause of these defendants' guilt. He alleges that the government withheld information from the grand jury despite the disclosure in discovery of grand jury transcripts that establish that such material *was* presented.

Moreover, Rhodes' complaints about discovery, witnesses, or motions are tactical decisions firmly within the decision-making authority of his lawyers. "The invocation of the right to counsel . . . involves a delegation of decision-making responsibility from the accused to his lawyer. . . . [T]he [Supreme] Court distinguished between basic rights that the attorney cannot waive without the fully informed and publicly acknowledged consent of the client and tactical decisions over which the lawyer has—and must have—full authority." *United States v. Reynoso*,

38 F.4th 1083, 1095 (D.C. Cir. 2022) (quoting *Faretta v. California*, 422 U.S. 806, 818 (1975)) (alterations omitted).

Finally, Rhodes makes a litany of incorrect or irrelevant allegations. To take just three examples: First, he alleges that Joshua James, Brian Ulrich, and William Wilson were "threatened with life imprisonment," and that "prosecutors have openly said they seek life imprisonment for Rhodes." Mot. at 3, 7. Untrue. Second, Rhodes claims that Mr. Linder and Mr. Bright were somehow deficient in missing "deadlines for filing interlocutory appeals." Mot. at 5. But he fails to identify any ruling by this Court to which he can even claim a right to an interlocutory appeal. *See* 28 U.S.C. § 1291 (allowing appeals from only final judgments); *United States v. Brizendine*, 659 F.2d 215, 226 (D.C. Cir. 1981) (recognizing only limited exceptions to this strictly construed rule). Third, Rhodes complains that his attorneys failed to challenge his indictment for seditious conspiracy on First Amendment grounds. Mot. at 15-16. But they did; following extensive briefing and argument, the Court denied the motion. *See* June 28, 2022, Memorandum Opinion and Order, ECF No. 176, at 23-24.

In sum, none of the discovery Rhodes seeks or motions he wants to file justifies a continuance of this matter, particularly in light of the weighty interests in favor of proceeding to trial.

IV.    The Court should conduct a thorough inquiry of Defendant Rhodes and his counsel as to whether there is good cause to substitute counsel on the eve of trial.

Under the Sixth Amendment, a defendant has the right to retain a lawyer of his choice, but that right is not absolute. *Powell v. Alabama*, 287 U.S. 45, 53 (1932); *United States v. Turcios*, 107 F.3d 924, 924 (D.C. Cir. 1996) (citation omitted). "When an indigent defendant seeks appointment of substitute counsel pro se, [ ] the district court generally has an obligation to engage the defendant

in a[n on-the-record] colloquy concerning the cause of the defendant's dissatisfaction with his representation[,]" *United States v. Graham*, 91 F.3d 213, 221 (D.C. Cir. 1996) (citations omitted), and in that colloquy, the defendant bears the burden of demonstrating good cause for the substitution. *United States v. Sitzmann*, 826 F. Supp. 2d 73, 92–93 (D.D.C. 2011). Examples of good cause include "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication" to the extent that it prevents the defendant and his attorney from preparing an adequate defense. *Id.* (quoting *Smith v. Lockhart*, 923 F.2d 1314, 1320 (8th Cir. 1991)). Rhodes' motion, even if all the factual allegations are to be believed, suggests that his relationship with Mr. Linder and Mr. Bright is more strained than completely broken. *Cf. United States v. Gordon*, 77 F. Supp. 3d 95, 100 (D.D.C. 2015) (denying motion to continue based on alleged strained relationship between defendant and counsel, in part because "a meaningful relationship between a client and his counsel is not guaranteed by the Sixth Amendment. No court could possibly guarantee that a defendant will develop that kind of rapport with his attorney.") (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983) (alterations and internal quotation marks omitted)).

While Rhodes is seeking to retain new counsel rather than have new counsel appointed, given the last-minute nature of this request and how it jeopardizes a long-established trial date, the Court, prior to granting such a request, should assure itself of the necessity of this request via a colloquy.

WHEREFORE, the United States respectfully requests that Rhodes' motion for a continuance of the September 27 trial date be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____
Kathryn L. Rakoczy
Assistant United States Attorney
D.C. Bar No. 994559
Ahmed M. Baset
Louis Manzo
Jeffrey S. Nestler
Kathryn Rakoczy
Troy A. Edwards, Jr.
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530

_____/s/_____
Alexandra Hughes
Justin Sher
Trial Attorneys
National Security Division,
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

11