# Exhibit F

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Case No. 21-CR-28 (APM) |
| JESSICA WATKINS, | : |
| Defendant. | : |

## GOVERNMENT'S REPLY
## IN SUPPORT OF PRE-TRIAL DETENTION

The United States respectfully files this reply to the defendant's Motion to For Release to Home Confinement Pending the Outcome of Her Case. (ECF 26). For the reasons stated below, and those already raised in the Memorandum in Support of Pre-Trial Detention (ECF 15), the defendant should remain detained pending trial.

## ARGUMENT

The evidence remains irrefutable that the defendant recruited others to join, trained for, planned, and participated in a coordinated effort to, as she put it, "forc[e] entry into the Capitol Building. #stopthesteal #stormthecapitol #oathkeepers #ohiomilitia" on January 6, 2021. (ECF 15 at 10). The defendant points out that detention should be based "not [on] her 'professed belief[s]' but by her actions," (ECF 26 at 1), yet ignores the multitude of well-chronicled actions that she, along with other Oath Keeper members and associates, took in an effort to forcibly stop the certification of the 2020 Electoral College Vote. She further notes that detention rests "on whether she is likely to commit other crimes if released pending trial," but still believes that the crimes she committed—the evidence of which is "concededly strong"—were lawful and consistent with her oath to support the Constitution. (at 4, 9). This Court should thus order the defendant remain held

pending trial for her brazen and unapologetic participation in offenses that are among "the more threatening to our way of life." *United States v. Eric Munchel*, No. 1:21-cr-00118, (J. Lamberth, February 17, 2021).

The defendant cannot rebut the presumption of detention in this case. First, she has been charged and now indicted by a federal grand jury for Aiding and Abetting in the Destruction of Government Property, an enumerated offense under 18 U.S.C § 2332(b)(g)(5)(B) from which the presumption of detention arises. The evidence remains unrebutted that she participated in a violent mob that broke the door through which she "forc[ed] entry into the Capitol" moments later. The defendant argues that she did not intend to destroy property and even told others not to engage in such conduct (at 8), however, has no explanation for the video depicting her, along with other Oath Keeper members and associates, gleefully embedded within this mob outside of the Capitol building before moving inside with them after the door was breached. As she stated in the "Stop the Steal J6" Zello app channel, "We have a good group. We have about 30-40 of us. We are sticking together and sticking to the plan." (ECF 15 at 2). Any confusion about the defendant's intent behind this action, as well as whether law enforcement approved of the breach and entry, is clarified by her January 6 Parler post in which she responds to a comment challenging whether she actually forced entry by confirming, "Nope. Forced. Like Rugby. We entered through the back door of the Capitol." *See* Criminal Complaint, January 19, 2021 (ECF 1 at 9).

Second, because the defendant has been indicted on an enumerated offense "calculated to influence or affect the conduct of government," the defendant has been charged with a federal crime of terrorism as defined under 18 U.S.C §§ 2332b(g)(5). Therefore, an additional basis for detention under 18 U.S.C § 3142(g)(1) is applicable. Indeed, the purpose of the aforementioned "plan" that the defendant stated they were "sticking to" in the Zello app channel became startlingly

2

clear when the command over that same Zello app channel was made that, "You are executing citizen's arrest. Arrest this assembly, we have probable cause for acts of treason, election fraud." *Id.*

While the defendant asserts that she was just following the constitution and is respectful of law and order (at 4), her adherence is clearly subject to her own understanding of what the Constitution and law mean. As Watkins stated in a text message sent to a recruit on October 15, 2020, when describing her militia: "We are Constitutionalists: non-racial, non-partisan, pro-government so long as that Gov't follows the Constitution." The notion that "[s]he recognizes that former President Trump is just that – a former President," (at 4-5) is belied by the defendant's statements urging for the need to "fight, kill, and die for our rights" should Biden "still be our President." (ECF 15 at 4).

Moreover, the defendant's conduct on January 6th was geared toward engaging in a violent encounter to see through her carefully coordinated plan. From the combat gear she changed into after the rally, to the radio and encrypted applications she used to communicate with her co-conspirators, the "less-than lethal" but still dangerous weapons she carried with her, and her knowledge that a Quick Reaction Force ("QRF") with heavy weaponry was on standby and within striking-distance should the need arise—the defendant was prepared for the prospect of violence that, in many observable ways, came to fruition. To suggest this was all planned to counter a perceived Antifa threat as defendant argues (at 12), is to ignore that the defendant was drawn to Washington, D.C. because, as she put it, "[i]f Trump activates the Insurrection Act, I'd hate to miss it." (ECF 15 at 5). And while she might have considered her role to include providing medical assistance (at 10), it was not her primary function as she acknowledged in a text to a recruit, stating, "I'm no doctor. I'm a soldier. A medic with a rifle, maybe, but a solider. I will

3

hurt/kill those who try to hurt/kill me or others." (ECF 15 at 5). That she did not commit violence against officers or others while storming the Capitol is a function of the chaos that she helped to ferment and that ultimately overwhelmed officers' best efforts.

Finally, detention is necessary because the defendant's release poses a serious risk of flight. 18 U.S.C. § 3142(f)(2). She has indicated a willingness to go "underground if this coup [Biden election] works," which comports with the "Warning" issued by the Oath Keeper leader, Person One, calling the current administration "an illegitimate regime" and on members to refuse to obey any acts or orders flowing from this government that are necessarily unconstitutional. (ECF 15 at 13). Moreover, her allegiance to the Oath Keepers and belief in the righteousness of her actions on January 6th has only calcified in the days since. When discussing over text with Person One a media report that portrayed her conduct and that of her fellow Oath Keepers from that day in a negative light, the defendant maintained,

> If he has anything negative to say about us OATHKEEPERS, I'll let you know so we can sue harder. Class action style. Oathkeepers are the shit. They rescued cops, WE saved lives and did all the right things. At the end of the day, this guy better not try us. A lawsuit could even put cash in OK coffers. He doesn't know who he is playing with. I won't tolerate a defamation of character, mine or the Patriots we served with in DC. Hooah?!

## CONCLUSION

There are no conditions or combination of conditions that will reasonably assure the safety of the community or the defendant's submission to this Court's authority should she perceive the actions of our leaders or this Court as contradictory to her understanding of her duties under the Constitution. Release may be the norm, but the defendant's actions and the beliefs that inspired her are uniquely threatening to our democratic way of life. This Court should thus deny the defendant's motion for release.

4

Respectfully submitted,

MICHAEL R. SHERWIN
ACTING UNITED STATES ATTORNEY

AHMED M. BASET
Assistant United States Attorney
IL Bar No. 630-4552
Kathryn L. Rakoczy
Jeffrey S. Nestler
Troy A. Edwards, Jr.
Louis Manzo
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
555 4th Street, N.W.
Washington, D.C. 20530

Justin Sher
Alexandra Hughes
Trial Attorneys
National Security Division
United States Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2021, I sent a copy of the foregoing via the Court's electronic filing system to Michelle Peterson, Esq., counsel for the defendant.

*/s/ Ahmed M. Baset*

AHMED M. BASET
Assistant United States Attorney