IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | )  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **Case No. 1:22-cr-00015-APM** |
| v. | ) | |
| | ) | |
| **KELLY MEGGS,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MOTION TO JOIN AND ADOPT

Defendant Kelly Meggs, by and through undersigned counsel, and pursuant to Rule 2 of the Federal Rules of Criminal Procedure, hereby respectfully requests this Court permit him to adopt and join Defendant Stewart Rhodes's Memorandum in Support of Defense Arguments at Trial Relating to the Insurrection Act (Sep. 19, 2022) (ECF No. 324).

In its response to Mr. Rhodes's argument in support of reliance on the Insurrection Act as a defense in the trial in this matter, the government observes that, "[n]o other defendant proffered any evidence establishing a link between his or her own plans and the Insurrection Act [and that] Rhodes is the sole movant of the memorandum in support of the introduction of Insurrection Act evidence and arguments that he filed." Opp. at 1 n.1 (Sep. 21, 2022) (ECF No. 331).

The government's assertion is contradicted by its own public positions. For example, in no less than five (5) of the statements purportedly by Mr. Meggs that the government has proffered it intends to admit as evidence in this trial is the Insurrection Act referenced. Of note, all five (5) statements are to five (5) different people asserting that former President Trump will invoke the Insurrection Act. Thus, the government's assertion that the Insurrection Act is "not relevant" to this case is indefensible.

1

Specifically, the government argues the Insurrection Act is not relevant because "the evidence . . . will show that Rhodes viewed the Insurrection Act as 'legal cover' and not a prerequisite for his and his co-conspirators' plans to use force against the government." *Id.* at 6. But the government's *argument* doesn't render the Insurrection irrelevant. Rather, it's just that, *an argument*, for why Mr. Rhodes, Mr. Meggs, and/or any other member of the Oath Keepers could not have relied on the Insurrection Act in furtherance of the conduct the government asserts is evidence of seditious conspiracy. In addition, the government argues the Insurrection Act is not relevant because former President Trump never invoked the Insurrection Act. *Id.* at 7. This argument too is unsupported on its face – the argument of those who relied on the Insurrection Act is that the actions the government claims are in furtherance of a seditious conspiracy were instead in anticipation of former President Trump's invocation of the Insurrection Act. The fact that former President Trump never actually invoked the Act should not preclude Messrs. Rhodes, Meggs, and co-defendants from arguing that the Act motivated their actions. Rather, the government bears the burden of proving that their actions were instead in furtherance of a criminal conspiracy – seditious or otherwise.

At bottom, the question presented to the Court is not whether the Insurrection Act is relevant. Rather, the question is what the Insurrection Act provides. If, as Mr. Rhodes contends, the President of the United States has "broad authority" "to call forth the militia under the Insurrection Act," and that Mr. Rhodes and those the government alleges agreed to assist him as necessary, are *per se* members of an unorganized militia – "all males physically capable of acting in concert for the common defense," *District of Columbia v. Heller*, 554 U.S. 570, 595 (2008) – Mr. Meggs, like Mr. Rhodes, should be permitted to present evidence and offer argument, to the

effect that their actions were in preparation for the expectation that former President Trump invoked the Act.

Accordingly, Mr. Meggs respectfully requests the Court permit Mr. Meggs to join and adopt Mr. Rhodes's brief (ECF No. 324).

**[SIGNATURE ON NEXT PAGE]**

Dated: September 22, 2022                  Respectfully submitted,

                                                       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

                                                      */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
The Law Offices of Julia Haller
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC 20004
Telephone: (202) 729-2201
HallerJulia@outlook.com

*Counsel for Defendant Kelly Meggs*

## CERTIFICATE OF SERVICE

On September 22, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                           */s/ Stanley E. Woodward, Jr.*
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        1808 Park Road, Northwest
                                        Washington, DC  20010
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com