UNITED STATES DISTRICT COURT
THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No.: Cr. 1:22-cr-00015-APM |
| | ) | |
| STEWART RHODES, ET. AL. | ) | |

**MOTION TO RECONSIDER ECF 288 IN THIS RENEWED MOTION TO EXCLUDE 404B EVIDENCE (HAND GRENADES FROM JEREMY BROWN SEARCH)**

1. Defendant Ken Harrelson, by and through the undersigned counsel, and Defendant Kelly Meggs, by and through his counsels Julie Haller and Stanley Woodward and, pursuant to this court's Pretrial Order, dated May 12, 2022, (ECF 133), hereby files this Renewed Motion in Limine to suppress the admission hand grenades that was denied in ECF 288.

2. New evidence draws into question the issue of Jeremy Brown's possession of the two hand grenades as there was extensive forensics testing of the hand grenades that failed to result in a match to Brown or his dog that rode in the RV to attend and perform security details at the January 6, 2021 rally.

3. On September 29, 2021 a DC Magistrate Judge authorized a search warrant on Jeremy Brown's residence and residential vehicle (RV) and trailer. Among items seized was a vest from inside the Brown home that is similar to the vest Jeremy Brown wore on January 6. This vest had affixed surgical scissors on the front like in the photo below. Also seized were two hand grenades that were contained in a separate vest recovered from an RV in the front yard. Brown has

consistently maintained the vest containing the grenades and the grenades themselves that were recovered from the RV were not his.



4. On October 6, 2021 a TEDAC trace was performed on the hand grenades that were wrapped with hurricane tape that yielded a human hair, a hair consistent with a dog hair and beige type carpet fibers.

5. On October 25, 2021 a TEDAC trace was performed on the hand grenades. One grenade yielded a DNA conclusion consistent with being from a mixture of individuals. There was not enough information to even sex type the results. The other grenade was found to contain male DNA.

6. On February 3, 2022, additional DNA samples were obtained from Brown and **Brown was excluded from being a potential contributor of DNA contained on the grenades** (Attachment 1).

7.    The theory for admissibility under 404B in the Rhodes case was already tenuous, but now the remoteness of time where comingling with the Brown's and the Brown's dog in the RV for 9 months since January 6, 2021, when he is alleged without evidence to have had them in the RV, should have resulted in the accumulation of recoverable DNA from the grenades tied to Brown after these many months, but particularly when the sticky side of the tape can be clearly see exposed in photos of both grenades. The lack of DNA should be another factor strongly suggesting Brown never possessed these grenades.

For these reasons, these grenades should not be admissible under Rule 404B against Defendant Harrelson who respectfully requests this Court suppress this highly prejudicial and remote evidence in terms of time and lack of any connection to the charged defendants.

Dated:  October 2, 2022

RESPECTFULLY SUBMITTED
KENNETH HARRELSON, *By Counsel*
/s/ Brad Geyer

Bradford L. Geyer, PHV
PA 62998
NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

**CERTIFICATE OF SERVICE**

I hereby certify that on October 2, 2022, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the District of Columbia.

/s/ Brad Geyer
Bradford L. Geyer, PHV
PA 62998

NJ 022751991
Suite 141 Route 130 S., Suite 303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708