UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>KELLY MEGGS,<br><br>**Defendant.** | )<br>)<br>)  Case No. 1:22-cr-00015-APM<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR BENCH TRIAL**

Defendant Kelly Meggs, by and through his undersigned counsel, hereby respectfully requests this Court permit Mr. Meggs a nonjury bench trial, pursuant to Rule 23 of the Federal Rules of Criminal Procedure.

**I.   BACKGROUND**

Mr. Meggs was first charged by criminal complaint on February 11, 2021. *United States v. Kelly Meggs*, No. 21-MJ-225 (Feb. 11, 2021) (ECF No. 1). Thereafter, on February 19, 2021, a grand jury returned an indictment as against Mr. Meggs charging him with four counts, including 18 U.S.C. § 1512(c)(2). Since his arrest and subsequent indictment, Mr. Meggs has consistently challenged the ability of a jury in this district to be fair and impartial. *See In re Murchison*, 349 U.S. 133, 136 (1955). On July 1, 2021, Mr. Meggs's co-defendant, Thomas Caldwell, first filed a motion to transfer venue because, "any potential jury will presumptively be prejudiced against [the defendants], thus making it impossible for [the defendants] to receive a fair trial in the District." Mot. at 21-22, *United States v. Caldwell*, No. 21-CR-28 (July 1, 2021) (ECF NO. 273). The government opposed and the Court denied the motion. On April 15, 2022, Mr. Meggs's co-defendants filed a motion to change venue asserting that they faced significant prejudice in the District of Columbia and would otherwise be unable to have a fair and impartial

jury. Mot. at 23, *United States v. Crowl*, No. 21-cr-28 (April 15, 2022) (ECF No. 654). As part of their motion, the defendants produced three (3) commissioned surveys demonstrating prejudgment bias in this District as against those accused of participating in the events of January 6, 2021. The government opposed and the Court denied the motion. On July 22, 2022, Mr. Meggs requested a continuance, rather than a transfer of venue, but again asserting the impossibility of a fair and impartial jury in this District for those alleged to have participated in the events of January 6, 2021. Mot. at 5 (July 22, 2022) (ECF No. 198). The government opposed and the Court denied the motion.

The operative indictment in this matter was returned on June 22, 2022, charging Mr. Meggs and his co-defendants with a scheme – seditious conspiracy – to illegally oppose the lawful transition of presidential power leading up to and on January 6, 2021. Superseding Indictment at 3 ¶ 3 (ECF No. 167). Currently, the Rhodes Defendants are scheduled to be tried in two separate jury trials: one beginning today and the next in late November.

In *voir dire*, Mr. Meggs sought the exclusion of a number of jurors whom he and defense counsel believed incapable of being fair and impartial. Although the Court concluded forty-seven (47) jurors could ultimately be fair and impartial, it is irrefutable that the majority of those questioned had negative feelings about the events of January 6, 2021. Of most significance is the juror for whom defense counsel requested an additional peremptory strike: Juror 1262 – a defense contractor whose wife works in the Federal Programs Branch of the Department of Justice. While perhaps not part of the "prosecution team," the juror's familial connection to the Department of Justice – the largest law firm in the world – is inherently a conflict of interest. The court denied Mr. Meggs's request for an additional peremptory strike and juror 1262 now sits on the jury that will adjudge Mr. Meggs.

In short, Mr. Meggs has exhausted every procedural avenue to avoid judgment by a jury he firmly believes is incapable of being fair and impartial given the gravity of the events of January 6, 2021. Accordingly, he respectfully requests this Court permit him a bench trial.

