UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-00015-APM |
| | ) | |
| THOMAS E. CALDWELL | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT CALDWELL'S MOTION TO ALLOW INTO EVIDENCE CERTAIN TESTIMONY REGARDING UNCHARGED DEFENDANTS AND FOR OTHER RELIEF

Defendant Thomas E. Caldwell, by and through his attorney, David W. Fischer, Esq., respectfully requests the Court's permission to introduce into evidence relevant and probative testimony regarding uncharged defendants, and for other relief as set forth below, and in support of said motion states as follow:

1. Caldwell seeks to admit testimony through the cross-examination of government witnesses that 40-plus members of the North Carolina Oath Keepers ("NC-OKS"), who were present in Washington, D.C. on January 6, 2021 ("J6"), and who traveled together to and from the District, have not been charged with any crimes by the government. Ordinarily, proof relating to the charging status of others does not survive Rule 403 scrutiny. *United States v. Bingham*, 653 F.3d 983, 999 (9th Cir. 2011) ("The government may decide to charge or not to charge a suspect in an indictment for a variety of reasons that have nothing to do with his guilt or innocence,

taking into consideration the availability of prosecutorial resources, alternative priorities, the expectation of prosecution by other authorities, or any number of other valid discretionary reasons."). By contrast, the instant case presents a scenario wherein charging status is relevant and probative as to Caldwell's guilt or innocence. First, Caldwell is substantially tied to the NC-OKS, and the jury should be made aware that this group has effectively been exonerated by the government. Second, Special Agent Michael Palian testified at trial that Caldwell's initial arrest was in relation to a "different plan" than that charged in the instant case. That "different plan," as sketched out in Caldwell's initial criminal complaint affidavit, involved co-defendants Jessica Watkins, Donovan Crowl, Caldwell and *the North Carolina Oath Keepers*. *See* ECF 1-2 at 13-14, 5:21-mj-00004-JCH (1/19/21) (W.D. Va.) (Quoting a Caldwell Facebook message: "We will link up with the north carolina [sic] crew."). In fact, the first criminal complaint strongly suggested that Stewart Rhodes was not a party to the "different plan" laid out by Special Agent Palian in his affidavit. *Id*. (Quoting a Caldwell Facebook message: "I don't know if Stewie has even gotten out his call to arms but it's a little friggin late. This one we are doing on our own.").

2. That an FBI investigation into the NC-OKS organization began days after J6 and dozens of members of that group have been interviewed by the FBI. To date, not one member of the 40-plus group of NC-OKS who are connected to Caldwell have been charged with any crimes. The lack of charges the NC-OKS against suggests that the "different plan" was in fact a non-crime, which casts doubt on the reliability of the FBI's investigation.

3. That the government opened the door for testimony regarding the charging status of the NC-OKS through the testimony on Thursday, October 6, 2022, of former North Carolina Oath Keeper John Zimmerman. Zimmerman testified that the NC-OKS broke away from co-defendant Stewart Rhodes's national Oath Keepers organization after the November 14, 2020 "Million MAGA March" in Washington, D.C. after a dispute about tactics related to Antifa violence.

4. Zimmerman's testimony implicitly painted the NC-OKS as the "good guys" and those on trial with Stewart Rhodes as the "bad guys." Accordingly, the government will suffer no Rule 403 prejudice by the introduction into evidence of the fact that none of the 40-plus NC-OKs have been federally charged. In other words, advising the jury that the "good guys" have not been charged with a crime only buttresses the government's point that they are the "good guys." Additionally, the government certainly cannot claim lack of resources as a grounds for not prosecuting the North Carolina contingent, i.e., the government has been granted unlimited resources to prosecute J6 defendants. Moreover, that six attorneys are assigned to this case demonstrates that the government has no other "priorities" right now but to prosecute individuals connected to the Oath Keepers.

5. Additionally, NC-OKS Paul Stamey's name has been brought up by multiple witnesses at trial. Stamey was the "QRF" for the 40-plus NC-OKS on J6 and has been described as elderly. Stamey was identified in the earliest charging documents as "Person 3" and investigated by the FBI within days of J6. On September 9, 2021, Stamey provided *a 4-hour statement to government counsel and the FBI at his attorney's office in North Carolina*. In his statement, Stamey unloaded a ream of

exculpatory statements regarding Caldwell, including the purpose of the QRF, Caldwell's tenuous connection to the Oath Keepers, Caldwell's penchant for Walter Mitty-type musings, that Caldwell was a "tour guide" for the Oath Keepers on January 6, and that a firearm Caldwell allegedly brought to the "QRF hotel" was an antique, .22 caliber kid's type rifle that Caldwell brought (without ammunition) as a show-and-tell piece, not for the QRF.

6. That Stamey, through his counsel, has advised the undersigned that he intends to invoke his 5th Amendment privilege if called to testify. The government, upon subsequent request, has indicated a refusal to grant Stamey immunity on the grounds that Stamey is an unindicted co-conspirator. Accordingly, Caldwell will be deprived of his most critical witness at trial as Stamey, if believed, fully exonerates Caldwell as to the charges of seditious conspiracy and conspiracy to obstruct an official proceeding. Respectfully, it is beyond the pale that the government is seriously considering prosecuting an elderly man with multiple health issues, who provided a lengthy statement to the FBI over a year ago, and who was part of a 40-plus group of NC-OKS who have not been charged.

7. "There may be rare cases where the denial of immunity would comprise a miscarriage of justice." *United States v. De La Cruz*, 996 F.2d 1307, 1314 (1st Cir. 1993). Stamey is the alleged "link" between Caldwell and Rhodes; his testimony, if consistent with his FBI statement, breaks the link and exonerates Caldwell of the conspiracy charges in the instant case. The Court has the authority to level the playing field in light of the government's refusal to grant Stamey immunity. Stamey's absence would "distort

the trial" by depriving Caldwell of an exculpatory witness and it would suggest to the jury that Stamey may have been charged in the conspiracy.

8. Caldwell suggests that, if the government refuses to grant Stamey immunity, the Court consider dismissal of Caldwell's case or, alternatively:  1) allow in relevant portions of Stamey's videotaped statement to the FBI; or 2) authorize a "missing witness" jury instruction that instructs the jury that it can infer that had Stamey been called as a witness, his testimony would have been favorable to Caldwell; or 3) allow the defense to advise the jury that Stamey and the 40-plus NC-OKs have not been charged with a crime; or 4) a combination of any of these requests.

WHEREFORE, Caldwell respectfully requests relief as set forth in his motion.

Respectfully submitted,

/s/David W. Fischer, Esq.
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 300
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant Thomas Caldwell

**CERTFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 10th day of October, 2022, a copy of the foregoing Motion to Allow into Evidence Certain Testimony Regarding Uncharged Defendants and for Other Relief was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:    Office of the United States Attorney/DOJ
Kathryn Rakoczy, Esq.
Jeffrey Nestler, Esq.
Troy Edwards, Esq.
Louis Manzo, Esq.
Alexandra Hughes, Esq.
Justin Sher, Esq.
555 4th Street, NW
Washington, DC 20001


              /s/
David W. Fischer, Esq.