UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 22-cr-15 (APM) |
| | ) |
| JOSEPH HACKETT, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**AND NOW**, this _____ day of _____, 2022, upon consideration of Defendant's Motion for Colloquy of Government Counsel on the Record Regarding Protection of Defense Work Product, it is hereby **ORDERED** that the Motion is **GRANTED**.

_____
**The Honorable Amit P. Mehta**
**United States District Court Judge**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )  No. 22-cr-15 (APM)-7 |
| | ) |
| JOSEPH HACKETT, | ) |
| | ) |
| Defendant. | ) |

**JOSEPH HACKETT'S MOTION FOR COLLOQUY OF GOVERNMENT COUNSEL
ON THE RECORD REGARDING PROTECTION OF DEFENSE WORK PRODUCT**

Defendant, Joseph Hackett, by and through his undersigned counsel, Angela Halim, Esq., hereby respectfully submits this motion to ask the Court to engage government counsel in a colloquy on the record regarding the protection of defense work product contained on the Relativity/Deloitte and USAFx/Box platforms. Mr. Hackett does not suggest any wrongdoing on the part of government counsel; he makes this request in an abundance of caution given unique methods of production utilized in this case and the volume of discovery produced to cloud-based information systems. In support of his request, Mr. Hackett avers as follows:

1) As the Court is aware, all counsel for January 6 (J6) defendants have access to a massive volume of materials, produced by the government to a cloud-based document review and workflow platform. The parties colloquially refer to this platform as "Relativity" hosted by Deloitte. It appears that Relativity and Deloitte are two separate entities engaged in a strategic partnership or alliance. *See* https://www.relativity.com/partners/deloitte. It is not clear to Mr. Hackett what the interplay is between the entities as it pertains to the hosting and management of the government's discovery productions.

2

2) The government has advised defense counsel in the above-captioned matter that Deloitte handles litigation support for the government, which includes (but is presumably not limited to) preparation of government trial exhibits. When defense counsel raised potential concern that Deloitte is involved in the management of documents for both the government and defense in J6 cases, counsel for the government, Jeffrey Nestler, advised in an October 4, 2022 email that "Deloitte has separate teams that (1) handle litigation support for the government and (2) manage the defense instance of Relativity."

3) The Relativity online workspace is a sophisticated platform that allows users to interact with documents and materials in multiple ways. In addition to document review functions (navigating through documents/pages/other media, running and saving keyword searches, organizing materials, etc.), the workspace also allows users to create custom labels or "tags" to assign to select materials, insert comments or review notes, and otherwise interact with the materials such that it generates protected work product.

4) In an abundance of caution, Mr. Hackett respectfully asks the Court to conduct a colloquy of government counsel on the record to 1) flesh out more information regarding protections in place within Deloitte and Relativity to insure complete separation of the defense and government "teams," and 2) to confirm that government counsel has no access to defense work product generated through the review of discovery on the Relativity online workspace. Mr. Hackett accepts the government's representation conveyed via email that the Deloitte teams are separate; however, he believes it warrants an on-the-record conversation with the Court.

5) The more significant concern, in Mr. Hackett's view, pertains to USAFx and/or Box.com[1]. As Mr. Hackett understands it, that cloud-based platform is designed primarily for file sharing; although it is possible to review materials uploaded to USAFx, the files are only available for a limited amount of time and, unlike the Relativity workspace, USAFx does not have document review functions beyond fundamental features such as page/document navigation. Additionally, when a user logs in to USAFx, the following warning sits just below the "sign in" button:

   a. This information system is provided for U.S. Government-authorized use only. Unauthorized or improper use of this system may result in disciplinary action and/or civil and criminal penalties. By using this information system, you understand and consent to the following: You have no reasonable expectation of privacy regarding any communications transmitted through or data stored on this information system. At any time the government may monitor, intercept, search and/or seize data transiting or stored on this information system. Any communications transmitted through or data stored on this information system may be disclosed or used for any U.S. Government-authorized purpose.

6) Although a review of materials on USAFx does not generate the type of work product generated on the Relativity workspace, it may nonetheless convey some work product information, such as metadata related to the number of times a user selects a particular document, time stamps indicating duration of review on particular documents, etc. In light of the facts that USAFx is government property and basic review might convey

---

[1] The parties refer to USAFx, but the email "invitation" with a link to materials appears to come from Box.

defense work product, it is best practices to download materials to a user's private file-management system or computer and review from there.

7) The government produces the vast majority of case-specific discovery and trial related materials by uploading them to USAFx. As has been conveyed to the Court may times, keeping up with the weekly – and sometimes daily – uploads is a time-consuming process and organizational predicament. Due to the nature of the materials produced, the files are large and often take hours to download. Recently, for example, the undersigned attempted to download the "Trial Exhibit Exchange" folder twice, both times waiting hours for the 30+ gigabyte folder to download only to get an error message that the download failed.

8) Mr. Hackett's trial is approximately six weeks away and it is no longer feasible to spend hours attempting to download large files before reviewing the materials. Due to time constraints, Mr. Hackett is forced to review the materials on USAFx and download individual items piecemeal. That process, choosing which individual item to download from a larger subset, constitutes defense work product that resides on an information system the government owns.

9) Mr. Hackett respectfully asks the Court to conduct a colloquy of government counsel on the record regarding what type of digital information is stored on USAFx when a user reviews materials on the information system; whether government counsel has access to that information; and, if necessary, order the government not to monitor, retrieve, or analyze data generated by a review of materials on USAFx.

For all the reasons set forth herein, Mr. Hackett respectfully requests the Court grant this motion.

Respectfully submitted,

_____/s/ Angela Halim_____
Angela Halim, Esq.,
3580 Indian Queen Lane
Suite 10A
Philadelphia, PA  19129
(215) 300-3229
angiehalim@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.


                                                         _____/s/ Angela Halim_____
                                                            Angela Halim, Esq.

Dated:  October 14, 2022