UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| ) | |
| **v.** ) | Case No. 22-cr-00015-APM |
| ) | |
| **STEWART RHODES, et. al.,** ) | |
| ) | |
| ) | |
| **Defendants** ) | |
| ) | |

**DEFENDANT ROBERTO MINUTA'S MOTION *IN LIMINE* NO. 1 --**

**WITNESS NARRATION OF VIDEO AND DOCUMENTARY EVIDENCE**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

1

NOW COMES Defendant Roberto Minuta, by and through his counsel of record, William L. Shipley, Esp., and respectfully request this Honorable Court issue an *in limine* order precluding any government witness without personal knowledge from offering testimony in the form of a narration of events depicted on any video footage or documents offered into evidence during either the Government's case-in-chief or rebuttal case.

If an individual is not properly qualified as an expert, did not witness the depicted events while present at the scene of the crime, and lacks greater ability to understand items of evidence than does the jury, such person is not competent to testify to the meaning or significance of such evidence. United States v. Shabazz, 564 F.3d 280, 287 (3d Cir.2009)(witness prohibited from testifying about events on video that the witness did not personally observe).

In Shabazz, a co-perpetrator testified against the defendant and narrated video surveillance footage of a robbery alleged to have been committed by both. But the District Court limited the that narration to the events the co-perpetrator was involved in on the basis that he was a percipient witness to those events. The District Court prohibited narration of those portions of the video that the witness had not personally seen at the time of the robbery. To allow narration on events not personally observed would have converted a fact witness into a lay opinion witness.

In United States v. Dixon, 413 F.3d 540, 545 (6th Cir.2005), the district court prohibited identification testimony of the defendant in surveillance photographs which was to be offered by the defendant's son and two ex-wives. The Court prohibited the testimony on the ground that their testimony would

not assist the jury in determining whether the individual depicted in the photograph was, in fact, the defendant.

> [T]he district court found that the evidence failed to establish that either Dixon, Jr. or Alexander was familiar with Dixon's appearance at the specific time of the offense. The court also found that the evidence indicated that Dixon had not altered his appearance prior to trial. These factual findings are supported by the evidence and are not clearly erroneous. Moreover, our review of the surveillance photograph indicates that it is not of particularly poor or grainy quality, and it fully depicts the suspect's body from the waist up. Accordingly, the district court did not abuse its discretion in excluding the identification testimony of Dixon, Jr. and Alexander on the ground that it would not significantly aid the jury in determining whether the person in the surveillance photograph is Dixon.

See also, State v. Buie, 671 S.E.2d 351, 354–56 (N.C.Ct.App.2009); Gonzales v. State, No. 2–04–466–CR, 2006 WL 820387, at *3 (Tex.App. Mar. 30, 2006) (unpublished); see also Robinson v. People, 927 P.2d 381, 384 (Colo.1996) ("[A] lay witness may testify regarding the identity of a person depicted in a surveillance photograph if there was some basis for concluding that the witness is more likely to correctly identify the defendant from the photograph than is the jury.")

United States v. Begay, 42 F.3d 486 (9th Cir. 1994) is instructive. At issue there was the narration of an enhanced videotape that had been specially created by a government witness from another source video. Id. at 502. The original source video was marked as trial Exh. 1, and the specially created video was marked as trial Exh. 105 – it was only a portion of Exh.1. Id.

3

The agent created Exh. 105 with some portions of the video slowed down, the video quality enhanced, and color-coded circles and arrows added to show the movements of identified subjects.  Id.

The district court allowed Exh. 105 to be admitted on the basis that it was helpful to the jury, but on the condition that witness testimony would explain how the video had been manipulated and the markings that were added.  This would ensure that the witness would be subject to cross-examination.  Id.

But the witness was allowed to narrate only Exhibit 105 – the video he specially created, not the original source video (Exhibit 1) which was not altered  Id.

The Ninth Circuit affirmed allowing the witness narration as to Exh. 105 as "lay opinion" testimony under Rule 701, with the witness's personal knowledge coming from extensive study of Exh. 1 and hundreds of photographs of the same event that allowed him to create the special video with the added features.  Id. at 503.

Federal Rule of Evidence 701 allows for "lay opinion" testimony but only in limited factual circumstances that must be established in advance.  Proper lay opinion testimony is that testimony which is 1) based on the witness's perception; 2) helpful to the jury in understanding the witness's testimony; and 3) not an "expert" opinion within the scope of Rule 702.

In this case the government has multiple videos and still images of the defendants.  Narration of video evidence will not "assist" the jury – they can

4

watch the videos and draw their own conclusions as to what they show as well as any agent called as a witness.

Similarly, Government witnesses – in particular federal agents – should be prohibited from reading aloud the text of documentary exhibits about which they have no first-hand knowledge.  The exhibit is the evidence.   The jurors should be allowed to form their own views on the meaning and weight to give any such exhibits without testimony about what the text means.  Reading the exhibit aloud does not assist the jury in understanding the exhibit. Without some additional foundation, there is no reason to believe the special agent has first-hand knowledge regarding the intent of the writer or impact of the document on any reader.

Once a foundation is laid for a document and it is admitted, further testimony about the contents of the document by a special agent is irrelevant under Rule 401 and invades the province of the jury.

Dated: November 7, 2022		Respectfully submitted,

/s/ William L. Shipley
William L. Shipley, Jr., Esq.
PO BOX 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com

*Attorney for Defendant*