UNITED STATES DISTRICT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 22-cr-00015-APM |
| | ) | |
| THOMAS E. CALDWELL | ) | |
| | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENDANT CALDWELL'S OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE REGARDNG CLOSING ARGUMENTS

Defendant Thomas E. Caldwell, by and through his attorney, David W. Fischer, Esq., respectfully requests that the Court deny the government's request to preclude Caldwell from making certain arguments in closing. (ECF 393). The government's motion should be denied.

First, the government seeks to preclude "Caldwell from arguing, among other similar statements, that the FBI believed that defendant Caldwell led the attack on the Capitol on January 6." (ECF 393, at 1). The government's argument is without merit. First, Special Agent Palian specifically testified that Mr. Caldwell, Jessica Watkins, and Donovan Crowl were, before the instant indictment, charged under a theory that they planned an attack on the U.S. Capitol:

> Q. Well, sir, [Caldwell] was only charged with two other people when you originally charged him: Jessica Watkins and Donovan Crowl; right?
> A. Yes.

> Q. Okay. *And you alleged he had a plan about attacking the Capitol; right*?
>
> A. *Correct*.

(Tr. 1665) (emphasis added). After the undersigned pointed out that the bulk of the evidence supporting the instant indictment occurred months after Caldwell's arrest, Special Agent Palian testified:

> Q. So by logic, sir, that means that you must have been alleging *a different plan than the Serbian plan*?
>
> A. Yes.
>
> Q. Okay. So, in other words, *that would be something different than what Mr. Caldwell or what Mr. Rhodes is alleged to have led in this case*. That's what I'm saying; correct?
>
> A. I believe so. I think that's fair.

(Tr. 1666) (emphasis added). Special Agent Palian also agreed that an amended criminal complaint he filed in January 2021 accused Caldwell of conspiring to "forcibly storm the United States Capitol." *Id*. In short, the government's prior claims contained in its earliest charging documents that Mr. Caldwell plotted an attack on the Capitol Building are clearly in evidence. Accordingly, Caldwell should be entitled to present this evidence to the jury in furtherance of his "rush to judgment" theory of the case.

The government also seeks to preclude the defense from making arguments regarding Stewart Rhodes not being charged until January 12, 2022. The government's request is without merit. Rhodes is a co-defendant in this case and the date of his arrest is already in evidence. Moreover, multiple FBI agents—in remarkably similar verbiage—have testified that the danger a suspect allegedly poses to the country causes quick, "arrest first, investigate later scenarios." The government has portrayed Rhodes as extremely dangerous. That Caldwell was charged based upon a few hours of investigation while Rhodes, despite overwhelming law enforcement surveillance, was not charged until a year after Caldwell,

casts doubt on the accuracy of the testimony of multiple FBI agents as well as the reliability of the investigation.[1] Additionally, evidence has been elicited that nine to twelve months after Caldwell's quick arrest, the FBI was asking basic questions, such as: "What was the QRF for?" and "Why did the QRF have guns?" and "Was there a premeditated plan to attack the Capitol?" The delayed arrest of Rhodes highlights short-comings in the FBI's investigation and is fair game for Caldwell's closing argument.

The Government next seeks to preclude "Caldwell's counsel from arguing that the jury can infer that defendant Caldwell told the truth to the FBI in his post-arrest interview because the government has not charged him with violating 18 U.S.C. § 1001." This request should be denied. Special Agent Palian during his testimony repeatedly questioned Caldwell's truthfulness during his FBI interview. Agent Palian testified:

> Q. And by the way, you said that Mr. Caldwell wasn't -- you know, *you said that he had lied*; is that right?
> 
> A. He did.

(Tr. 1651) (emphasis added). Special Agent Palian also testified that he warned Caldwell that lying during his FBI interview was a crime:

> Q. And to be clear, in this case today, he's not charged with lying to you, is he?
> 
> A. No, he's not been charged with that.
> Q. Okay. And -- and so, in fact, during your interview, you warned him -- you gave him the Martha Stewart warning. You said it was a crime to lie to the FBI; is that right?
> A. Correct.

---

[1] The Government's request to preclude Caldwell from arguing that Caldwell's arrest was big news at the time should also be denied. (Tr. 1660) (Q. In fact, sir -- I mean, this was a pretty big case at the time. A. Still is.).

(Tr. 1637).  Finally, Special Agent Palian claimed that the FBI could not trust a word that Caldwell said during his interview:

> Q. Okay. Well, in fact, sir, your agents were specifically investigating after -- after you interviewed Mr. Caldwell whether he was on Zello; right?
> A. I think we looked to confirm that *because we couldn't really trust anything that Mr. Caldwell said necessarily*, but we -- we continued to look because we always look for corroboration of facts.

(Tr. 1657) (emphasis added).  That Caldwell has not been charged with lying to the FBI is a fact already in evidence and highly relevant to Caldwell's defense.

Accordingly, Caldwell should be allowed to argue in closing 1) that the FBI specifically warned him that he could be charged with a crime for lying to the FBI; and 2) that the FBI did not charge Caldwell with lying during his interview.[2]

WHEREFORE, Caldwell respectfully requests that the government's motion be denied.

Respectfully submitted,

/s/David W. Fischer, Esq.
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 300
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant Thomas Caldwell

---

[2] Caldwell will not make arguments regarding a "tactical band of fighters" but will note to the jury that no military training, equipment, and materiel was ever located at the Caldwell farm.

## CERTFICATE OF SERVICE

    I HEREBY CERTIFY that on this 18th day of November 2022, a copy of the foregoing Opposition to the Government's Motion in Limine to Preclude Certain Defense Arguments was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:    Office of the United States Attorney/DOJ
Kathryn Rakoczy, Esq.
Jeffrey Nestler, Esq.
Troy Edwards, Esq.
Louis Manzo, Esq.
Alexandra Hughes, Esq.
Justin Sher, Esq.
555 4th Street, NW
Washington, DC 20001


        /s/
David W. Fischer, Esq.