**UNITED STATES DISTRICT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **Case No. 22-cr-00015-APM** |
| | ) | |
| **STEWART RHODES, et. al.,** | ) | |
| | ) | |
| | ) | |
| **Defendants** | ) | |
| | ) | |

**DEFENDANT ROBERTO MINUTA'S SUPPLEMENTAL BRIEF IN SUPPORT OF
CO-DEFENDANT HACKETT'S MOTION IN *LIMINE* REGARDING
"MONTAGE" EXHIBITS**

William L. Shipley
PO Box 745
Kailua, Hawaii 96734
Tel: (808) 228-1341
Email: 808Shipleylaw@gmail.com
*Attorney for Defendant*

NOW COMES Defendant Roberto Minuta, by and through his counsel of record William L. Shipley, and respectfully files this Supplemental Brief in Support of Co-Defendant Hackett's Motion in *Limine* Regarding "Montage" Exhibits.

The Government has fabricated "montage" exhibits which it claims are a form of "summary evidence" authorized for admission into evidence under Federal Rule of Evidence 1006. Exhibit 1500 is the most obvious example of such an exhibit, but it is not the only Government fabricated piece of evidence. While it is true that the admission of "summary exhibits" pursuant to Rule 1006 is a matter left to the sound discretion of the trial judge, it is also true that a trial judge has no discretion to admit an exhibit based solely on the fact that the Government labels it as a "summary" in conclusory and self-serving fashion.

In evaluating the nature of Gov't Exhibit 1500, the first question is not whether the exhibit is a "summary" covered by Rule 1006, but rather what properly constitute "summaries" under the plain language of that Rule. Once the parameters of proper "summary evidence" are defined, the Court can then determine whether the fabricated evidence fits within those parameters.

Summary exhibits under Rule 1006 are intended to *substitute* for the admission of voluminous records upon which they are based. "The proponent may use a summary, chart, or calculation *to prove the content* of voluminous writings…". Rule 1006.

A foundational aspect of the rule is that the underlying records themselves are "too voluminous" to themselves be "conveniently examined in court."

Charts and summaries as evidence are governed by Federal Rule of Evidence 1006...." *United States v. Wood,* 943 F.2d 1048, 1053 (9th Cir.1991). "In contrast, charts or summaries of testimony or documents already admitted into evidence are merely pedagogical devices, and are not evidence themselves." *Id.*

Under the rule, a proponent of a summary exhibit must satisfy four elements for admission:

> (1) the summarized material must be "voluminous" and not conveniently subject to examination in court; (2) the summary or chart must be an accurate compilation of the voluminous records; (3) the records summarized must be otherwise admissible into evidence; and (4) the underlying documents must be made available to the opposing party for examination and copying.

*United States v. Tsoa,* 2013 WL 6145664, 11 (E.D. Va. Nov. 20, 2013) citing *United States v. Janati,* 374 F.3d 263, 272 (4th Cir. 2004)).

The Advisory Note reinforces this foundational requirement by stating that resort to the use of summaries is not warranted unless "The admission of summaries … offers *the only practicable means* of making their contents available to the judge and jury."

The Cambridge Dictionary defines "practicable" as "able to be done or put into practice successfully."

The reverse construction of the Advisory Committee Note is that where it is practicable to make use of the voluminous evidence – such as where the

government does just that -- use of summaries in place of that evidence is not authorized by the Rule.

But that is exactly what happened in the first trial – the Government admitted into evidence all the various components of admitted exhibits that it assembled in the fabricated "montage" exhibits.  The "montages" prepared by government actors do not summarize voluminous evidence for the purpose of proving the content thereof, but rather samples various discreet moments and pages/documents from the voluminous evidence, and then incorporates the samples in a demonstrative exhibit which is simply the reflection of the Government case narrative brought to life.

The test for whether the fabricated piece of evidence is a properly admissible summary under Rule 1006 is simple – if the Summary Exhibit is not allowed into evidence would the Government be deprived of the use of the underlying voluminous evidence, e.g. that the otherwise relevant evidence is too voluminous to be practicably examined in court.

If the Government is not denied the benefit of the underlying evidence without the fabricated summary exhibit, then that exhibit is not a "summary" as contemplated by the Rule.

In the first trial the Government was able to admit into evidence through stipulation and witness testimony all the video evidence, text messages, document evidence, phone records, timestamps, etc., that are included in the fabricated Exhibit 1500 and others. The individual components were all admitted as separately marked exhibits.  When that is the case, summary exhibits relying on admitted evidence are merely pedagogical devices and are

not evidence themselves. They represent a manner and method of presenting already admitted evidence to the jury, and not an alternative form of proof that substitutes for the evidence itself.

Government's Exhibit 1500 does not "prove the content" of the underlying evidence – it is a multi-media presentation of "samples" taken from evidence already admitted. Such a presentation is not itself evidence and should not be admitted.

In _United States v. Hart_, 295 F.3d 451 (5th Cir. 2002), the prosecution introduced a summary exhibit in a mortgage fraud trial that listed allegedly undisclosed debts, but without any evidence of an obligation by the defendant to disclose the full amounts of those debts. _Id._ at 456-57. In reversing the conviction, the Fifth Circuit ruled that the exhibit carried too much potential for prejudice: "The government cannot use a 'summary' chart under FRE 1006 to assume that which it was required to prove beyond a reasonable doubt as operative facts of the alleged offense." _Id._ at 459. In _Eichorn v. AT&T Corp._, 484 F.3d 644, 650 (3d Cir. 2007), the Third Circuit upheld the district court's rejection of a summary exhibit because it included improper opinion testimony:

> The plaintiffs' proffered calculations are better described as a synthesis rather than a summary of the charts and other evidence on which Mr. Crowley relied. The calculations went beyond the data they summarized and included several assumptions, inferences, and projections about future events, which represent Mr. Crowley's opinion, rather than the underlying information. The proposed evidence is thus subject to the rules governing opinion testimony and was properly held inadmissible.

The "montage" exhibits fabricated by the Government are not "summaries" as defined by Rule 1006. As such, they are not admissible into evidence themselves as might be true of other "summary" exhibits prepared by

various witnesses, such as the summary of Signal and Facebook data, summary of "GoToMeeting" videoconferencing records, summary of cellular telephone contacts, etc.

Based on the foregoing, Defendant Roberto Minuta requests that the Court grant the motion in *limine* of co-defendant Joseph Hackett regarding the "montage" exhibits such as Exhibit 1500.


Dated: December 1, 2022                    Respectfully submitted,

                                        /s/ William L. Shipley
                                        William L. Shipley, Jr., Esq.
                                        PO BOX 745
                                        Kailua, Hawaii 96734
                                        Tel: (808) 228-1341
                                        Email: 808Shipleylaw@gmail.com

                                        *Attorney for Defendant*