UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | No. 22-cr-15 (APM) |
| | ) | |
| **JOSEPH HACKETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### JOSEPH HACKETT'S MOTION *IN LIMINE* TO PRECLUDE INTRODUCTION OF SAMSUNG FLIP PHONE

Defendant Joseph Hackett, by and through his undersigned counsel, hereby submits this motion *in limine* to preclude the government from introducing a Samsung flip phone and testimony opining that the phone was a "burner" phone.

The government notified counsel, by way of revised proposed stipulations, on Wednesday, December 7, 2022, that the government intends to introduce a Samsung flip phone that was seized from Mr. Hackett's house during the execution of a search warrant on or about May 28, 2021. Before receiving the government's revised proposed stipulations, Mr. Hackett did not know that the government had any intention of introducing the flip phone. During a video conference with government counsel on December 8, 2022, the undersigned learned that the government intends to introduce the flip phone to suggest it was a "burner" phone. Mr. Hackett has received no notice that a law enforcement agent – or any other witness – would opine that an old flip phone seized from his house was a "burner" phone.

The Samsung flip phone has not been used in almost 10 years. It is an old phone that belonged to one of Mr. Hackett's close family friends, MT. A forensic review of the phone shows that it had service from May 18, 2014 to November 22, 2014, and, during that time, approximately 127 text messages were sent and/or received. Around 2014-2015, MT and his

wife used to babysit Mr. Hackett's young child three days per week while Mr. and Mrs. Hackett worked.  MT stopped using the phone and gave it to Mr. Hackett's child to play with as a toy phone.  The last activity on the phone was logged as an "outgoing call" on December 5, 2017 at 10:39 a.m., to the number 23188118231645 for a duration of 0:00:00, consistent with a young child typing in random numbers.  It appears there was no active service on the flip phone at that time.  There has been no activity whatsoever on the old phone since then.

The government now wants to tell the jury that Mr. Hackett had a "burner" phone.  The phone and any testimony that it is a "burner" must be precluded for several reasons.  First, there is no evidence that Mr. Hackett possessed that phone, as opposed to his wife or his child.  Second, there is no evidence whatsoever that the phone was obtained or used as a "burner" phone.  Third, because Mr. Hackett did not know the government intended to introduce this phone or to introduce opinion testimony that it was a "burner" phone, he has not prepared to have MT available as a fact witness.

To date, the most information the government has given to Mr. Hackett regarding its anticipated exhibits was the list of exhibits admitted at the Rhodes trial.  The only reason Mr. Hackett was made aware that the government intended to use this item in its case-in-chief was because the government wanted him to stipulate to its chain of custody and admissibility.  The phone and any testimony regarding it should be excluded.

Respectfully submitted,

     /s/ Angela Halim
Angela Halim, Esq.,
3580 Indian Queen Lane, Suite 10A
Philadelphia, PA  19129
(215) 300-3229
angiehalim@gmail.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                                                                                                        /s/ Angela Halim
                                                                                                                            Angela Halim, Esq.

Dated:  December 9, 2022