IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | **Criminal No. 1:22-cr-00015-APM** |
| v. ) | |
| ) | |
| **KELLY MEGGS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MOTION FOR JUDGMENT OF ACQUITTAL OR FOR NEW TRIAL

COMES NOW, Defendant Kelly Meggs, by and through undersigned counsel, and respectively formally moves this Court for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) and for a new trial pursuant to Federal Rule of Criminal Procedure 33(b)(2), with intent to supplement the foregoing with briefing to be filed on or before December 23, 2022, per the Court's December 11, 2022, Minute Order.

On October 3, 2022, a trial by jury was initiated against Mr. Meggs and his codefendants Rhodes, Watkins, Caldwell, and Harrelson. On November 3, 2022, the government completed its presentation of evidence and thus rested its case in chief. Accordingly, defense counsel for Mr. Meggs orally moved for a judgment of acquittal, which the Court deferred ruling on. On November 17, 2022, the defense rested its case. It then orally renewed its motion for a judgment of acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court deferred ruling on this motion and advised the parties that they could submit supplement briefs on these motions at the conclusion of trial. On November 29, 2022, the jury found Mr. Meggs guilty of Seditious Conspiracy (Count 1), Conspiracy to Obstruct an Official Proceeding (Count 2), Obstruction of an Official Proceeding (Count 3), Conspiracy to Prevent Members of Congress

from Discharging their Duties (Count 4), and Tampering with Documents or Proceedings (Count 8). At the parties' request and within 14 days of the jury's verdict, on December 11, 2022, the Court issued an order extending the deadline for submission of briefing pursuant to Rules 29 and 33 until December 23, 2022.

Rule 29(a) of the Federal Rules of Criminal Procedure provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). In considering a Rule 29 motion this Court must determine "whether upon the evidence, viewed 'in a light most favorable to the Government giving full play to the right of the [trier of fact] to determine credibility, weigh the evidence and draw justifiable inference of fact,' a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989); *see United States v, Kayode*, 254 F.3d 204, 212-13 (D.C. Cir. 2001) (quoting *United States v. Harrington*, 108 F.3d 1460, 1464, (D.C. Cir. 1997)); *United States v. SaFavian*, 644 F. Supp. 2d 1, 7-8 (D.D.C. 2009); *United States v. Duran*, 884 F. Supp. 577, 583 (D.D.C. 1995), affd, 96 F.3d 1495 (D.C. Cir. 1996).

Although, the Court must "accord[] the government the benefit of all legitimate inferences," *see United States v. Weisz*, 718 F.2d 413, 437 (D.C. Cir. 1983), cert denied 465 U.S. 1027 (1984), and deny the motion if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See United States v. Arrington*, 309 F.3d 40, 48 (D.C. Cir. 2002) (emphasis in original) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Although the evidence must be viewed in the light most favorable to the government, this Court is obligated to accord the government the benefit of only "legitimate inferences."

*United States v. Singleton*, 702 F.2d 1159, 1163 (D.C.Cir. 1983). Moreover, Rule 29 requires the Court to view the evidence that the government deems must be evidence of guilt, but can otherwise be explained as equally innocent, in a balance. *See Curley v. United States*, 160 F.2d 229, 233 (D.C. Cir. 1947) (if "a reasonable mind must be in balance as between guilt and innocence, a verdict of guilt cannot be sustained"). Thus, in order to find a legitimate and nonspeculative inference of guilt the government must articulate a rational basis in the evidence upon which that inference can arise. *United States v. Recognition Equip., Inc.*, 725 F. Supp. 587, 588 (D.D.C. 1989).

This Court must grant Defendant's motion for judgment of acquittal if it finds that the evidence, even if viewed in the light most favorable to the government, is such that a reasonable trier of fact would have a reasonable doubt as to the existence of any of the essential elements of the crime. *United States v. Durant*, 208 U.S. App. D.C. 374, 648 F.2d 747 (D.C. Cir. 1981); *see also United States v. Foster*, 251 U.S. App. D.C. 272, 783 F.2d 1087, 1088 (D.C. Cir. 1986). Finally, this Court "cannot let a case go to the jury unless there is evidence of some fact which to a reasonable mind fairly excludes the hypothesis of innocence." *Curley*, 160 F.2d at 233.

Put another way, the Court must grant a motion for judgment of acquittal if "a reasonable juror must necessarily have had a reasonable doubt as to the defendant[']s guilt." *See United States v. Weisz*, 718 F.2d at 437 (emphasis in original) (citing *United States v. Singleton*, 702 F.2d 1159, 1162-63 (D.C. Cir. 1983)). *See also United States v. Reese*, 561 F.2d 894, 898 (D.C. Cir. 1977); *Curley v. United States*, 160 F.2d 229, 232-33 (D.C. Cir. 1947) ("[I]f there is no evidence upon which a reasonable mind might fairly conclude guilt beyond reasonable doubt, the motion [for judgment of acquittal] must be granted."), cert denied, 331 U.S. 837 (1947); *United States v. Jabr*, 2019 U.S. Dist. LEXIS 238718, *9-10, (D. D.C., May 16, 2019).

