**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )          **Criminal No. 22-cr-15 (APM)** |
| | ) |
| ROBERTO MINUTA, | ) |
| | ) |
| JOSEPH HACKETT, | ) |
| | ) |
| DAVID MOERSCHEL, and | ) |
| | ) |
| EDWARD VALLEJO, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## JURY INSTRUCTIONS

Ladies and gentlemen, the time has now come when all of the evidence is in.   It is now up to me to instruct you on the law.   Before we talk about the specific charges alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.   Some of these will repeat what I told you in my preliminary instructions.

### Function of the Court

My function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case.

It is your duty to accept the law as I instruct you.   You should consider all the instructions as a whole.   You may not ignore or refuse to follow any of them.

### Function of the Jury

Your function, as the jury, is to determine what the facts are in this case.   You are the sole judges of the facts.   While it is my responsibility to decide what is admitted as evidence during

the trial, you alone decide what weight, if any, to give to that evidence.   You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism.   You should not be improperly influenced by anyone's race, ethnic origin, or gender.   Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case.   If you believe that I have expressed or indicated any such opinion, you should ignore it.   The verdict in this case is your sole and exclusive responsibility.

### Jury's Recollection Controls

If any reference by the court or the attorneys to the evidence does not coincide with your own recollection of the evidence, it is your recollection that should control during your deliberations.

### Notetaking by Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes.   You may take your notebooks with you to the jury room and use them during your deliberations if you wish.   As I told you at the beginning of the trial, your notes are only to be an aid to your memory.   They are not evidence in the case, and they should not replace your own memory of the evidence.   Those jurors who have not taken notes should rely on their own memory of the evidence.   The notes are intended to be for the notetaker's own personal use.

### Burden of Proof – Presumption of Innocence

Every defendant in a criminal case is presumed to be innocent.   This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt.   This burden never shifts throughout the trial.   The

law does not require the defendant to prove his innocence or to produce any evidence at all.   If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense.   On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, you must find the defendant not guilty of that offense.

### Reasonable Doubt – Defined

The government has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable.   In criminal cases such as this one, the government's proof must be more powerful than that.   It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case.   If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life. However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason.   The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.   Its burden is to prove guilt beyond a reasonable doubt.

### Nature of Charges Not to Be Considered

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to render a fair and impartial verdict.   There was a reason for that question.   You must not allow the nature of the charges themselves to affect your

verdict.   You must consider only the evidence that has been presented in this case in rendering a fair and impartial verdict.

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side.   Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe.   You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite.

### Considering the Evidence in the Case

During your deliberations, you may consider only the evidence properly admitted in this trial.   The evidence in this case was the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts.   You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience.   You should give any evidence such weight as in your judgment it is fairly entitled to receive.

### Statements of Counsel – Not Evidence

The statements and arguments of the lawyers are not evidence.   They are only intended to assist you in understanding the evidence.   Similarly, the questions of the lawyers are not evidence.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence.  When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.   On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example.   Assume a person looked out a window and saw that snow was falling.   If he or she later testified in court about what they had seen, their testimony would be direct evidence that snow was falling at the time he saw it happen.   Assume, however, that a person looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up.   That testimony about what had been seen would be circumstantial evidence that it had snowed while the person was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact.   The law does not favor one form of evidence over another.   It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial.   You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence.   In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper.   You must not hold such objections against the lawyer who made them or the party they represent.   It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.   If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations.   Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## Credibility of Witnesses

In determining whether the government has proved its case, you must consider and weigh the testimony of all the witnesses who have appeared before you.

You are the sole judge of the credibility of the witnesses.   In other words, you alone are to determine whether to believe any witness and the extent to which any witness should be believed.

In reaching a conclusion as to the credibility of any witness, you may consider any matter that may have a bearing on the subject.   You may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony.   Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis-recollection, like a failure of recollection, is not an uncommon experience.   In weighing the effect of the

inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate.  You may consider whether the witness has been contradicted or supported by other credible evidence.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

### Participants' Testimony

The government is permitted to call witnesses who testify that they participated in the offense(s) charged against the defendant(s), although the testimony of such a witness should be considered with caution.   You should give their testimony as much weight as in your judgment it deserves.

### Witnesses with Plea Agreements

You have heard evidence that two witnesses, Caleb Berry and Brian Ulrich, entered into a plea agreement with the government pursuant to which they agreed to testify truthfully in this case and the government agreed to dismiss certain charges against them and bring their cooperation to the attention of their sentencing judge and consider filing papers with their judge which would

permit that judge to impose a more lenient sentence than that judge might otherwise be able to impose.

The government is permitted to enter into these kinds of plea agreements.   You, in turn, may accept the testimony of such witnesses and convict a defendant on the basis of this testimony alone, if it convinces you of a defendant's guilt beyond a reasonable doubt.   Witnesses who have entered into plea agreements are under the same obligation to tell the truth as are any other witnesses; the plea agreement does not protect them against a prosecution for perjury or false statement, should they lie under oath.

However, you may consider whether witnesses who have entered into such agreements have an interest different from other types of witnesses.   You may consider whether the plea agreements the witnesses entered into with the government have motivated them to testify falsely against the defendants.   The testimony of witnesses who have entered into plea agreements should be considered with caution. You should give their testimony as much weight as in your judgment it deserves.

### Preparation of Witness

You have heard testimony about witnesses meeting with attorneys and/or investigators before they testified.   You are instructed that it is perfectly proper for a lawyer or investigator to interview a witness in preparation for trial.

### Police Officer's or Law Enforcement Agent's Testimony

A police officer's or law enforcement agent's testimony should be considered by you just as any other evidence in the case.   In evaluating the officer's or agent's credibility you should use the same guidelines that you apply to the testimony of any witness.   In no event should you give

either greater or lesser weight to the testimony of any witness merely because he or she is a police officer or law enforcement agent.

