UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | CAUSE NO.: 1:22-CR-15 |
| | § | FILED UNDER SEAL |
| ELMER STEWART RHODES, III | § | |

### SEALED MOTION TO CONTINUE SENTENCING AND ALL RELATED DEADLINES

**COME NOW** PHILLIP LINDER, JAMES LEE BRIGHT and ED TARPLEY, attorneys for Elmer Stewart Rhodes, hereinafter "Rhodes", in the above referenced cause number and move this Court to continue the currently scheduled Sentencing date of May 25, 2023 and all related deadlines for at least 30 to 60 extra days and would show this Court the following:

I.

Per the Court's scheduling Order dated February 2, 2023 Rhodes is currently set for sentencing on May 25, 2023. The Presentence Report, hereinafter "PSR", was disclosed on the afternoon of March 24, 2023 with objections and responses due just two weeks later on April 7, 2023. Additionally, Sentencing Memorandums are due May 5, 2023. This is logistically impossible for Counsel for Rhodes.

This Court may not be aware, but the Marshal's service has moved Rhodes to two different detention facilities in two different states in the last four weeks. Shortly after Counsel's visit with Rhodes in late February at the ▮▮▮▮▮▮▮▮▮▮▮▮ where Rhodes had been housed for several months, Rhodes was moved to ▮▮▮▮▮▮▮▮▮▮▮▮ on or about March 3, 2023. Counsel scheduled a visit which as the Court is aware, requires airline tickets, rental cars and hotel reservations. Before that jail visit could occur, Rhodes was then moved again to ▮▮▮▮▮▮▮▮▮▮▮▮ on or about March 7, 2023. This has made it next to impossible to schedule Zoom calls and in person visits with Rhodes. Counsel cannot adequately prepare Objections to the PSR or a Sentencing Memorandum without sufficient contact with Rhodes and Counsel will not file either without Rhodes' review, input and approval.

**II.**

This Court's decision that Rhodes be detained from the outset of this case has continually caused logistical issues and unwarranted communication complications between Rhodes and his Counsel. It has remained difficult for Counsel to prepare with Rhodes at all phases of the proceedings. This continued detention, along with the Court's desire to not direct the Marshal's service to keep Rhodes housed at a specific location, has exacerbated Counsel's efforts with Rhodes. The fact that Rhodes was moved out of Washington, D.C. with his sentencing hearing imminent is beyond comprehension by Counsel.

**III.**

In addition to the location and communication issues with Rhodes, the PSR is almost 50 pages in length and covers evidence taken from more than 50 witnesses over nine weeks of a jury trial in trial one and five weeks of trial in trial two. The probation officers' recitation of facts in the "offense conduct" section of the PSR is somewhat inaccurate and will need to be substantially rewritten by defense counsel. It appears that Ms. Lustig did not realize that the evidence adduced at trial was considerably different than the alleged factual statements provided in the governments' original charging documents.

On page 20 of the PSR under paragraph 38, Ms. Lustig provides ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ She apparently did not rely on any of the defense counsel Motions for New Trial, Motions for Judgment of Acquittal, any trial testimony and most importantly the Jury Verdicts.

In authoring her "offense conduct" section she disregards the fact that the jury did not agree with substantial portions of the governments' theory of the case; which is why there were 11 not guilty verdicts out of the 28 counts charged. Some of the government's own witnesses controverted some of the government's original charging documents when pressed on cross examination.

Due to the sheer volume of evidence along with the probation officers' somewhat factually inaccurate PSR, it makes it academically impossible for Counsel to adequately respond to this PSR in 14 days.

WHEREFORE, Counsel for RHODES pray that this Court grant the Request for Continuance and continue the Sentencing Hearing and all related deadlines at least 30 to 60 additional days from the currently scheduled dates.

RESPECTFULLY SUBMITTED,

   /S/ PHILLIP A. LINDER
PHILLIP A. LINDER

3300 OAK LAWN AVENUE, SUITE 700
DALLAS, TEXAS 75219
(214) 252- 9900 OFFICE
(214) 252-9902 FAX
PHILLIP@THELINDERFIRM.COM
TEXAS BAR NO. 12363560

   /S/ JAMES LEE BRIGHT
JAMES LEE BRIGHT

3300 OAK LAWN AVENUE, SUITE 700
DALLAS, TEXAS 75219
TEL: (214) 720-7777
FAX: (214) 720-7778
JLBRIGHTLAW@GMAIL.COM
TEXAS BAR NO: 24001786

   /S/ EDWARD L. TARPLEY, JR
EDWARD L. TARPLEY, JR

819 JOHNSON STREET
ALEXANDRIA, LOUISIANA 71301
(318) 487-1460
EDWARDTARPLEY@ATT.NET
LA. BAR NO: 12657

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF CONFERENCE

I certify that on March 24, 2023 I conferred with Kathryn Rakoczy, counsel for the government, regarding this Motion and that she does oppose any continuance of the Sentencing Hearing itself or any continuance of the response deadlines beyond 7 days from their currently scheduled dates.

/s/ PHILLIP A. LINDER
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the attached pleading was served on the Assistant United States Attorney Kathryn Rakoczy via email on March 28, 2023.

/s/ PHILLIP A. LINDER
*ATTORNEY FOR DEFENDANT*