**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 22-cr-15-2 (APM)** |
| | : | |
| **v.** | : | |
| | : | |
| **KELLY MEGGS,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S**
**MOTION TO CONTINUE SENTENCING**

The government respectfully opposes Defendant Meggs' motion to continue the sentencing hearings (ECF No. 497). As the government pointed out in its opposition to Defendant Minuta's and Defendant Rhodes' motions to continue their own sentencing hearings[1] (ECF Nos. 483, 495), the Court's carefully considered sequencing of the deadlines and hearings (ECF No. 468) should not be disturbed.

Following the jury's guilty verdict, the Court must conduct the sentencing hearing "without unnecessary delay." Fed. R. Crim. P. 32(b)(1). The D.C. Circuit has recognized, in other circumstances, the "public interest in finality and the orderly administration of justice," *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993), and that delay may work "prejudice to the judicial system" itself, *Shea v. Donohoe Const. Co.*, 795 F.2d 1071, 1076 (D.C. Cir. 1986) (suggesting that trial judges be cognizant of the "the public's interest in expeditious resolution of litigation and the court's need to manage its docket") (cleaned up).

---

[1] Defendants Watkins, Caldwell, Minuta, Vallejo, and Harrelson (ECF Nos. 499, 502, 510, 511, and 513, respectively) have since moved to join Defendant Meggs' and/or Defendant Rhodes' motion to continue sentencing. The government similarly opposes their requests.

As this Court has recognized on many occasions, this is a case of great public importance. *See, e.g.*, 8/2/22 Tr. at 88-89; 11/21/22 Tr. at 10363-64.  The public should have the benefit of seeing the sentences meted out in a timely manner.

"The matter of continuance is traditionally within the discretion of the trial judge," and must be decided on the unique circumstances of the case and the request.  *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).  The D.C. Circuit has held that a trial judge, who "enjoys great discretion in ruling on a motion for a continuance," should balance a defendant's rights with the government's and public's interest in the "prompt[] adjudicat[ion]" of criminal cases.  *United States v. Ashton*, 555 F.3d 1015, 1019 (D.C. Cir. 2009) (internal quotations and citations omitted).  While the D.C. Circuit does not appear to have spoken specifically about the standard for defense continuances of sentencing hearings, other circuits have.  *See, e.g., United States v. Olfano*, 503 F.3d 240, 246 (3d Cir. 2007) (instructing trial judges to consider "the efficient administration of criminal justice, the accused's rights, and the rights of other defendants"); *United States v. Speed*, 53 F.3d 643, 644 (4th Cir. 1995) (noting the possibility that a continuance of a sentencing hearing would "unacceptably consume scarce judicial resources"); *United States v. Prescott*, 920 F.2d 139, 146-47 (2d Cir. 1990) (finding no abuse of a judge's "broad discretion" to refuse to continue a sentencing hearing because, in part, the defendant's attorney had sufficient time to review pertinent materials and prepare for the hearing).  And other circuits explicitly consider "the amount of time granted for [counsel's] preparation" in determining whether a court has abused its discretion in denying a motion to continue.  *United States v. Parker*, 587 F.3d 871, 879 (8th Cir. 2009).

The sentencing of nine defendants indicted together as part of the same conspiracy should take place as the Court has scheduled: one omnibus hearing to address generally applicable issues

followed by nine individualized sentencing hearings. That schedule allows the Court and parties the benefit of efficiency in an omnibus hearing, as the Court can address the Sentencing Guidelines calculations, any factual or legal issues that apply to more than one defendant, and generally applicable victim impact statements. Then, at the individualized sentencing hearings, the parties can make defendant-specific arguments and present defendant-specific victim impact statements or witness statements in mitigation, and the Court can issue its individualized findings.

This omnibus and then individualized sequencing of sentencing hearings is efficient and fair. *Cf.* Fed. R. Crim. P. 2 (providing goals of simplicity, fairness, and elimination of unjustifiable delay); *Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987) (noting the goals of the "reliability and consistency of [the] judicial process"). To allow any one of the nine defendants to not participate in the omnibus hearing would be the height of inefficiency, as that defendant could then attempt to re-litigate any jointly applicable issues with the benefit of the other parties' arguments and the Court's comments. And to allow any one defendant to cause a continuance of the omnibus hearing would mean the other defendants, the government, the Court, and the public would lose the benefit of finality that should attach to sentencing following a jury trial – and would mean even further delays of the individualized sentencing hearings. Finally, to allow any defendant to continue his or her own individualized sentencing hearing would unfairly benefit that defendant, giving him or her additional time to craft sentencing arguments with the benefit of other parties' arguments and the Court's comments, and would deprive the government and the public the finality of knowing the sentences imposed on all nine defendants who were indicted as part of the same conspiracy.

