# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | Criminal No. 22-cr-15 (APM) |
| | ) | |
| **ELMER STEWART RHODES, III,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

The court has considered Defendants' motions to continue their sentencing hearings. It is constrained to deny them.

The nature of this case requires that all nine Defendants be sentenced at or around the same time. All Defendants were found guilty of one or more felony offenses relating to the events of January 6, 2021. All but one of them (Defendant Caldwell) stands convicted of one or more conspiracy offenses involving the other Defendants. Assessing Defendants' respective roles and conduct in the alleged conspiracies will be essential to determining proportionate sentencings. Also, the court likely will be called upon to address legal issues that affect more than one Defendant. A sequenced sentencing of the kind the court presently scheduled is therefore critical to ensuring fair and equitable results.

The court's schedule will not permit moving these nine related sentencings. An extension of the 30 to 60 days requested by Defendant Rhodes conflicts with the court's scheduling of trial for the three remaining co-conspirator Oath Keeper defendants in July 2023. *See* Def. Rhodes' Sealed Mot. to Continue Sentencing and all Related Deadlines, ECF No. 496, at 1–2 [hereinafter Rhodes Mot.]. The additional three weeks sought by Defendant Minuta conflicts with another scheduled January 6 trial, *United States v. Christie*, 23-cr-5 (APM), and the D.C. Circuit Judicial

Conference the following week. *See* Def. Roberto Minuta's Mot. to Continue Sentencing, ECF No. 482, at 2 [hereinafter Minuta Mot.]. The earliest the court could accommodate a similar, sequenced sentencing schedule for all nine Defendants is early December 2023. The public interest cuts against such an extended delay.

Moreover, no Defendant has demonstrated good cause for a continuance. Mr. Rhodes seeks a continuance primarily because he recently was moved to a new Bureau of Prisons facility. *See* Rhodes Mot. at 1–2. But defense counsel does not explain why the four weeks that remain before his sentencing memorandum is due on May 5, 2023, is not sufficient time to prepare, even accounting for Mr. Rhodes' recent movement. Additionally, Mr. Rhodes says that the offense conduct described in the draft presentence investigation report (PSR) is inaccurate and "disregards the fact that the jury did not agree with a substantial portions of the government's theory of the case." *Id.* Even if that were true, counsel does not explain why an additional 30 to 60 days are required to submit controverted facts to the PSR writer. In any event, the court has now heard the relevant evidence across three different trials. If the PSR contains inaccuracies, the court will be able to easily resolve them.

Defendant Minuta asks for more time because his counsel is scheduled to serve as standby counsel to Brandon Fellows, a pro se defendant whose jury trial is set to start on May 22, 2023. *See* Minuta's Mot. at 2. But counsel does not explain why a standby commitment will interfere with submitting a sentencing memorandum 17 days earlier on May 5, 2023, or a reply ten days later on May 15, 2023. Also, Mr. Minuta's sentencing is scheduled for June 1, 2023, and Mr. Fellows recently moved to continue his trial. *See United States v. Brandon Fellows*, 21-cr-83 (TNM), Mot. to Continue, ECF No. 114. Even if the continuance is not granted, most

January 6th, single-defendant cases have been tried in less than one week. If counsel remains in trial as of June 1, 2023, the court can make an accommodation closer in time.

Finally, Mr. Meggs seeks a continuance because his counsel has a trial starting on May 16, 2023, but that case has been continued. *See* Def. Meggs's Mot. to Continue Sentencing, ECF No. 497-1, at 1–2; Gov't Opp'n to Def.'s Mot. to Continue Sentencing, ECF No. 516, at 5. More substantially, defense counsel has a personal health matter that he indicates will limit his availability in the weeks before sentencing. However, the first appointment is scheduled for May 9, 2023, after the initial sentencing memorandum is due. The court is prepared to accommodate counsel if he cannot carry out his duties in the following weeks. The court is not, however, prepared to wholesale continue the sentencing scheduling at this time.

Many of the remaining Defendants have simply joined in the motions already discussed and have not articulated any reason for a continuance unique to them. *See* Notice of Joinder by Jessica Watkins, ECF No. 499; Notice of Joinder by Thomas Edward Caldwell, ECF No. 502; Notice of Joinder by Roberto A. Minuta, ECF No. 510; Notice of Joinder by Edward Vallejo, ECF No. 511; Notice of Joinder by Kenneth Harrelson, ECF No. 513.

For the foregoing reasons, the court cannot grant Defendants' motions. The court, however, will extend the parties' response date to the draft PSR from April 7, 2023, to April 14, 2023, and the due date of the final PSR to April 28, 2023. All other dates shall remain the same.

Amit P. Mehta
United States District Court Judge

Date: April 10, 2023