IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | * |
| vs. | *   Case No.: 22-15 APM |
| THOMAS E. CALDWELL<br>(U.S. v. Elmer Stewart Rhodes) | * |

* * * * * * * * * *

## NOTICE OF NEW AUTHORITY AND SUPPLEMENTAL ARGUMENT AS TO CALDWELL'S MOTIONS FOR JUDGMENT OF ACQUITTAL AND NEW TRIAL

COMES NOW the defendant, Thomas E. Caldwell ("Caldwell"), by and through undersigned counsel, David W. Fischer, Esq., and hereby notifies the Court of new authority handed down by the United States Court of Appeals for the D.C. Circuit that potentially impacts the instant case, and accordingly supplements his prior filings in support of his Motion for Judgment of Acquittal and Motion for New Trial pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure.

A. Background

On November 29, 2022 the jury rendered its verdict in the instant matter, acquitting Caldwell of Count 1 (Seditious Conspiracy), Count 2 (Conspiracy to Obstruct an Official Proceeding), and Count 4 (Conspiracy to Prevent Officers from Performing Duties), but convicting him on Count 3 (Obstruction of an Official Proceeding) and Count 13 (Evidence Tampering Obstruction). ECF No. 411. Caldwell subsequently filed motions pursuant to Rule 29 and Rule 33, which have not yet been ruled upon by the Court. ECF Nos. 420, 432 & 434.

1

On April 7, 2023, the D.C. Circuit issued a long-awaited opinion in *United States v. Fischer*, No. 22-3038, 2023 U.S. App. LEXIS 8284 (D.C. Cir. Apr. 7, 2023). As argued *infra*, the *Fischer* opinion strengthens Caldwell's arguments in support of his Rule 29 and Rule 33 motions. Accordingly, Caldwell sets forth additional arguments specifically tailored to this new authority.

### B. United States v. Fischer

*Fischer* resolved the government's appeal of the trial court's dismissal of § 1512(c)(2) charges lodged in three January 6 cases. *Id*. at *2. The *Fischer* Court held that "individuals who allegedly assaulted law enforcement officers while participating in the Capitol riot can be charged with corruptly obstructing, influencing, or impeding an official proceeding, in violation of 18 U.S.C. § 1512(c)(2)." *Id*. The decision in *Fischer* was, to put it mildly, "splintered." *Id*. at *68, n. 10 (Walker, J., concurring in part). Judge Pan and Judge Walker, who formed the majority, agreed that January 6 rioters who feloniously assaulted police officers, as was alleged in the *Fischer* indictments, could be prosecuted under §1512(c)(2)'s residual clause. *Id*. at *2, *67. In his concurring opinion, however, Judge Walker made clear that he did not join Section I.C.1 of Judge Pan's majority opinion pertaining to the term "corruptly." *Id*. at *46.[1]

Judge Walker voted to reverse the lower court's dismissal of the indictments, but stressed that he did so on one condition: That the term "corruptly" be read to include a requirement that the object of the alleged obstruction be an "unlawful benefit" to the defendant or someone else.

---

[1] Judge Walker, along with dissenting Judge Katsas, argued that the government's interpretation of § 1512(c)(2)'s residual clause was "breathtaking and untenable [in] scope." *Id*. at *65 (Walker, J., concurring in part), *114 (Katsas, J., dissenting).

2

*Id*. at *46, n. 1 ("[M]y vote to uphold the indictments depends on it.").[2]  Notably, Judge Walker advised:  "If I did not read 'corruptly' narrowly, I would join the dissenting opinion." *Id*. at *68. Additionally, citing the Supreme Court's *Marks* rule on fractured opinions, Judge Walker suggested that his viewpoint on "corruptly" should carry the day. *Id*. at *68 n. 10 (Walker, J. concurring in part).[3]  While Judge Pan disputed that the *Marks* rule would apply in *Fischer*, *id*. at *24, n. 5, as Judge Walker's concurrence was the *sine qua non* of the result in *Fischer*, it appears that the D.C. Circuit has set forth a definition of corruptly that contains a new element, i.e., that the defendant must knowingly seek an unlawful benefit for himself or another person. *Id*. at *48, n.1, *46-47.

   **C. The *Fischer* decision strengthens Caldwell's Rule 29 motion.**

While Caldwell maintains that his Rule 29 Motion for Judgment of Acquittal should be granted based upon his arguments previously presented to the Court, the *Fischer* decision nonetheless strengthens his position. Pursuant to *Fischer*, the government's burden in §1512(c)(2) prosecutions arguably includes proving beyond a reasonable doubt the "new

---

[2] Judge Walker repeatedly emphasized his conditional joinder of the majority opinion:

• "Because I read 'corruptly' as courts have read it for hundreds of years—and only because I read it that way—I concur in the Court's judgment." 2023 U.S. App. LEXIS 8284 at *68;

• "[M]y reading of 'corruptly' is necessary to my vote to join the lead opinion's proposed holding on 'obstructs, influences, or impedes' an 'official proceeding.'" *Id*.; and

• "[I]n my view, the rationale in the lead opinion is not enough to uphold the indictments." *Id*.

