"Let this be filed."
Signed by Judge Amit P. Mehta
on 5/31/2023

| | |
|---|---|
| **From:** | Edwards, Troy (USADC) |
| **To:** | Jean Claude Douyon; Matthew J. Peed; Hughes, Alexandra (USADC); Nestler, Jeffrey (USADC); stanley@brandwoodwardlaw.com; ▮▮▮▮▮▮▮; 808shipleylaw_gmail.com |
| **Cc:** | Rakoczy, Kathryn (USADC); "Phillip Linder 2"; Manzo, Louis (CRM); "Angie Halim"; "Scott Weinberg"; "Brad Geyer"; edwardtarpley_att.net; "fischer and putzi fischer"; jcrisp_crisplegal.com; "James Bright" |
| **Subject:** | RE: [EXTERNAL] RE: Defense Witness |
| **Date:** | Tuesday, May 30, 2023 7:27:36 PM |

**CAUTION - EXTERNAL:**

JC and counsel,

In light of the Court's inquiry and the defendant's proffers, the government opposes Mr. Vallejo's request.

While the Court has broad discretion in deciding what materials and evidence to consider at sentencing under 18 U.S.C. 3661, the defendant is not *entitled* to call witnesses at his sentencing hearing. *See* Fed. R. Crim. P. 32(i)(4). Rule 32 requires opportunities to speak for only the government, defense counsel, the defendant, and any victims present at the hearing. *Id*. While the rule also grants the defendant the right to "present any information to mitigate the sentence," Fed. R. Crim. P. 32(i)(4)(ii), it does not grant the defendant the right to choose the *means* by which to present that information. This is particularly true when defendants attempt to present evidence of their innocence after already being found guilty at trial—at sentencing, the inquiry is not about the defendant's guilt but about the appropriate sentence to impose.

The government highlights the below cases for the Court's consideration regarding Mr. Vallejo's request to call Kelly Carter on issues of Mr. Vallejo's guilt:

In *United States v. Hughes*, 37 F.3d 1496 (4th Cir. 1994), the defendant attempted to call a witness that had "valuable information" who had allegedly "told authorities there were multiple conspiracies and [the defendant] was not involved." The sentencing court denied the defendant's motion to call the witness, concluding that "the witness's testimony is not pertinent to issues before the Court" at sentencing. *Id*. On appeal, the Fourth Circuit concluded the sentencing court did not abuse its discretion, "[b]ecause the testimony would relate to Hughes' guilt or innocence already determined by a jury." *Id*. (citing *United States v. Jackson*, 757 F.2d 1486, 1492 (4th Cir. 1985)).

In *United States v. Cruzado-Laureano*, 527 F.3d 231, 237-38 (1st Cir. 2008), the defendant "sought to present nine witnesses on various issues, including his innocence." The sentencing court ruled that the "single issue before it was the appropriate term of imprisonment," and only allowed the defendant to present mitigating information regarding the defendant's character. *Id*. at 238. The Second Circuit affirmed the sentencing court's limitation, concluding that Rule 32 does not entitle the defendant to call witnesses on their behalf at sentencing. *Id*. (citing *United States v. Rodriguez*, 336 F.3d 67, 70 (1st Cir. 2003) ("It is a familiar rule that a criminal defendant, about to be sentenced, is not entitled to an evidentiary hearing on demand."); *United States v. Heller*, 797 F.2d 41, 43 (1st Cir.1986) ("Although the defendant must be given the chance to inform the court of any mitigating circumstances, he does not have the right to have others testify for him at a sentencing.")).

In *United States v. Degroate*, 940 F.3d 167, 175-76 (2d Cir. 2019), the court addressed

