AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | |
| DAVID MOERSCHEL | Case Number:  22-cr-15-8 (APM) |
| | USM Number:  53396-509 |
| | Scott Weinberg and Connor Robert Martin |
| | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☑ was found guilty on count(s)    1s, 2s, 3s, and 4s of the Superseding Indictment at ECF No. 167
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2384 | Seditious Conspiracy | January 2021 | 1s |
| 18 U.S.C. § 1512(k) | Conspiracy to Obstruct and Official Proceeding | January 2021 | 2s |

   The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☑ The defendant has been found not guilty on count(s)    5s and 12s of the Superseding Indictment at ECF No. 167

☐ Count(s)    Counts of original indictment &    ☐ is    ☑ are dismissed on the motion of the United States.
                  all remaining counts in 21-cr-28-17

      It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/2/2023
_____
Date of Imposition of Judgment

_____
Signature of Judge

2023.06.08
10:41:40 -04'00'

Amit P. Mehta, U.S. District Judge
_____
Name and Title of Judge

_____
Date

AO 245B (Rev. 09/19)  Judgment in a Criminal Case
                      Sheet 1A

DEFENDANT:  DAVID MOERSCHEL
CASE NUMBER:   22-cr-15-8 (APM)

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1512(c)(2) and 2 | Obstruction of an Official Proceeding and Aiding and Abetting | January 6, 2021 | 3s |
| 18. U.S.C. § 372 | Conspiracy to Prevent an Officer from Discharging any Duties | January 2021 | 4s |

AO 245B (Rev. 09/19) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page __3__ of __9__

DEFENDANT:   DAVID MOERSCHEL
CASE NUMBER:   22-cr-15-8 (APM)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

36 months as to each of Counts 1s, 2s, 3s, and 4s, with such terms to run concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:
   placement at FCI Coleman.  The court recommends placement in a low-security or camp facility.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m.  on _____ .

   ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☑ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/19)   Judgment in a Criminal Case
　　　　　　　　　　 Sheet 3 — Supervised Release

Judgment—Page    4    of    9

DEFENDANT:   DAVID MOERSCHEL
CASE NUMBER:   22-cr-15-8 (APM)

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

　36 months as to each of Counts 1s, 2s, 3s, and 4s, with such terms to run concurrently.

# MANDATORY CONDITIONS

1.　　You must not commit another federal, state or local crime.
2.　　You must not unlawfully possess a controlled substance.
3.　　You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
　　　　☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4.　　☑ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5.　　☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6.　　☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7.　　☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page  5  of  9

DEFENDANT:  DAVID MOERSCHEL
CASE NUMBER:  22-cr-15-8 (APM)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____    Date _____

AO 245B (Rev. 09/19)    Judgment in a Criminal Case
                        Sheet 3B — Supervised Release

Judgment—Page    6    of    9

DEFENDANT:    DAVID MOERSCHEL
CASE NUMBER:    22-cr-15-8 (APM)

## ADDITIONAL SUPERVISED RELEASE TERMS

The Court approves transfer of supervision to the district of residence. The Court will retain jurisdiction in this case.

Case 1:22-cr-00015-APM    Document 641    Filed 06/08/23    Page 7 of 9
AO 245B (Rev. 09/19)    Judgment in a Criminal Case
Sheet 3D — Supervised Release

Judgment—Page    7    of    9

DEFENDANT:  DAVID MOERSCHEL
CASE NUMBER:  22-cr-15-8 (APM)

# SPECIAL CONDITIONS OF SUPERVISION

Contact Restriction - You must not associate, communicate, or otherwise interact, with any known or unknown member of a terrorist organization, or any other known or unknown criminal extremist group or individual. This includes persons who are, or claim to be, involved with violent acts, or advocating for acts of violence, and any persons who are located outside the United States without the approval of the probation officer. If you inadvertently associate, communicate, or otherwise interact with a known terrorist or extremist group or individual you must immediately report this to the probation officer.

Social Media Restriction - You must seek the approval of the probation officer if you wish to access, view or use any online social media. You must not download any social media apps to your phone or computer. You must not access social media on any other device not approved by the probation office. Social media includes social media sites, chat services, blogs, instant messages, SMS, MMS, digital photos, video sharing websites, emails or any other interactive, online, or electronic communication applications or sites.

Propaganda Restriction - You must not access, view, use or possess any extremist media. This includes material, such as literature, video, photos, social media, from groups or individuals who promote the use of violence to further an ideological or religious cause. If you inadvertently access, view, use or possess such material you must immediately report this to the probation officer.

Computer Monitoring/Search - To ensure compliance with the computer monitoring condition, you must allow the probation officer to conduct initial and periodic unannounced searches of any computers (as defined in 18 U.S.C. § 1030(e)(1)) subject to computer monitoring. You must allow the probation officer to install computer monitoring software on any computer. This includes desktops, laptops, mobile devices, smartwatches, gaming systems, private servers, or any other high-speed data processing device performing logical, arithmetic, or storage functions. These searches shall be conducted to determine whether the computer contains any prohibited data prior to installation of the monitoring software, whether the monitoring software is functioning effectively after its installation, and whether there have been attempts to circumvent the monitoring software after its installation. You must warn any other people who use these computers that the computers may be subject to searches pursuant to this condition. A probation officer may conduct a search pursuant to this condition only when reasonable suspicion exists that there is a violation of a condition of supervision and that the computer or device contains evidence of this violation. Any search will be conducted at a reasonable time and in a reasonable manner.
- You must not use any services designed to encrypt disguise, mask, or anonymize your online activity, such as TOR, I2P, Freenet, Freepto, Tox,Virtual Private Networks or other anonymizing applications, services, or sites.
- You shall not use any online gaming services or systems, including mobile device applications.

Telecommunications – You shall not use any telecommunications application software product, such as Skype, Discord, TeamSpeak, Battle.net, Steam, Xbox Network, PlayStation Network, Nintendo Switch Online or any other software that specializes in providing chat and voice calls between computers, tablets, mobile devices, gaming consoles and smartwatches.

Financial Information Disclosure - You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the United States Attorney's Office.

Judgment — Page ___8___ of ___9___

DEFENDANT: DAVID MOERSCHEL
CASE NUMBER: 22-cr-15-8 (APM)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Restitution** | **Fine** | **AVAA Assessment*** | **JVTA Assessment**** |
|---|---|---|---|---|---|
| **TOTALS** | $ 400.00 | $ | $ | $ | $ |

☑ The determination of restitution is deferred _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss***** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $          0.00 | $          0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☐ fine    ☑ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:  DAVID MOERSCHEL
CASE NUMBER:  22-cr-15-8 (APM)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ __400.00__ due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D** ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☑ Special instructions regarding the payment of criminal monetary penalties:
The special assessment is immediately payable to the Clerk of the Court for the U.S. District Court, 333 Constitution Ave NW, Washington, DC 20001. Within 30 days of any change of address, you shall notify the Clerk of the Court of the change until such time as the financial obligation is paid in full.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.