UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROBERTO MINUTA,<br><br>Defendants. | Case No. 22-cr-15-APM |

UNITED STATES' OPPOSITION TO
DEFENDANT'S MOTION FOR CONTINUED RELEASE PENDING APPEAL

The defendant, Roberto Minuta's motion for continued release pending appeal should be denied pursuant to 18 U.S.C. § 3143(b)(1).

Roberto Minuta was found guilty of seditious conspiracy (Count One), conspiring to obstruct and obstructing an official proceeding (Counts Two and Three), and conspiring to prevent Members of Congress from discharging their duties (Count Four). ECF 631 at 1-2. On June 1, 2023, the Court sentenced Minuta to, in part, 54 months' imprisonment on all four counts to run concurrently. ECF 631 at 3.

The presumption at this stage is for the defendant to be detained. 18 U.S.C. § 3143(b)(1) ("[T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained."). The defendant can rebut that presumption only if he can show two things: (1) that, by clear and convincing evidence, he is "not likely to flee or pose a danger to the safety of any other person or the community if released"; *and* (2) "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment

1

less than the total of the time already served plus the expected duration of the appeal process." *Id*. The D.C. Circuit has expressly concluded that a "substantial question" is more than just a "fairly debatable" one, a "fairly doubtful" one, or "one of more substance than would be necessary to a finding that it was not frivolous." *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987). Rather, a "more demanding standard" controls: "a substantial question is a close question or one that very well could be decided the other way." *Id*. at 555-56. This standard is more in accordance "with the expressed congressional intent to increase the required showing on the part of the defendant. The law has shifted from a presumption of release to a presumption of valid conviction." *Id*.

Minuta cannot make either showing under Section 3143(b)(1). While the Court found after the defendant's verdict and sentencing that he did not present a risk of flight or danger, the government submits that the nature of his conviction for seditious conspiracy to oppose the transfer of presidential power by force, among others, and the nature of his conduct against law enforcement officers and others on January 6 all demonstrate that he is a danger to the community. *See* 18 U.S.C. § 3143(b)(1)(A).

In any event, Minuta does not, and cannot, show that his appeal involves a "substantial question of law or fact likely to result in" reversal, a new trial, a reduced sentence, or a sentence of no imprisonment. 18 U.S.C. §3143(b)(1)(B); *see United States v. Rivera*, No. 22-3088, 2023 WL 1484683, at *1 (denying a defendant's motion for stay of sentence pending appeal because he could not meet the requirements under 18 U.S.C. § 3143(b)(1)(B)). At most, the defendant highlights what he characterizes as "novel questions of law and fact." ECF 640 at 4. But "novel" questions are not necessarily "substantial" ones as defined in this circuit. He does not

point to any law or fact that makes any of his proposed questions ones that are "close" or "that very well could be decided the other way." *Perholtz*, 836 F.2d at 555-56.

Further, Minuta does not specify which, if any, of the enumerated reliefs may result from these potential questions on appeal, nor does he articulate why any of those reliefs are "likely" to result. As to his convictions in count one, 18 U.S.C § 2384, and count four, 18 U.S.C. § 372, for example, the defendant simply argues that his appeal will revolve around the applicability of the statute and the sufficiency of the evidence. ECF 640 at 4-5. Just as his claim that this appeal will involve "novel" issues does not address the threshold issue of substantiality, it also does not address his likelihood of success. The parties thoroughly litigated the applicability of Sections 2384 and 372 and the sufficiency of the evidence as it relates to those charges in pre- and post-trial motions, and the Court issued detailed rulings in the government's favor. The defendant does not point to anything that may disrupt those rulings.

Minuta's arguments about his convictions under Section 1512 are just as lacking. Although he raises the D.C. Circuit's recent decision in *United States v. Fischer*, 64 F.4th 329 (D.C. Cir. 2023), simply pointing to that decision or even the "pendency of *United States v. Robertson*, No. 22-3062 (argued May 11, 2023)," is insufficient to show "that it is likely to lead to a new trial or to a sentence without imprisonment." *United States v. Brock*, No. 23-3045, 2023 WL 3671002, at *1 (D.C. Cir. May 25, 2023) (denying a defendant's motion for release pending appeal); 18 U.S.C. § 3143(b)(1)(B)(ii) & (iii). Likewise, Minuta cannot show that resolution of the question regarding the scope of 18 U.S.C. § 1512(c)—the basis of only two of his four convictions—is "likely to lead to reversal of *all counts* on which imprisonment is imposed." *Id*. (quoting *Perholtz*, 836 F.2d at 556-57); 18 U.S.C. § 3143(b)(1)(B)(i). In fact, he

3

cannot show that resolution of these questions in his favor would even lead to reversal of his Section 1512 convictions. The charge of obstructing Congress's electoral vote count and Minuta's proven conduct seem to satisfy both the D.C. Circuit's majority and dissenting opinions' readings of the statute in *Fischer*. *See, e.g.*, *Brock*, 2023 WL 3671002, at *2 (Millett, J., concurring). Minuta's actions in the Rotunda and surrounding areas forced Congress to continue to delay their joint session and, "'impair[ed] the . . . ability' of the physical evidence of electoral votes 'for use in an official [congressional] proceeding,' and temporarily blocked the exercise of Congress's 'truth-finding function' in certifying and counting electoral votes" *Id*. at *3 (quoting *Fischer*, 64 F.4th at 370 (Katsas, J., dissenting)); *see also* Gov. Exh. 1125 (photograph of paper certificate of vote from the State of Arizona on January 6); 12/19/22 Tr. at 1853-54 (testimony of Thomas Wickham regarding paper certificates from particular states on January 6). So Minuta has not shown that *any* of his convictions would "likely" be reversed or vacated on appeal.

Finally, Minuta notes that his appeal will address the Court's application of certain specific offense characteristics under the U.S. Sentencing Guidelines at sentencing. Without some authority as to why that appeal would "likely" result in a reduced sentence that is "less than the expected duration of the appeal process," 18 U.S.C. 3143(b)(1)(B)(iv), his motion should be denied outright. But even if he met his burden under this prong, the relief would not be immediate release. Instead, the statute instructs the Court to "order the detention terminated at the expiration of the likely reduced sentence." 18 U.S.C. § 3143(b)(1)(B)(iv). In his own brief, he calculates a likely reduced sentencing guideline to be as much as "24-30 months," ECF 640 at 6; in other words, his own analysis would call for him to serve at least two years before the Court

4

ordered his release. *Brock*, 2023 WL 3671002, at *1 ("[E]ven if appellant received relief under § 3143(b)(1)(B)(iv), he would begin serving his term of imprisonment and the court would order only that he be released after serving the duration of the 'likely reduced sentence.'").

The government respectfully opposes the defendant's motion for release from custody pending appeal.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar Number 481052

By: _____
Troy A. Edwards, Jr.
Assistant United States Attorney
N.Y. Bar No. 5453741
Alexandra Hughes
Louis Manzo
Jeffrey S. Nestler
Kathryn Rakoczy
Assistant United States Attorneys
U.S. Attorney's Office, District of Columbia
601 D Street NW
Washington, D.C. 20530