IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES                              *

vs.                                        *   Case No.: 22-15-APM

THOMAS E. CALDWELL                         *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MOTION TO MODIFY CONDITIONS OF RELEASE

COMES NOW, the Defendant, Thomas E. Caldwell, by and through his attorney, David W. Fischer, Esq., and respectfully requests that the Court modify the conditions of release in this matter, and states as follows:

1. The Government opposes this request.

2. The Defendant requests permission to travel within 150 miles of his residence in Clarke County, Va., excluding the District of Columbia.  Currently, the Defendant's travel is restricted to Clarke, Frederick, and Loudoun Counties in Virginia and Jefferson and Berkeley Counties in West Virginia.  (ECF Nos. 30 & 859).

3. The Defendant also requests that the condition of release requiring him to be supervised via a GPS-monitoring ankle bracelet be removed.  (ECF no. 30).

4. The Defendant further requests that his internet restrictions be loosened. Currently, the Defendant is permitted "to use internet connected devices solely to communicate with counsel, to review discovery, or to conduct legal research." (ECF No. 30).  Further, the Defendant's wife is required to "monitor any access

1

to any internet-connected device to ensure compliance with this term of release."

*Id*.

5. At the time the original conditions of release were imposed on March 12, 2021, the Court had limited information--mostly supplied by the Government-- as to the background, characteristics, and potential danger that the Defendant posed to the community. The Court, accordingly, imposed very restrictive conditions of release in lieu of pretrial detention, which the Defendant is forever grateful.

6. Circumstances have changed since the imposition of the Defendant's original conditions. First, the Defendant was acquitted by a jury of three conspiracy-related counts. Second, as a result of the Supreme Court's recent decision in *Fischer v. United States*, the Defendant's guilty finding as to Count 3, obstruction of an official proceeding pursuant to 18 U.S.C. § 1512(c)(2), is likely untenable, and will be the subject of an upcoming motion to be filed by counsel in the near future. Third and related, the Defendant's other finding of guilt as to evidence tampering obstruction may also be affected by the *Fischer* decision, which will be argued in the Defendant's forthcoming motion. Fourth, a recent decision in the U.S. Court of Appeals for the D.C. Circuit, *United States v Brock*, significantly reduced (by 11 levels) the Defendant's potential sentencing guidelines as to Count 3 even if that count survives a challenge based upon *Fischer*.

7. The Defendant has performed *perfectly* for nearly 40 months on pretrial release. On July 10, 2024, undersigned counsel spoke with USPO Seth Flory, who has

been supervising the Defendant as a "courtesy supervision" in the Western District of Virginia. USPO Flory *has no objection to the Defendant being removed from GPS monitoring*. Mr. Flory confirmed that the Defendant has incurred no violations in the 40 months that he has been supervised.

8. The Defendant is now 70 years-old and, as the Court is aware, in poor physical health. He poses absolutely no danger to the public and is not a flight risk.

9. The Defendant desires access to the internet to shop, buy farm-related commodities, communicate by Zoom with friends and family, pay bills, manage his numerous medical appointments and V.A. requirements, and generally keep himself educated on topics of local and national interest. The Defendant is currently under a "no contact" order in relation to co-defendants, many of whom are in the Bureau of Prisons, and is not seeking to remove that particular release condition.

10. The Defendant desires to travel to visit friends, acquaintances, his former Navy comrades, relatives, etc. He and his wife, both retirees, have not traveled in over four years. The Defendant, after obtaining permission from his PTSO or the Court, has already traveled to Maryland, Washington, D.C., West Virginia and elsewhere without violating his other conditions of release.

11. Additionally, it should be noted that undersigned counsel has learned from his current and former PTSO that the Defendant requires a significant amount of time to supervise. He has multiple doctors, very frequent medical appointments at

various locations, and other needs that require frequent communication with PTS to obtain travel approval. Respectfully, PTS's time could be better spent actively monitoring other defendants that truly pose a potential danger to the public.

12. The purpose of imposing conditions or release, respectfully, is to protect the public and ensure the Defendant's appearance in court.   The Defendant's conduct over 40 months has proven that he poses no risk.   Additionally, trial testimony proved that the Defendant's conduct on January 6, 2021 was significantly less serious than the claims that led the Court to impose strict conditions of release.

WHEREFORE, the Defendant respectfully requests that the conditions of his release be modified as set forth *supra*.

                                                        /s/
David W. Fischer, Esq.
Federal Bar No. 023787
Law Offices of Fischer & Putzi, P.A.
Empire Towers, Suite 1007
7310 Ritchie Highway
Glen Burnie, MD 21061
(410) 787-0826
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 11th day of July, 2024, a copy of the foregoing Motion to Modify Conditions of Release was electronically filed with the Clerk of the United States District Court using CM/ECF, with a notice of said filing to the following:

Counsel for the Government:      Kathryn Rakoczy, AUSA
Office of the United States Attorney
555 4th Street, NW
Washington, DC 20001

                                        /s/
                              David W. Fischer, Esq.