Rule 23 of the Federal Rules of Criminal Procedure states that when a defendant is entitled to a jury trial, the trial must be by jury unless the defendant waives a jury trial in writing, the government consents, and the court approves. Fed. R. Crim. P. 23(a)(1)-(3). The validity of the rule was upheld by the Supreme Court in *United States v. Singer*, 380 U.S. 24 (1965), where the court held that the reason the statute remains as requiring the government's consent is because "the government attorney in a criminal prosecution is not an ordinary party to a controversy, but a 'servant of the law' with a 'twofold aim . . . that guilt shall not escape or innocence suffer.' It was in light of this concept of the role of prosecutor that Rule 23(a) was framed, and we are confident that it is in this light that it will continue to be invoked by government attorneys." *Id.* at 37 (quoting *Berger v. United States*, 295 U.S. 78, 88 (1935)). The Court further held that, "[b]ecause of this confidence in the integrity of the federal prosecutor, Rule 23(a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver. Nor should we assume that federal prosecutors would demand a jury trial for an ignoble purpose." *Id*. Thus, the court declined to consider in what cases a prosecutor might demand a jury trial for an "ignoble purpose," and what that "ignoble purpose" may be. Mr. Meggs submits that this case presents precisely the scenario contemplated by the Court in *Berger*. Specifically, the government has advised that it oppose a bench trial in this matter unless all co-defendants *it chose to try together* agree to a bench trial. As the government is well aware, one defendant – with virtually no connection whatsoever to Mr. Meggs – has thus far opposed a bench trial.

Although the Supreme Court has not recognized a right to a bench trial pursuant to the Sixth or Seventh Amendments the way that a right to a trial by jury has been recognized, cases in the D.C. Circuit where bench trials were denied often came down to the traditional value placed upon juries as the factfinders and decision-makers in criminal trials. *See generally Dixon v. United States*, 292 F.2d 768, 769-770 (D.C. Cir. 1961). Notably, no court in this district has addressed this scenario identified by the Supreme Court – that the government might insist on a jury trial for an "ignoble purpose." This district has, however, acknowledged that the government may not veto a defendant's request for a bench trial that violates his constitutional rights, as held in *Singer*. *See United States v. Dockery*, 955 F.2d 50, 55 (D.C. Cir. 1992). Here, the significant potential for bias within the jury pool and the inability of Mr. Meggs to be tried by a fair and impartial jury violate his Constitutional rights. No matter the inconvenience to the government of having to try Mr. Meggs separately, any insistence by the government that he be tried by a jury that cannot be fair and impartial constitutes a breach of the government's duty to be a "servant of the law," to act with integrity and to demand jury trials only for noble purpose.

## CONCLUSION

For the foregoing reasons, Mr. Meggs respectfully requests this Court find that a bench trial is warranted as to Mr. Meggs, following a colloquy confirming Mr. Meggs's knowing and informed waiver of his right to t a trial by jury in this matter.

**[SIGNATURE ON NEXT PAGE]**

Dated: October 3, 2022　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　_/s/ Stanley E. Woodward, Jr._
　　　　　　　　　　　　　　　　　Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
　　　　　　　　　　　　　　　　　BRAND WOODWARD LAW, LP
　　　　　　　　　　　　　　　　　1808 Park Road NW
　　　　　　　　　　　　　　　　　Washington, DC  20010
　　　　　　　　　　　　　　　　　202-996-7447 (telephone)
　　　　　　　　　　　　　　　　　202-996-0113 (facsimile)
　　　　　　　　　　　　　　　　　Stanley@BrandWoodwardLaw.com

　　　　　　　　　　　　　　　　　_Counsel for Defendant Kelly Meggs_

## CERTIFICATE OF SERVICE

On October 3, 2022, the undersigned hereby certifies that a true and correct copy of the foregoing was electronically filed and served via the CM/ECF system, which will automatically send electronic notification of such filing to all registered parties.

                                                  */s/ Stanley E. Woodward, Jr.*
                                        Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
                                        BRAND WOODWARD LAW, LP
                                        1808 Park Road, Northwest
                                        Washington, DC  20010
                                        202-996-7447 (telephone)
                                        202-996-0113 (facsimile)
                                        Stanley@BrandWoodwardLaw.com