Pursuant to Federal Rule of Criminal Procedure 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." When granting a new trial, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand" and "[t]his power should be . . . invoked only in those exceptional cases in which the evidence weighs heavily against the verdict." *United States v. Howard*, 245 F. Supp. 2d 24, 30 (D.D.C. 2003) (quoting *United States v. Edmonds*, 765 F. Supp. 1112, 1118 (D.D.C. 1991)). Moreover, a new trial should be allowed "only if the defendant has shown that the error . . . affected the defendant's substantial rights." *United States v. Williams*, 825 F. Supp. 2d 128, 132 (D.D.C. 2011). Finally, "by contrast to a motion for a judgment of acquittal under Rule 29 due to the insufficiency of the evidence, a defendant 'seeking to obtain a new trial' under Rule 33 is asking the court to determine that the state of the evidence is only 'marginally sufficient' such that it 'calls for a new trial in the interest of justice." *United States v. Young*, 2013 U.S. Dist. LEXIS 204453, *12 (D.D.C. 2013) (quoting *United States v. Wiley*, 517 F.2d 1212, 1217, n.24, 170 U.S. App. D.C. 382 (D.C. Cir. 1975). Thus, "by contrast to the evaluation of the evidence required under Rule 29 [for a motion for a judgment of acquittal], the court's discretion whether to grant a motion for a new trial . . . is "much broader," since the court need not accept the evidence in the light most favorable to the government, and may weigh the testimony and consider the credibility of the witnesses." *Young*, 2013 U.S. Dist. LEXIS at *12-13.

This Circuit has previously held that "Rule 33 clearly authorizes motions for extensions of time to file new trial motions." *United States v. Hall*, 370 F.3d 1204, 1206 (D.C. Cir. 2004). As the Circuit recognized, the allotted time for filing a new trial motion "may not always be 'adequate time to make a well-supported motion for a new trial' which is why Rule 33 'affords

4

judges great flexibility to set a new date.'" *Hall*, 370 F.3d at 1206 (quoting *United States v. Marquez*, 351 U.S. App. D.C. 373, 291 F.3d 23, 28 (D.C. Cir. 2002). Finally, the commentary to the Rule provides that "Rule 33(b)(2) requires the defendant to move for a new trial within [fourteen] days after the verdict . . . *or within some other time set by the court* in an order issued during that same [fourteen]-day period." *See* Fed. R. Crim. P. 33(b)(2) advisory committee's note to 2005 amendment.

Mr. Meggs now submits the foregoing motion to formally memorialize Mr. Meggs's intent to submit briefing in support of his motion for a judgment of acquittal or for a new trial within the additional time proscribed by the Court in its December 11, 2022, Minute Order as necessitated by the complexity of the issues involved. Mr. Meggs ultimately challenges his convictions as to the above counts on grounds that will be set forth in a substantive supplemental memorandum, which the court has advised is due on or before December 23, 2022.

Based on the above rules of law and on further argument to be set forth in a substantive supplemental brief, Mr. Meggs fully expects to satisfy the necessary elements warranting a new trial in this matter and for a judgment of acquittal. Mr. Meggs intends to submit argument that the verdict as to all guilty counts was unsupported by adequate evidence to sustain his convictions to the standard of beyond a reasonable doubt, and that the verdict was against the weight of the evidence adduced at trial. In addition to arguments made in various motions to dismiss and an oral motion for judgment of acquittal, Mr. Meggs, as instructed by the Court, will file a supplemental brief in support of the instant requests for a new trial and for the granting of a judgment of acquittal.

## CONCLUSION

WHEREFORE, Mr. Meggs respectfully requests that he be granted a new trial or that his motion for a judgment of acquittal be granted, and reserves argument on these motions to be filed in a combined supplemental brief.

**[SIGNATURE ON NEXT PAGE]**

Dated: December 13, 2022                    Respectfully submitted,

                                                                       */s/ Stanley E. Woodward, Jr.*
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC  20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

                                                                       */s/ Juli Z. Haller*
Juli Z. Haller, (DC 466921)
THE LAW OFFICES OF JULIA HALLER
601 Pennsylvania Avenue, N.W., Suite 900
Washington, DC  20004
202-729-2201 (telephone)
HallerJulia@outlook.com

*Counsel for Defendant Kelly Meggs*

**Certificate of Electronic Service**

I hereby certify that on December 13, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, with consequent service on all parties of record.

Respectfully submitted,

_/s/ Stanley E. Woodward, Jr._
Stanley E. Woodward, Jr. (D.C. Bar No. 997320)
BRAND WOODWARD LAW, LP
1808 Park Road NW
Washington, DC 20010
202-996-7447 (telephone)
202-996-0113 (facsimile)
Stanley@BrandWoodwardLaw.com

*Counsel for Defendant Kelly Meggs*