## Right of Defendant Not to Testify

Every defendant in a criminal case has an absolute right not to testify.   Each of the defendants has chosen to exercise this right.   You must not hold this decision against them, and it would be improper for you to speculate as to the reason or reasons for their decisions.   You must not assume any defendant is guilty because they chose not to testify.

## Specialized Opinion Testimony

In this case, you heard the testimony of Jennifer Banks who expressed opinions concerning cell site location information.   If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

## Evaluation of Prior Inconsistent Statement of a Witness

You have heard evidence that witnesses may have made statements on an earlier occasion and that these statements may be inconsistent with testimony here at trial.   It is for you to decide whether the witness made such a statement and whether in fact it was inconsistent with the witness's testimony here.   If you find such an inconsistency, you may consider the earlier

statement in judging the credibility of the witness, but you may not consider it as evidence that what was said in the earlier statement was true.

You have also heard evidence that Caleb Berry made an earlier statement under oath, subject to the penalty of perjury at the grand jury, and that this statement may be inconsistent with his testimony here at trial.   If you find that the earlier statement is inconsistent with Mr. Berry's testimony here in court, you may consider the inconsistency in judging Mr. Berry's credibility. You also may consider this earlier statement as evidence that what was said in the earlier statement was true.

### Evidence Admitted Against One Defendant Only

Certain evidence in this case has been admitted only against a particular defendant, and not admitted against other defendants.   That evidence includes the following:

1.      Exhibits 4802.1 and 4802.2 are admitted only against Mr. Hackett.

Unless I have previously instructed you otherwise, all other evidence has been admitted against all defendants.

### Transcript of Video and Audio Recording

A transcript of a recording was furnished for your convenience and guidance as you listened to the recording to clarify portions of the recording which are difficult to hear and to help you identify speakers.   The recording, however, is the evidence in the case; the transcript is not. If you notice any difference between the transcript and the recording, you must rely only on the recording and not the transcript.   In addition, if you cannot determine from the recording that particular words were spoken, you must disregard the transcript as far as those words are concerned.

## Summary Evidence

The government introduced summary exhibits that were a summary of voluminous records. You may consider the summary exhibits as you would any other evidence admitted during the trial and give them such weight or importance, if any, as you feel they deserve.   In addition, certain law enforcement agents provided testimony about summary exhibits.   This included:

- Testimony from FBI Special Agent Kelsey Harris about Exs. 1525, 1526, and 1557;

- Testimony from FBI Special Agent Sylvia Hilgeman about Exs. 1501.2, 1518, 6900, and 6925;

- Testimony from FBI Special Agent Joanna Abrams about Exs. 1500.2, 1503.1, 1504, 1505, 1508, 6740A, and 6742A; and

- Testimony from FBI Examiner Kathryn Cain about Exs. 9700, 9701, 9702, and 9704.

Insofar as these agents testified about the contents of a summary exhibit, you should consider such testimony only as an aid in evaluating the summary exhibit.   Any other testimony of these agents should be evaluated consistent with the instructions I already have given you about evaluating witness testimony.

## Government Exhibit 1531

I have admitted into evidence Government Exhibit 1531, which from time to time has been referred to as "the Board."   You will have Exhibit 1531 with you in the jury room as a single page. Exhibit 1531 is itself not independent evidence.   Instead, it represents a summary of what the government contends it has proven in the case based on admitted evidence.

It is your own recollection and interpretation of the evidence that controls, however.   Ultimately, it is up to you whether Government Exhibit 1531 fairly and accurately reflects the evidence presented.   You should give it as much weight as you believe it deserves.

## Redacted Documents

During the course of this trial, some exhibits were admitted in evidence.   Sometimes only those parts of an exhibit that are relevant to your deliberations were admitted.   Where this has occurred, the irrelevant parts of the exhibit were blacked out or otherwise removed, or a video may have been played without audio.   There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy.   As you examine the exhibits, and you see where there appear to be omissions, you should consider only the portions that were admitted.   You should not guess as to what has been taken out, and you should not hold it against any party.   You are to decide the facts only from the evidence that is before you.

## Speech

You have heard evidence about statements made to and by some defendants and other individuals.   The First Amendment of the United States Constitution protects an individual's right to free speech, including speech that you may find to be vile, hateful, or offensive.   The First Amendment does not, however, provide a right to engage in speech that is integral to criminal conduct.   You may not find that a defendant committed a crime, or that a conspiracy existed, simply because you find that a defendant, or other individuals, engaged in speech you find to be offensive.   You may, however, consider the statements made by defendants and other individuals

as evidence that, for example, a conspiracy existed, a defendant entered into a conspiracy, or a defendant had a certain motive, intent, or knowledge.

### Firearms

You heard evidence that some defendants and other individuals possessed firearms. The Second Amendment of the United States Constitution protects an individual's right to possess firearms in certain circumstances, and there is nothing inherently unlawful about doing so. The Second Amendment does not, however, provide a right to possess or use a firearm to commit a crime, including to further a conspiracy. You may not infer that a defendant had a predisposition to engage in criminal conduct simply because a person lawfully possessed firearms. You may, however, but are not required to, consider this as evidence that a defendant planned to do something unlawful.

### Organization and Persons Not Present

The Oath Keepers organization is not a defendant in this case, and the defendants are not on trial for having knowledge of, or being associated with, the Oath Keepers organization.

In our system of justice, guilt or innocence is personal and individual and you should not make any inferences or speculate about other individuals you have heard about in this trial or whether they have been charged with crimes. I have decided which defendants will stand trial together and at which time. The only issue for you to decide is whether the government has proved each of these defendants guilty beyond a reasonable doubt.