The district's judge sequencing of the sentencings of the approximately dozen defendants in *United States v. Edmond*, 52 F.3d 1080 (D.C. Cir. 1995) (per curiam), is instructive. As

explained by the D.C. Circuit, there the district judge conducted sentencing hearings over the course of a month, with several defendants' hearings occurring at the same time.  *Id.* at 1087-88. The district judge also jointly addressed those defendants' "identical objections" to the presentence reports.  *United States v. Edmond*, 746 F. Supp. 200, 201 (D.D.C. 1990).  While the D.C. Circuit faulted the district judge for neglecting to make "individualized findings" as to each defendant, it did not find any fault with conducting an omnibus hearing or jointly addressing any generally applicable issues.  52 F.3d at 1104-05; *see also United States v. Childress*, 58 F.3d 693, 722 (D.C. Cir. 1995) (same finding in related case).

Indeed, other appellate courts have explicitly recognized the wisdom and propriety of conducting a joint sentencing hearing for co-defendants.  *See, e.g.*, *United States v. Lyles*, 195 F. App'x 919, 923 (11th Cir. 2006) (per curiam) (endorsing a combined sentencing hearing for co-defendants so long as the trial court "make[s] individualized findings concerning the scope of criminal activity undertaken by a particular defendant") (quoting *United States v. Ismond*, 993 F.2d 1498, 1499 (11th Cir. 1993)); *United States v. Tipton*, 90 F.3d 861, 892 (4th Cir. 1996) ("The same considerations of efficiency and fairness to the Government (and possibly the accused as well) that militate in favor of joint trials of jointly-charged defendants in the guilt phase, must remain generally in play at the penalty phase.") (internal citations omitted).

In his motion, counsel for Defendant Meggs proffered two reasons why the omnibus hearing and his individualized hearing ought to be continued: (1) counsel's availability, due to a personal appointment on May 9 and a trial in Maryland on May 15, and (2) the length of time needed to address objections to the PSR.  Neither reason warrants a continuance.

Mr. Woodward's trial in Maryland has, as of today, been continued until October 2023 due to reasons unrelated to counsel's availability. That trial should therefore not pose any conflict with Mr. Woodward's participation in the sentencing hearings in this case. While the government is sympathetic to Mr. Woodward's May 9 personal appointment, if it did not necessitate him moving to continue his trial in Maryland that was scheduled for May 15 (and expected to last two weeks), the government does not understand how it would necessitate a continuance of Defendant Meggs' sentencing hearings in this case on May 24 and 25. Moreover, the government is of course amenable to any necessary logistical accommodations for Mr. Woodward, including a partially remote hearing, modifications to the physical courtroom setup, and/or changing the time (but not the date) of Defendant Meggs' individual hearing.

Defendant Meggs' second reason for a continuance is the same as Defendant Rhodes': more time to respond to the PSR. But Meggs and Rhodes were convicted on November 29, 2022 – more than four months ago, and approximately six months before the anticipated sentencing dates. And they have already drafted their preferred narrative for the conduct that formed the basis for the jury's guilty verdicts, as reflected in their motions for judgment of acquittal. Therefore, they have had, and will have, adequate time to respond to the Probation Office and to provide the Court with their recitation of the facts that support the offenses of conviction. Moreover, as the government noted in its opposition to Defendant Rhodes' motion to continue sentencing, the government does not oppose a one-week extension of the defendants' deadlines to respond to the PSR (so long as the deadlines for other written submissions are commensurately extended).

The government recognizes that coordinating the schedules of the Court and the nine defendants' thirteen attorneys is logistically complicated. That is presumably why the Court

scheduled sentencing four months in advance and provided the parties with more-than-usual time to respond to the draft PSRs, prepare sentencing memoranda, and respond to other parties' sentencing memoranda.

Any delay of sentencing in this case will also prejudice other defendants. *Cf. Olfano*, 503 F.3d at 246 (3d Cir. 2007) (noting that "the rights of other defendants" should be considered in whether to grant a continuance). The sentencing of the six defendants who were found guilty by a jury on March 20 and 21 in *United States v. Sandra Parker, et al.*, case 21-cr-28, must follow the sentencing of the nine defendants found guilty by juries in case 22-cr-15. Likewise, the seven defendants who have publicly pled guilty pursuant to cooperation agreements in connection with this investigation await the Court's sentencing of these nine defendants, if not also those convicted in *Parker*, before their own sentencing hearings can take place.

Conducting the sentencing hearings of these nine defendants as scheduled would be fair, efficient, and consistent with the interests embodied in Rule 32(b)(1) and the caselaw that recognizes the government's and public's strong interest in seeing the prompt adjudication of this important criminal case.

The government therefore respectfully requests that Defendant Meggs' (and other defendants') motion to continue the sentencing hearing be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By:      /s/

Jeffrey S. Nestler
Assistant United States Attorney
D.C. Bar No. 978296
Troy A. Edwards, Jr.
Alexandra Hughes
Louis Manzo
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530