[3] Judge Walker cited the Third Circuit's holding in *Binderup* for the proposition that his ruling "may also be controlling" on the D.C. Circuit under *Marks*. *Id*. at *68, n. 10 (citing *Binderup v. Attorney General*, 836 F.3d 336, 356 (3d Cir. 2016) (*en banc*)).

element"[4] that the defendant's objective was to knowingly obtain an unlawful benefit for himself or another person. *Id*. at *47-48 (Walker, J., concurring).  Respectfully, the government did not meet its burden as to this new element of "corruptly."

First, the government has never suggested that Caldwell obstructed Congress for the purpose of benefitting himself.  Second, the government failed to adduce sufficient proof that Caldwell's "objective" in engaging in allegedly obstructive conduct was to secure an "*unlawful benefit*" for another.  The jury acquitted Caldwell of three separate conspiracy counts, soundly rejecting the government's suggestion that Caldwell was involved in pre-planning forcible or obstructive conduct aimed at the certification process.  As the "Caldwell coordinated the QRF" theory, which was the cornerstone of the government's case against Caldwell, was rejected by the jury, the Court must now focus on Caldwell's actual, documented conduct on January 6 in analyzing Caldwell's Rule 29 motion.  The evidentiary record reveals a dearth of evidence that Caldwell sought an "unlawful benefit" for anyone.

By stipulation, members of Congress were ordered to be evacuated from the Capitol Building at 2:20 p.m., and at 2:29 p.m. the House of Representatives recessed under Rule 12(b), an emergency provision of the House Rules. (Tr. 4442-43).  A government exhibit showed Caldwell taking a selfie of himself at 2:19 p.m. while standing on non-restricted grounds by the Peace Fountain.  (Govt. Exh. 1500; Govt. Exh. 7026; Tr., 4028-29).  The government failed to adduce proof that Caldwell entered Capitol grounds before Congress recessed at 2:29 p.m. Caldwell and his wife spent a few minutes on a temporary Inaugural balcony, where he uttered "U.S.A." four times, privately commented to his wife about Speaker Pelosi's doorknob, and then

---

[4] *Id*. at *22-23 (Judge Pan expressed concerns that "[a]dding a new element to be proved in other prosecutions involving 'corrupt' intent would be a significant change[.]").

encouraged his wife "to let's go, let's go" off of the stage. Per Special Agent Michael Palian's testimony, Caldwell was not on Capitol grounds as of 3:05 p.m. (Tr., 1649). While on Capitol grounds, Caldwell did not assault, hector, or otherwise engage with police officers, or encourage others to do so. In fact, he did exactly what multiple police officers wished other January 6 protestors had done: He voluntarily left the Capitol grounds.

Caldwell's conduct does not establish sufficient proof that his "objective" was to secure an "unlawful benefit" for President Trump or anyone else. Exactly what "benefit" would President Trump receive by Caldwell walking outside of the Capitol when Members of Congress were not even on Capitol Hill and the certification had already been stopped? To the extent that President Trump received a "benefit" from the certification vote being stopped and delayed, such benefit had already accrued before Caldwell entered Capitol grounds, and the government adduced no evidence that Caldwell's conduct added one second to the delay.[5]

The government, moreover, was required to prove that any "benefit" that Caldwell sought to procure was "unlawful." A benefit can be "unlawful" in two ways: "[E]ither because the benefit itself is not allowed by law, or because it was obtained by unlawful means." *Id.* at \*58

---

[5] By contrast, defendants who engaged in conduct akin to Appellant Mr. Fischer, who arrived after Congress's evacuation and recess, could conceivably violate § 1512. According to the "government's allegations" set forth in briefs, Fischer "stormed the Capitol on January 6," "entered the Capitol building . . . just outside the Capitol Rotunda at 3:25 p.m.," where "he rushed a line of police officers while yelling "Charge" and "Motherfuckers,"" and "crashed into the police line, causing multiple people, including at least one officer, to fall to the ground." *See* Govt. Brief, *U.S. v. Fischer*, #22-3038 at 9-10. Mr. Fischer's conduct was substantially different than Caldwell's because 1) he was inside the Capitol which, according to trial testimony, arguably could have delayed the resumption of the certification process; 2) he allegedly assaulted Capitol Police officers who, presumably, were acting to clear the inside of the Capitol to expedite the certification's resumption; and 3) he allegedly was committing felonious assault on police officers.