whether a defendant had a right to call witnesses at a probation revocation hearing. In doing so, the court pointed to the lack of such a right at post-conviction sentencing under Federal Rule of Criminal Procedure 32. "Rule 32," the court noted, "gives only four parties an explicit right to speak at sentencing: the defendant's attorney, the defendant, the Government, and any victims who may be present." *Id.* at 175 (citing Fed. R. Crim. P. 32(i)(4)(A),(B)); *see also United States v. Contreras-Delgado*, 913 F.3d 232, 240 (1st Cir. 2019) ("[W]hile a defendant enjoys a right to due process at sentencing and the right to speak or present any information to mitigate the sentence, a defendant has no right to insist on calling witnesses on his behalf.") (internal citations and quotation marks omitted); *United States v. Cunningham*, 883 F.3d 690, 699 (7th Cir. 2018) (holding that Federal Rule of Criminal Procedure 32(i)(4)(A)(ii) does not establish a right to call witnesses in mitigation "for any purpose," including "to reargue the issue of guilt"); *United States v. Jones*, 643 F.3d 275, 277-78 (8th Cir. 2011) (concluding that the trial court's decision not to allow a character witness to testify did not violate Rule 32, where the defendant had an opportunity to speak and the court heard and considered a brief summary of the proffered character testimony); *United States v. Cruzado-Laureano*, 527 F.3d 231, 238 (1st Cir. 2008) ("Federal Rule of Criminal Procedure 32 does not give defendants the right to call witnesses in their behalf at sentencing. The rule only requires the court to allow the defendant and his attorney to speak."); *United States v. Claudio*, 44 F.3d 10, 16 (1st Cir. 1995) ("[T]here is no automatic right to present live testimony at sentencing."); *United States v. Heller*, 797 F.2d 41, 43 (1st Cir. 1986) ("Although the defendant must be given the chance to inform the court of any mitigating circumstances, he does not have the right to have others testify for him at sentencing."); *United States v. Jackson*, 700 F.2d 181, 191 (5th Cir. 1983) ("The defendant must be given the chance to inform the court of any mitigating circumstances, but we see little advantage to be gained by allowing the defendant to have others testify for him at sentencing. In fact, such a judicial extension of the right of allocution would amount to a trial of the defendant's character following the trial of his guilt. We refuse to allow that extension.").

The Court not only has broad discretion to consider evidence at sentencing, but also to *preclude* any evidence not relevant to the single question of what sentence is appropriate. And Mr. Vallejo does not have a due process right to call any witness at sentencing, particularly those aimed at demonstrating his innocence. Despite his contention otherwise, Mr. Vallejo's proposed witness and proffered testimony is intended to diminish his guilt and criminal intent in the overall conspiracy to oppose the transfer of presidential power by force—guilt the jury has already found beyond a reasonable doubt on every count. And so he does not offer any reason this witness would aid the Court's decision at sentencing.

The government is available for a hearing at 3:45pm tomorrow.


**Troy A. Edwards, Jr.**
Assistant United States Attorney
U.S. Attorney's Office for the District of Columbia
(202) 258-1251

---

**From:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Sent:** Tuesday, May 30, 2023 7:08 PM
**To:** Matthew J. Peed <matt@clintonpeed.com>; Hughes, Alexandra (USADC) <AHughes@usa.doj.gov>; Nestler, Jeffrey (USADC) <JNestler1@usa.doj.gov>; stanley@brandwoodwardlaw.com;

808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Edwards, Troy (USADC) <TEdwards1@usa.doj.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>
**Subject:** Re: [EXTERNAL] RE: Defense Witness

Thanks, Matt. The judge would also like to hear the government's response.

Additionally, could you all please advise your availability tomorrow at 3:45 PM for a remote hearing?

Best,
JC

Get Outlook for iOS

---

**From:** Matthew J. Peed <matt@clintonpeed.com>
**Sent:** Tuesday, May 30, 2023 5:08 PM
**To:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; Hughes, Alexandra (USADC) <Alexandra.Hughes@usdoj.gov>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>; ██████████████████████████████; 808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>
**Subject:** RE: [EXTERNAL] RE: Defense Witness

**CAUTION - EXTERNAL:**

Hi JC,

The defense position is that Mr. Vallejo's counts of conviction did not ask or require any special findings by the jury that Mr. Vallejo's 2:24pm and 2:38pm texts reflected an intent to bring firearms to the Capitol, but merely that during that afternoon he (like his codefendants) conspired and aided and abetted an interruption of the proceeding and the then-on going execution of the election laws. Nevertheless, the government has repeatedly asserted that Mr. Vallejo was specifically offering to bring weapons to the Capitol, something the defense vehemently denies.

In determining relevant offense conduct and the 3553(a) factors, the judge can make findings regarding facts that go beyond the elements of the jury's verdict, which did not inherently address this core factual dispute between the parties. Accordingly, the defense considered it helpful to have an eyewitness available to the Court.

As reflected in the sentencing memo, Mr. Vallejo's position is that the evidence only supported the minimal elements reflected in the verdict (conspiracy and aiding and abetting), rather than the government's maximalist theory of all the particular ways it believes Mr. Vallejo conspired or aided and abetted, most notably with regard to the allegation that he intended and was prepared to bring firearms to the Capitol at 2:24pm an 2:38pm.

I hope that is helpful.