### Proof of "in and around"

#### Conspiracy Counts

The indictment charges that the offense of seditious conspiracy was committed from a time period commencing in or around November 2020, through in and around January 2021.

The indictment also charges that the offense of conspiracy to obstruct an official proceeding and conspiracy to prevent an officer from discharging any duties was committed from a time period commencing in and around December 2020 through in and around January 2021.

The proof need not establish that a conspiracy began and ended on an exact date. Also, the proof need not establish that a conspiracy existed for any particular length of time. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the conspiracy existed at any time in the time window alleged.

<u>Other Counts</u>

The indictment charges that the other offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

**<u>Proof of State of Mind</u>**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by the defendants, and all other facts and circumstances received in evidence which indicate their intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequence of acts they intentionally did or did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

While a defendant must act with the intent as I describe below for each charged crime, this need not be the defendant's sole purpose. A defendant's unlawful intent is not negated by the simultaneous presence of another purpose for the defendant's conduct.

## Summary of Indictment

With these preliminary instructions in mind, let us turn to the charges against the defendants, as contained in the indictment. The indictment itself is not evidence. It merely describes the charges made against each defendant and is the means by which each defendant was formally notified of the charges against him or her. The indictment is merely an accusation. It may not be considered by you as evidence of the guilt of any defendant, and you must not draw any inference of guilt from it.

The indictment in this case contains conspiracy charges and other charges. The indictment alleges that the defendants agreed to oppose by force the lawful transfer of presidential power following the 2020 U.S. Presidential Election, and, in so doing, that the defendants violated three separate conspiracy laws. The first conspiracy charge is Count One, seditious conspiracy, which charges that the defendants entered an agreement to try to stop the lawful transfer of power by opposing by force the authority of the Government of the United States, or to use force to prevent, hinder, and delay the execution of any law of the United States. The second conspiracy charge is Count Two, conspiracy to obstruct an official proceeding, which charges that the defendants entered an agreement to obstruct an official proceeding, that is, Congress's session on January 6, 2021, to certify the Electoral College votes. And the third conspiracy charge is Count Four, conspiracy to prevent members of Congress from discharging their duties.

With regard to the other charges: Count Three of the indictment charges all four defendants with obstruction of an official proceeding, meaning Congress's session on January 6 to certify the

Electoral College votes.  Count Five charges defendants Joseph Hackett and David Moerschel with destruction of government property, for the alleged damage to property at the U.S. Capitol on January 6.  Finally, Counts Six, Seven, and Eight charge defendants Roberto Minuta, Joseph Hackett, and David Moerschel with obstruction of justice for tampering with documents or proceedings.  These charges are based on the allegation that these defendants, after January 6, discarded or deleted certain content from their cell phones to prevent the grand jury from obtaining that content.

**Conspiracy**

The law of conspiracy that I am about to explain to you applies to Count One, charging the defendants with seditious conspiracy; Count Two, charging the defendants with conspiracy to obstruct an official proceeding; and Count Four, charging the defendants with conspiracy to prevent Members of Congress from discharging their duties.   I will instruct you as to each of those offenses, but first I will instruct you as to certain principles about conspiracies that apply to all three of these offenses.

*Definition of conspiracy*

A conspiracy is an agreement by two or more persons to join together to accomplish some unlawful purpose.

To sustain its burden of proof with respect to each of the offenses charged in Counts One, Two, and Four—seditious conspiracy, conspiracy to obstruct an official proceeding, and conspiracy to prevent Members of Congress from discharging their duties—the government must prove beyond a reasonable doubt the following two elements:

First, the existence of the charged conspiracy—that is, the existence of an agreement or understanding to commit the unlawful object of such conspiracy; and

Second, that the defendant knowingly became a member of the conspiracy, with intent to achieve the illegal object of the charged conspiracy.

Now I will separately discuss each of these elements.

*Existence of a conspiracy*

The first element of the crime of conspiracy is the existence of an agreement. The government must prove beyond a reasonable doubt that two or more persons knowingly and intentionally arrived at a mutual understanding or agreement, either explicitly or implicitly, to work together to achieve the overall objectives of the conspiracy. The government does not have to prove the existence of a formal or written agreement, or an express oral agreement spelling out the details of the understanding. The government also does not have to prove that all members of the conspiracy directly met, or discussed between themselves their unlawful objectives, or agreed to all the details, or agreed to what the means were by which the objectives would be accomplished. What the government must prove beyond a reasonable doubt is that two or more persons in some way or manner arrived at some type of agreement, mutual understanding, or meeting of the minds to try to accomplish a common and unlawful objective.

You may consider both direct evidence and circumstantial evidence in deciding whether the government has proved beyond a reasonable doubt that an agreement or mutual understanding existed. You may find the existence of a conspiracy based on reasonable inferences drawn from the actions and statements of the alleged members of the conspiracy, from the circumstances surrounding the scheme, and from evidence of related facts and circumstances which prove that the activities of the participants in a criminal venture could not have been carried out except as the result of a preconceived agreement, scheme, or understanding.

*Success is irrelevant*

It does not matter whether the persons who formed the agreement actually carried out their plans or whether the agreement ultimately was successful.

Proof concerning the accomplishment of the object of a conspiracy may be evidence of the existence of the conspiracy itself.   In other words, success in carrying out an act, if you believe it was carried out, may be proof of the agreement itself—but as I just said, it is not necessary that a conspiracy actually succeed in its purpose for you to conclude that it existed.

*"Knowing," "intentionally," and "unlawfully"*

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy you are considering existed, and that the conspiracy had as its object one of the illegal purposes charged in the indictment, then you must next determine whether the defendant intentionally participated in that conspiracy with knowledge of its unlawful purposes, and with the intent to further its unlawful objectives.