(Walker, J., concurring in part). As to the latter category, Caldwell clearly did not obstruct Congress by "unlawful means," as the only independent crime he arguably committed on January 6 was misdemeanor trespassing, which cannot, as a matter of law, be the "corrupt" act.[6] As to the former category, it would not have been "unlawful" for Congress to delay the certification vote, to reject slates of electors from certain states, or even declare Donald Trump the winner of the 2020 election. Even assuming, *arguendo,* that one or more of these "benefits" was "unlawful," the government provided no solid evidence that Caldwell's objective was to procure any of these benefits through his actions. Caldwell's actions, in fact, were consistent with any number of non-corrupt intentions.[7] Finally, "[a] defendant must intend to obtain a benefit that he *knows* is unlawful[.]" *Id*. at *60 (Walker, J., concurring in part). The government presented no evidence that Caldwell knew his actions could result in an illegal benefit.[8]

### D. Caldwell should receive a new trial if the Court denies his Rule 29 Motion.

---

[6] Respectfully, a finding that a misdemeanor violation can be the "corrupt" independent act of obstruction would effectively turn misdemeanor conduct into felonious conduct. Notably, in *Fischer*, although the defendants in that appeal were charged with the misdemeanors of Disorderly Conduct in a Capitol Building (18 U.S.C. § 5104(e)2)(D)) and Disorderly and Disruptive Conduct in a Restricted Building (18 U.S.C. §1752(a)(2) & (b)(1)(A)), the Court styled the "question" in that case as "whether individuals who allegedly assaulted law enforcement officers while participating in the Capitol riot can be charged" under §1512(c)(2). *Id*. at *2, *4. Implicit in the *Fischer* decision is that misdemeanor conduct, in contradistinction to feloniously assaulting police, likely does not suffice to establish the independent "unlawful means" necessary for a corrupt *mens rea*.

Additionally, the government did not provide legally sufficient evidence that Caldwell was trespassing on Capitol grounds, as the undisputed video evidence proved that the barriers, some of which displayed "No trespassing" signs, that would have blocked Caldwell's path on to Capitol grounds were vanquished at least 15 minutes before Caldwell arrived at the Peace Fountain.

[7] As examples, Caldwell could have approached the Capitol to 1) vent at Congress; 2) show support for President Trump; or 3) just to follow the large crowd that was in front of him.

[8] By contrast, someone who threatens to steal the ballot box or directly threatens a member of Congress if they vote in a particular way would have knowledge that their conduct could result in an "unlawful benefit."

As *Fischer* arguably sets forth a new definition of "corruptly," the jury instructions utilized in the instant case allowed the jury to convict Caldwell without considering an essential element of the crimes charged in Counts 3 and 13. As to the definition of "corruptly," the jury was charged:

> To act "corruptly," the defendant must use unlawful means *or have an improper purpose*, or both. The defendant must also act with "consciousness of wrongdoing." "Consciousness of wrongdoing" means with an understanding or awareness that what the person is doing is wrong.
>
> Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by engaging in conduct such as offering illegal bribes, engaging in violence, committing fraud, *or through other independently unlawful conduct*, is acting corruptly.

ECF No. 400 at 27 (emphasis added). Under this instruction, the jury could—and probably did—convict Caldwell based upon an alleged "improper purpose" or misdemeanor conduct ("other independently unlawful conduct") and did not consider the issue of whether Caldwell acted with a specific intent to obtain an unlawful benefit. While Caldwell and his co-defendants did not object to the Court's instruction on "corruptly," no judge in the United States District Court for the District of Columbia, to Caldwell's knowledge, has given an instruction consistent with Judge Walker's concurring opinion in *Fischer*.[9] In the "interest of justice," Caldwell's Rule 33 motion should, respectfully, be granted if his Rule 29 motion is denied.

---

[9] The Court rejected defense arguments that the term "corruptly" was vague both facially and as applied to Caldwell and his original co-defendants. *U.S. v. Caldwell*, 1:21-cr-00028 (APM) (ECF No. 558 at 21-25). While the Court did not set forth a binding definition of "corruptly," implicit in the Court's Memorandum Opinion is that a definition of "corruptly" far less stringent than Judge Walker's definition was appropriate. *Id.* at 23-24 (listing "various formulations of the term [corruptly]" by courts, which did not include Judge Walker's interpretation).

7

**Conclusion**

WHEREFORE, the defendant, Thomas E. Caldwell, respectfully requests that this Honorable Court grant his Motion for Judgment of Acquittal or, in the alternative, his Motion for New Trial.

Respectfully Submitted,

_____/s/_____
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant

**CERTFICATE OF SERVICE**

    I HEREBY CERTIFY that on this 13th day of April, 2023, a copy of the foregoing Notice of New Authority and Supplemental Argument as to Caldwell's Motion for Judgment of Acquittal and New Trial was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

    Counsel for the Government:    Office of the United States Attorney
                                                           Kathryn Rakoczy, AUSA
                                                           Jeffrey Nestler, AUSA
                                                           Troy Edwards, AUSA
                                                           Louis Manzo, AUSA
                                                           Alexandra Hughes, AUSA
                                                           555 4th Street, NW
                                                           Washington, DC 20001

                                                                  _____/s/_____
                                                                  David W. Fischer, Esq.