Best,
Matt

Matthew J. Peed | CLINTON & PEED
1775 Eye St. NW, Suite 1150
Washington, DC 20006
Tel:  (202) 919-9491
Cell: (571) 234-2701
Fax: (202) 587-5601

---

**From:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Sent:** Tuesday, May 30, 2023 4:51 PM
**To:** Hughes, Alexandra (USADC) <Alexandra.Hughes@usdoj.gov>; Matthew J. Peed <matt@clintonpeed.com>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; stanley@brandwoodwardlaw.com; [REDACTED]
808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>
**Subject:** Re: [EXTERNAL] RE: Defense Witness

All —

The judge recognizes that he has broad discretion to consider evidence at a sentencing hearing, even if it was not presented at trial.  *See* 18 USC 3661

("[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"); *United States v. Anderson*, 632 F.3d 1264, 1270 (DC Cir. 2011). That said, Mr. Carter's proposed testimony appears designed to cast doubt on the jury's verdict and the reasonable inferences that the jury could have drawn from the trial evidence. The judge would like to understand the appropriateness of hearing such testimony at a sentencing hearing.

Thanks,
JC


Get [Outlook for iOS](#)

**From:** Hughes, Alexandra (USADC) <Alexandra.Hughes@usdoj.gov>
**Sent:** Tuesday, May 30, 2023 4:23:50 PM
**To:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; Matthew J. Peed <matt@clintonpeed.com>; Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; stanley@brandwoodwardlaw.com <stanley@brandwoodwardlaw.com>; ███████████████████████████████; 808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>
**Subject:** RE: [EXTERNAL] RE: Defense Witness

**CAUTION - EXTERNAL:**

Hi JC,

The government does not object to Mr. Peed's request.

Many thanks,
Alex

**From:** Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>
**Sent:** Tuesday, May 30, 2023 3:45 PM

**To:** Matthew J. Peed <matt@clintonpeed.com>; Nestler, Jeffrey (USADC) <JNestler1@usa.doj.gov>; stanley@brandwoodwardlaw.com; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <KRakoczy2@usa.doj.gov>; Edwards, Troy (USADC) <TEdwards1@usa.doj.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>; Hughes, Alexandra (USADC) <AHughes@usa.doj.gov>
**Subject:** RE: [EXTERNAL] RE: Defense Witness

Good afternoon,

Thanks for the notice. Before I flag this for the court, does the government consent to Mr. Carter's remote testimony?

Best,
JC

---

**From:** Matthew J. Peed <matt@clintonpeed.com>
**Sent:** Tuesday, May 30, 2023 3:38 PM
**To:** Nestler, Jeffrey (USADC) <Jeffrey.Nestler@usdoj.gov>; stanley@brandwoodwardlaw.com; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ 808shipleylaw_gmail.com <808shipleylaw@gmail.com>
**Cc:** Rakoczy, Kathryn (USADC) <Kathryn.Rakoczy@usdoj.gov>; Edwards, Troy (USADC) <Troy.Edwards@usdoj.gov>; Jean Claude Douyon <Jean-Claude_Douyon@dcd.uscourts.gov>; 'Phillip Linder 2' <attorneylinder@gmail.com>; Manzo, Louis (CRM) <Louis.Manzo@usdoj.gov>; 'Angie Halim' <angiehalim@gmail.com>; 'Scott Weinberg' <Scott@bsrlegal.com>; 'Brad Geyer' <bradford.geyer@formerfedsgroup.com>; edwardtarpley_att.net <edwardtarpley@att.net>; 'fischer and putzi fischer' <fischerandputzi@hotmail.com>; jcrisp_crisplegal.com <jcrisp@crisplegal.com>; 'James Bright' <jlbrightlaw@gmail.com>; Hughes, Alexandra (USADC) <Alexandra.Hughes@usdoj.gov>
**Subject:** RE: [EXTERNAL] RE: Defense Witness

**CAUTION - EXTERNAL:**

Hello all,

I apologize for the late notice, but on behalf of Mr. Vallejo, I would like to have Kelly Carter available to testify. He is in Phoenix and could fly tomorrow, but if the Court is amenable, he would prefer to be available by video. He has previously debriefed with the government by video.

As a proffer, he would testify consistent with this Grand Jury testimony and letter to the Court that

he never saw Vallejo with a firearm, including during the time frame when Vallejo referred to himself as "outfitted." He would also state that on the afternoon of Jan. 6 when Vallejo sent his 2:24 p.m. and 2:38 p.m. texts, Vallejo and Kandaris were in the room with him and were discussing picking people up and getting them out of harm's way.

Please let me know if Mr. Carter should make arrangements to fly, or if video is acceptable.

Best,
Matt


Matthew J. Peed | CLINTON & PEED
1775 Eye St. NW, Suite 1150
Washington, DC 20006
Tel:  (202) 919-9491
Cell: (571) 234-2701
Fax: (202) 587-5601