The government must prove beyond a reasonable doubt that the defendant knowingly and intentionally entered into the conspiracy with criminal intent—that is, with a purpose to violate the law—and that he or she agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

"Unlawfully" simply means contrary to law.    A defendant does not need to have known that he or she was breaking any particular law, but he or she must have been aware of the generally unlawful nature of their acts.

The terms "knowingly" and "intentionally" mean that to find that a defendant joined the conspiracy, you must conclude beyond a reasonable doubt that in doing so, he or she knew what they were doing; in other words, that the defendant took the actions in question deliberately and

voluntarily.    An act is done "knowingly" and "intentionally" if it is done deliberately and purposely; that is, the defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

You have heard evidence of certain acts and conversations that are alleged to have taken place with a defendant or while a defendant was listening to, watching, or reading the conversations or observing the acts.    You may, but are not required to, consider this evidence in determining whether these acts and conversations show beyond a reasonable doubt a defendant's knowledge of the unlawful purposes of the conspiracy.  You may consider this evidence along with other evidence in the case and give it as much weight as you think it deserves.

It is not necessary for the government to show that the defendant was fully informed as to all the details of the conspiracy for you to infer knowledge on his part.    To have guilty knowledge, the defendant need not know the full extent of the conspiracy or all of the activities of all of its participants.    It is not necessary for the defendant to know every other member of the conspiracy.    In fact, the defendant may know only one other member of the conspiracy and still be a co-conspirator.    It is enough if he or she participated as a conspirator unlawfully, intentionally, and knowingly as I have defined those terms.

### *Duration and extent of the defendant's joining of the agreement*

The duration and extent of the defendant's joining of the agreement has no bearing on the issue of the defendant's guilt.    The defendant need not have joined the conspiracy at the outset. With regard to liability for conspiracy (although not substantive offenses), the defendant may have joined the conspiracy at any time in its progress, and will still be held responsible for all that was done before he joined, if those acts were reasonably foreseeable and within the scope of the

defendant's agreement, and for all that was done during the conspiracy's existence while he or she was a member.    Each member of a conspiracy may perform separate and distinct acts, or no acts at all.    Some conspirators may play major roles, while others play only minor roles in the scheme. An equal role is not what the law requires, and a defendant does not need to perform any specific act beyond joining the conspiratorial agreement.

I want to caution you, however, that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  For example, mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction for conspiracy.    In other words, knowledge without agreement is not sufficient.  What is necessary is that the defendant has joined the conspiracy with knowledge of its unlawful purposes and with an intent to aid in the accomplishment of its unlawful objectives. A person may know, or be friendly with, a conspirator without being a conspirator himself.    Mere similarity of conduct or the fact that persons may have assembled together and discussed common aims and interests does not necessarily establish membership in a conspiracy.

I also want to caution you that mere knowledge of or acquiescence to the unlawful plan— without agreement in it—is not sufficient.    Moreover, the fact that the acts of the defendant without knowledge merely happened to further the purposes or objectives of the conspiracy, does not make the defendant a member.    More is required under the law.    The defendant must have joined the agreement with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, you must find beyond a reasonable doubt that the defendant, with an understanding of the unlawful nature of the conspiracy, intentionally engaged, advised or assisted in the

conspiracy for the purpose of furthering an illegal undertaking.    The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, a conspirator.

*Termination of a conspiracy*

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.    Similarly, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination.

It is not essential that the government prove that a particular conspiracy alleged in the indictment started or ended on any of the specific dates described for that conspiracy.    It is sufficient if you find that the conspiracy was formed and that it existed within the time set forth in the indictment.

## **Seditious Conspiracy**

Count One of the indictment charges that, from in and around November 2020 through in and around January 2021, the defendants participated in a conspiracy to do at least one of two things: (1) to oppose by force the authority of the Government of the United States, or (2) to prevent, hinder, or delay the execution of any law of the United States by force.

*Elements*

In order to find a defendant guilty of conspiring to oppose by force the authority of the Government of the United States, or to prevent, hinder, or delay the execution of any law of the United States by force, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of opposing by force the authority of the Government of the United States, or preventing, hindering, or delaying the execution of any law of the United States by force.

Second, that the defendant joined or entered into that agreement with awareness of one or both of its unlawful goals.

I have already instructed you generally on conspiracies. But I will now give you additional instructions specific to the offense of seditious conspiracy charged in Count One.

<u>Unanimity as to the Objects or Goals of the Conspiracy</u>

The object of a conspiracy is the illegal goal that the conspirators agree or hope to achieve. A conspiracy may have more than one object.

Count One charges the defendants with conspiring to achieve two separate goals or objects: (1) opposing the authority of the Government of the United States by force, and (2) preventing, hindering, or delaying the execution of any law of the United States by force. Although two separate goals of the conspiracy are charged, you may find the conspiracy proved if it is established that either one of those goals was agreed to by two or more persons.

The government is not required to prove both goals of the conspiracy. However, the government must prove at least one of those two goals beyond a reasonable doubt. If the government has not proved that at least one of those goals was a goal of the conspiracy charged in Count One, your verdict must be not guilty.

As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous. For example, if some of you find that the conspirators agreed only to oppose by force the authority of the Government of the United States, and the remaining jurors find that the

conspirators agreed only to prevent, hinder, or delay the execution of any law of the United States by force, that is not enough.   You must be unanimous as to one or the other or both.

Definitions

The two goals of the conspiracy charged in the indictment—(1) to oppose by force the authority of the Government of the United States, and (2) to prevent, hinder, or delay the execution of any law of the United States by force—both have as a common ingredient the intent to use force against the United States, functioning through its government.   I will now explain these concepts.

To determine whether the conspiracy was to "oppose by force the authority of the United States," you must consider whether the agreement was to oppose the authority of the United States and whether that agreement was to do so by force.   The agreement must be to resist some positive assertion or actual exercise of authority by the government.   "Resist" means to act in opposition to; to endeavor to counteract, defeat, or frustrate.   "Authority" for purposes of this offense means the legal or rightful power of the United States government.   An agreement to merely violate the law is not sufficient.

To determine whether the conspiracy was to "prevent, hinder, or delay the execution of any law of the United States" by force, you should determine whether the agreement was to forcibly resist the authority of the United States while it endeavored to carry the laws into execution.   Or, put differently, you should determine whether the agreement was to exert force against the government of the United States in its execution of the laws of the United States. "Authority" and "resist" carry the same definitions as above.   The "laws" for purposes of this goal are those governing the transfer of presidential power, including: the United States Constitution (specifically Article II and the Twelfth Amendment) and Title 3, Section 15 of the United States Code.   Article II of the Constitution, as amended by the Twelfth Amendment, provides that the

23

Vice President, as the President of the Senate, must in the presence of the Senate and House of Representatives open all the certificates for presidential election sent by the Electors to Congress and the vote shall then be counted.   Title 3, Section 15 of the United States Code further provides that the Senate and House of Representatives must meet for that purpose at 1:00 p.m. on January 6 following the presidential election and specifies the procedures by which the vote count shall be conducted.   Finally, Article II to the United States Constitution provides that the person with the greatest number of electoral votes for President must take an oath before he or she enters office. An agreement to merely violate the law is not sufficient.

Both goals of the seditious conspiracy require an agreement that physical force would be used.   An agreement to accomplish the goals of the conspiracy by litigation, advocacy, protest, or deceit is insufficient.   Force is defined in the conventional or ordinary sense.   An act involves force if it threatens or results in violence or if it threatens or results in harming or destroying property or harming or killing people.   It is not necessary for the government to show that force was actually used by the conspirators.   Nor is it necessary for the government to prove that the conspirators agreed as to every detail of how force was to be used, or as to the specific targets of the use of force.   However, the government must prove at least that the conspirators intended that force would be used.

## Conspiracy to Obstruct an Official Proceeding

Count Two of the indictment charges that, from in and around December 2020 through in and around January 2021, the defendants participated in a conspiracy to obstruct an official proceeding.

<u>Elements</u>

In order to find a defendant guilty of conspiring to obstruct an official proceeding, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant conspired or agreed with at least one other person with the goal of committing the crime of obstructing an official proceeding.

Second, that the defendant joined or entered into that agreement with awareness of its unlawful goal.

<u>Definitions</u>

I have already instructed you generally on conspiracies.   The instructions in Count Three, which charges each defendant individually with obstruction of an official proceeding and which I am about to provide, apply equally to Count Two when you are considering whether each defendant conspired to commit the crime that is charged substantively in Count Three.

## **Obstruction of an Official Proceeding**

Count Three of the indictment charges each defendant individually with corruptly obstructing an official proceeding, on or about January 6, 2021, which is a violation of the law. Count Three also charges each defendant individually with attempting to obstruct or impede an official proceeding and aiding and abetting others to commit that offense.

I will first explain the elements of the substantive offense, along with its associated definitions.   Then, I will explain how to determine whether each defendant *attempted* the offense, whether each defendant *aided and abetted* the offense, or whether each defendant can be held responsible for the offense under *co-conspirator* liability.

<u>Elements</u>

In order to find a defendant guilty of corruptly obstructing an official proceeding, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, the defendant obstructed or impeded an official proceeding.

Second, the defendant intended to obstruct or impede the official proceeding.

Third, the defendant acted knowingly, with awareness that the natural and probable effect of the defendant's conduct would be to obstruct or impede the official proceeding.

Fourth, the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" includes a proceeding before the Congress.   If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.   As used in Counts Two and Three, the term "official proceeding" means Congress's Joint Session to certify the Electoral College vote.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of his conduct, and does not act through ignorance, mistake, or accident.   In deciding whether a defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

To act "corruptly," the defendant must use unlawful means or have an improper purpose, or both.   The defendant must also act with "consciousness of wrongdoing."   "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly.   For example, a witness in a court proceeding may refuse to testify by invoking his constitutional

privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly.   In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, or through other independently unlawful conduct, is acting corruptly.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose.   A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

<u>Attempt</u>

In Count Three, each defendant is also charged individually with attempting to commit the crime of obstruction of an official proceeding.   An attempt to commit obstruction of an official proceeding is a crime even if the defendant did not actually complete the crime of obstruction of an official proceeding.   In order to find the defendant guilty of attempting to commit obstruction of an official proceeding, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of an official proceeding, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of an official proceeding which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant thought about it.   You must find that the evidence proved beyond a reasonable doubt that the defendant's

mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of an official proceeding merely because the defendant made some plans to or some preparation for committing that crime.   Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish the defendant's intent to commit obstruction of an official proceeding.   However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

<u>Aiding and Abetting</u>

In this case, the government further alleges that the defendants aided and abetted others in committing, or attempting to commit, obstruction of an official proceeding, as charged in Count Three.   A person may be guilty of an offense if he aided and abetted another person in committing the offense.   A person who has aided and abetted another person in committing an offense is often called an accomplice.   The person whom the accomplice aids and abets is known as the principal. It is not necessary that all the people who committed the crime be caught or identified.   It is sufficient if you find beyond a reasonable doubt that the crime was committed by someone and that the defendant knowingly and intentionally aided and abetted that person in committing the crime.

In order to find the defendant guilty of obstruction of an official proceeding because the defendant aided and abetted others in committing this offense or attempting to commit this offense, you must find the that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, obstruction of an official proceeding, by committing each of the elements of the offense charged, as I have explained above.

Second, that the defendant knew that obstruction of an official proceeding was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense of obstruction of an official proceeding.

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense of obstruction of an official proceeding.

To show that the defendant performed an act or acts in furtherance of the offense charged, the government needs to show some affirmative participation by the defendant which at least encouraged others to commit the offense.   That is, you must find that the defendant's act or acts did, in some way, aid, assist, facilitate, or encourage others to commit the offense.   The defendant's act or acts need not further aid, assist, facilitate, or encourage every part or phase of the offense charged; it is enough if the defendant's act or acts further aid, assist, facilitate, or encourage only one or some parts or phases of the offense.   Also, the defendant's acts need not themselves be against the law.

In deciding whether the defendant had the required knowledge and intent to satisfy the fourth requirement for aiding and abetting, you may consider both direct and circumstantial evidence, including the defendant's words and actions and other facts and circumstances. However, evidence that the defendant merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the

offense is not enough for you to find the defendant guilty as an aider and abettor.   If the evidence shows that the defendant knew that the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was the defendant's intent and purpose to aid, assist, encourage, facilitate, or otherwise associate himself with the offense, you may not find the defendant guilty of the obstruction of an official proceeding as an aider and abettor.   The government must prove beyond a reasonable doubt that the defendant in some way participated in the offense committed by others as something the defendant wished to bring about and to make succeed.

Co-Conspirator Liability

In this case, the government further alleges that the defendants are guilty of the crime of obstruction of an official proceeding as charged in Count Three based on co-conspirator liability. A defendant is responsible for an offense committed by another member of the conspiracy if the defendant was a member of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a natural consequence of, the conspiracy.   In order to find a defendant guilty of obstruction of an official proceeding as charged in Count Three, you must find that the government proved beyond a reasonable doubt the following six requirements:

First, the defendant knowingly joined a conspiracy;

Second, the charged offense was committed by a member of that conspiracy;

Third, that the defendant was a member of the conspiracy at the time the charged offense was committed;

Fourth, that the charged offense was committed during the existence of the conspiracy;

Fifth, that the charged offense was committed in furtherance of the conspiracy; and

Sixth, that the charged offense was a reasonably foreseeable consequence of the conspiracy.   It is not necessary that the crime was intended as part of the original plan, only that it was a reasonably foreseeable consequence of the original plan.

The principles governing conspiracy that I explained above apply here as well.

Concluding Remark for Count Three

A defendant may be found guilty of the offense charged in Count Three if the defendant obstructed an official proceeding, attempted to obstruct an official proceeding, aided and abetted the obstruction of an official proceeding, or as a result of co-conspirator liability.  Each of these four ways of committing the offense is described in the instructions that I have given you.  You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of an official proceeding in any one of these four ways, you should find the defendant guilty of Count Three and you need not consider whether the defendant committed the offense of obstruction of an official proceeding in the other three ways.

**Conspiracy to Prevent Members of Congress from Discharging Their Duties**

Count Four of the indictment charges that the defendants, from in and around December 2020 through in and around January 2021, conspired to prevent Members of Congress from discharging their duties, which is a violation of the law.

Elements

In order to find the defendant guilty of conspiring to prevent Members of Congress from discharging their duties, you must find that the government proved each of the following two elements beyond a reasonable doubt:

First, that the defendant agreed with at least one other person to, by force, intimidation, or threat, (1) prevent a Member of Congress from discharging a duty as a Member of Congress, or (2) induce a Member of Congress to leave the place where the member of Congress's duties are required to be performed.

Second, that the defendant knew of the agreement and willfully joined the agreement.

I have already instructed you generally on conspiracies.   And the instruction I gave you earlier about unanimity with respect to the objects or goals of the conspiracy applies equally here: As to either or both goals which you may find the conspirators agreed to promote, you must be unanimous.

More Than One Conspiracy

I have just instructed you on the three conspiracy counts alleged in the indictment: Counts One, Two, and Four.   Proof that a defendant was a member of a separate, uncharged conspiracy would not prevent you from also finding that defendant guilty of the conspiracy counts alleged in Counts One, Two, or Four.   However, if you find that a defendant was *only* a member of a separate, uncharged conspiracy—but *not* any of three conspiracy counts alleged in Counts One, Two, or Four – you must acquit that defendant of the three conspiracy counts.

**Destruction of Government Property**

Count Five of the indictment charges Joseph Hackett and David Moerschel with injuring, damaging, or destroying property of the United States, on or about January 6, 2021.   Count Five also charges the same two defendants with *attempting* to injure, damage, or destroy property of the United States and with *aiding and abetting* others to commit that offense.   I will first explain the elements of the substantive offense.   I will then instruct you on the elements for attempting to commit the crime and aiding and abetting others to commit the crime.

32

## Elements

In order to find a defendant guilty of injuring, damaging, or destroying property of the United States, you must find that the government proved each of the following four elements beyond a reasonable doubt:

First, that the defendant injured, damaged, or destroyed property;

Second, that the defendant did so willfully;

Third, that the property involved was property of the United States, or of any department or agency thereof; and

Fourth, the damage or attempted damage to the property in question exceeded the sum of $1,000.

## Definitions

A defendant acts "willfully" if the defendant acted with a bad purpose or knowledge that the defendant's conduct was unlawful.   While the government must show that a defendant knew that the conduct was unlawful, the government does not need to prove that the defendant was aware of the specific law that the defendant's conduct violated.

The government also does not need to prove that the defendant knew that the property belonged to the United States.

You must decide whether the value of the property damaged was $1,000 or more.   Value means fair market value at the time when and the place where the property was allegedly damaged or destroyed.   The fair market value of the damaged or destroyed property is measured by the cost of repairing or the cost of replacing the property, whichever is less.   Do not speculate or guess at the value of the property.   Base your determination only on the evidence.

<u>Attempt</u>

In Count Five, Joseph Hackett and David Moerschel are also charged with attempting to commit the crime of injuring, damaging, or destroying property of the United States.   An attempt to commit this crime is against the law even if a defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit the crime of injuring, damaging, or destroying property of the United States, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of injuring, damaging, or destroying property of the United States, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing the crime of injuring, damaging, or destroying property of the United States, which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

<u>Aiding and Abetting</u>

The government further alleges Joseph Hackett and David Moerschel aided and abetted others to commit, or attempt to commit, the crime of injuring, damaging, or destroying property of the United States, as charged in Count Five.

In order to find a defendant guilty of this offense because the defendant aided and abetted others in committing it, or attempting to commit it, you must find that the government proved beyond a reasonable doubt the following five requirements:

First, that others committed, or attempted to commit, the crime of injuring, damaging, or destroying property of the United States, as I have explained above.

Second, that the defendant knew that this offense was going to be committed, was being committed, or was attempted to be committed by others.

Third, that the defendant performed an act or acts in furtherance of the offense.

Fourth, that the defendant knowingly performed that act or acts for the purpose of aiding, assisting, soliciting, facilitating, or encouraging others in committing, or attempting to commit, the offense.

Fifth, that the defendant did that act or acts with the intent that others commit, or attempt to commit, the offense.

The principles governing aiding and abetting that I explained above apply here as well.

Concluding Remark for Count Five

A defendant may be found guilty of the offense charged in Count Five if the defendant injured, damaged, or destroyed property of the United States, attempted to do so, or aided and abetted others in doing so.   Each of these three ways of committing the offense is described in the instructions that I have given you.   You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of injuring, damaging, or destroying property of the United States in any one of these three ways, you should find the defendant guilty of Count Five and you need not consider whether the defendant committed the offense in the other two ways.

**Obstruction of Justice for Tampering with Documents or Proceedings**

Three of the four defendants are charged with obstruction of justice for tampering with documents or proceedings, between on or about January 6, 2021, and the date of the defendant's arrest:

35

In Count Six, Roberto Minuta is charged with discarding a cellular phone, which contained certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

In Count Seven, Joseph Hackett is charged with deleting from his cellular telephone certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

In Count Eight, David Moerschel is charged with deleting from his cellular telephone certain media, files, and communications that showed his involvement in the conduct being investigated by the grand jury.

These counts also charge the same three defendants with *attempting* to commit obstruction of justice for tampering with documents or proceedings.   I will first explain the elements of the substantive offense.   I will then instruct you on the elements for attempting to commit the crime.

<u>Elements</u>

In order for you to find a defendant guilty of obstruction of justice for tampering with documents or proceedings, the government must prove each of the following four elements beyond a reasonable doubt:

First, the defendant altered, destroyed, mutilated, or concealed a record, document, or other object;

Second, the defendant acted knowingly;

Third, the defendant acted corruptly, and

Fourth, the defendant acted with the intent to impair the object's integrity or availability for use in an official proceeding.

Definitions

The definitions of "knowingly" and "corruptly" that I explained above in connection with Counts Two and Three apply here as well.

The term "official proceeding" includes a grand jury proceeding. If the official proceeding was not pending at the time of the offense, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant. As used in Counts Six through Eight, the term "official proceeding" means the grand jury's investigation into the role of Roberto Minuta, Joseph Hackett, David Moerschel, Edward Vallejo, and others in the attack on the United States Capitol on January 6, 2021.

While the defendant must act with intent to obstruct the official proceeding, this need not be the defendant's sole purpose. A defendant's unlawful intent to obstruct justice is not negated by the simultaneous presence of another purpose for the defendant's conduct.

Attempt

In Counts Six, Seven, and Eight, Roberto Minuta, Joseph Hackett, and David Moerschel are also charged with attempt to commit the crime of obstruction of justice for tampering with documents or proceedings. An attempt to commit obstruction of justice for tampering with documents or proceedings is a crime even if the defendant did not actually complete the crime. In order to find the defendant guilty of attempt to commit obstruction of justice for tampering with documents or proceedings, you must find that the government proved beyond a reasonable doubt each of the following two elements:

First, that the defendant intended to commit the crime of obstruction of justice for tampering with documents or proceedings, as I have defined that offense above.

Second, that the defendant took a substantial step toward committing obstruction of justice for tampering with documents or proceedings which strongly corroborates or confirms that the defendant intended to commit that crime.

The principles governing attempt that I explained above apply here as well.

<u>Concluding Remark for Counts Six, Seven, and Eight</u>

A defendant may be found guilty of the offense charged in Counts Six, Seven, and Eight if the defendant obstructed justice by tampering with documents or proceedings, or attempted to do so.   Each of these two ways of committing the offense is described in the instructions that I have given you.   You are not required to consider the ways of committing this offense in any particular order.   If you find beyond a reasonable doubt that the defendant committed the offense of obstruction of justice for tampering with documents or proceeding in either of these two ways, you should find the defendant guilty of Count Six, Seven, or Eight, and you need not consider whether the defendant committed the offense in the other way.

**Defense Statement of the Case**

The defendants are not required to present a defense or prove any fact.   Rather, the government must prove each and every element of the offenses charged beyond a reasonable doubt.   Defendants Roberto Minuta, Joseph Hackett, and David Moerschel contend that the government has failed to prove the existence of any conspiracy.   Specifically, Mr. Minuta, Mr. Hackett, and Mr. Moerschel submit that the government has failed to prove they entered into a conspiratorial agreement with respect to Counts One (Seditious Conspiracy), Two (Conspiracy to Obstruct an Official Proceeding), and Four (Conspiracy to Prevent Members of Congress from Discharging Their Duties).   The government failed to prove a meeting of the minds and unity of purpose among the alleged co-conspirators.

Mr. Minuta, Mr. Hackett, Mr. Moerschel contend that when they entered the Capitol building on January 6, 2021, they did not do so intending to disrupt the certification of the Electoral College vote and they did not act corruptly.   Mr. Hackett and Mr. Moerschel further contend that they did not cause any damage whatsoever to the United States Capitol building.

With respect to Count 6, Mr. Minuta submits that the government has failed to prove beyond a reasonable doubt that he discarded his phone or that he acted corruptly in any way with the intent to destroy evidence so that it could not be used in an official proceeding.

With respect to Count 7, Mr. Hackett submits that he did not act corruptly when he removed the Signal application from his phone.   The government has not proven beyond a reasonable doubt that Mr. Hackett intended to destroy evidence so it could not be used in an official proceeding.

With respect to Count 8, Mr. Moerschel submits that he did not act corruptly when he removed the Signal application and text messages from his phone.   The government has not proven beyond a reasonable doubt that Mr. Moerschel intended to destroy evidence so it could not be used in an official proceeding.

Mr. Vallejo contends that he did not join in any conspiracy to stop the electoral certification or to oppose the authority of the United States by force.   He was not staged at the Comfort Inn as part of any such plan.   Mr. Vallejo is not required to prove his innocence.   Rather, the government must prove beyond a reasonable doubt that Mr. Vallejo intentionally joined in a criminal conspiracy or aided and abetted the obstruction of the certification process.   If you find that the government has failed to prove each element of the charged crimes beyond a reasonable doubt, you must find Mr. Vallejo not guilty.

Before I excuse you to deliberate, I want to discuss a few final matters with you:

### Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

### Cautionary Instruction on Communication and Research

I would like to remind you that, in some cases, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent

investigation during deliberations.   This means you may not conduct any research in person or electronically via the internet or in another way.

### Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note by deputy, signed by your foreperson or by one or more members of the jury.   No member of the jury should try to communicate with me except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person— not the clerk or me—how jurors are voting until after you have reached a unanimous verdict.   This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 11-1, or in any other fashion—or whether the vote favors the government, the defendant, or is on any other issue in the case.

### Jurors' Duty to Deliberate

It is your duty as jurors to consult with one another and to deliberate expecting to reach an agreement.   You must decide the case for yourself but you should do so only after thoroughly discussing it with your fellow jurors.   You should not hesitate to change an opinion when convinced that it is wrong.   You should not be influenced to vote in any way on any question just because another juror favors a particular decision or holds an opinion different from your own. You should reach an agreement only if you can do so in good conscience.   In other words, you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions.

## Attitude and Conduct of Jurors in Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.   It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict.   When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case.   Furthermore, many juries find it useful to avoid an initial vote upon retiring to the jury room.   Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed.   Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

## Multiple Defendants—Multiple Counts

Each count of the indictment charges a separate offense.   Moreover, each defendant is entitled to have the issue of their guilt as to each of the crimes for which they are on trial determined from their own conduct and from the evidence that applies to them as if they were being tried alone.   You should, therefore, consider separately each offense, and the evidence which applies to it, and you should return separate verdicts as to each count of the indictment, as well as to each defendant.

The fact that you may find any one defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment for that defendant.   Nor should it influence your verdict with respect to any other defendant as to that count or any other count in the indictment.   Thus, you may find any one or more of the defendants guilty or not guilty on any one or more counts of the indictment, and you may return different verdicts as to different defendants and as to different counts.   At any time during your

deliberations you may return your verdict of guilty or not guilty with respect to any defendant on any count.

## Unanimity of Verdict

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict.   In other words, your verdicts must be unanimous.

## Possible Punishment Not Relevant

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way.   The duty of imposing sentence in the event of a conviction rests exclusively with me.   Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

## Exhibits During Deliberations

I will be sending into the jury room with you the exhibits that have been admitted into evidence except for firearms, ammunition, and firearms-related materials.   You may examine any or all of them as you consider your verdicts. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the firearms, ammunition, and firearms-related materials, please notify the clerk by a written note, and the marshal will bring them to you.   For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence.   You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room.   You may ask to examine this evidence as often as you find it necessary.

If you wish to see or hear portions of the video or audio recordings that I have admitted into evidence, you will have those exhibits available to you for deliberation.

### Furnishing the Jury with a Copy of the Instructions

I will provide each of you with a copy of my instructions.   During your deliberations, you may, if you want, refer to these instructions.   While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others.   If you have any questions about the instructions, you should feel free to send me a note.   Please return your instructions to me when your verdict is rendered.

### Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations.   The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.   Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt.   The form is meant only to assist you in recording your verdict.

### Delivering the Verdict

When you have reached your verdict, just send me a note telling me you have reached your verdict, and have your foreperson sign the note.   Do not tell me what your verdict is.   The foreperson should fill out and sign the verdict form that will be provided.   We will then call you into the courtroom and ask you your verdict in open court.

### Excusing Alternate Jurors

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of alternates was an entirely random process; it's nothing

personal.   We selected the alternate seats before any of you entered the courtroom.   Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 7 and 8.

Before you leave, I am going to ask you to tear out a page from your notebook, and to write down your name and daytime phone number and hand this to the clerk.   I do this because it is possible, though unlikely, that we will need to summon you back to rejoin the jury in case something happens to a regular juror.   Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you.   My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet.   In all likelihood, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, the small chance that we will need to bring you back on to the jury.   Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

You may now retire to begin your deliberations.