**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 22-cr-15 (APM)** |
| | **:** | |
| **THOMAS CALDWELL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER**
**ORDER DENYING MOTION FOR JUDGMENT OF ACQUITTAL**

On September 9, 2024, Defendant Thomas Caldwell moved this Court to reconsider its Order denying his motion for a judgment of acquittal. For the reasons stated herein, the government does not oppose the Court reconsidering and granting the defendant's motion for a judgment of acquittal on Count Three of the Indictment, which charged obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2). The government opposes, however, reconsideration of the motion for judgment of acquittal on Count Thirteen, which charged obstruction – tampering with documents in violation of 18 U.S.C. § 1512(c)(1).

I.      Obstruction of an Official Proceeding

On June 28, 2024, the Supreme Court issued its decision in *United States v. Fischer*, 603 U.S. ----, 144 S. Ct. 2176 (June 28, 2024). In that decision, the Supreme Court held that, in order to convict a defendant under Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The government does not concede that the evidence at trial was insufficient for a reasonable jury to conclude that the evidence met this standard. However, the government acknowledges that Caldwell was differently situated that many of his co-

defendants at trial. Most notably, Caldwell did not enter the Capitol, and the jury acquitted Caldwell of all conspiracy charges. Additionally, Caldwell has a second count of conviction, which for the reasons stated below, should stand. Accordingly, recognizing Caldwell's unique position as compared to his co-defendants, and in the interest of judicial economy, the government does not oppose the Court setting aside the jury's verdict of guilt on Count Three.  Alternatively, without conceding any procedural or substantive arguments in opposition to Caldwell's motion, the government would move to dismiss Count Three under Rule 48 of the Federal Rules of Criminal Procedure.

II.     Tampering with Documents

Caldwell also asks the Court to reconsider its decision denying his motion to set aside the jury's verdict on Count Thirteen.  Caldwell's motion fails to meet the standard for reconsideration and should be denied.

The Federal Rules of Criminal Procedure do not address the legal standard applicable to motions to reconsider interlocutory decisions, but courts in this District have applied the "as justice requires" standard under Federal Rule of Civil Procedure 54(b). *See, e.g.*, *United States v. Hassanshahi*, 145 F. Supp. 3d 75, 80 (D.D.C. 2015); *United States v. Hemingway*, 930 F. Supp. 2d 11, 12 (D.D.C. 2013). "[A]sking 'what justice requires' amounts to determining, within the Court's discretion, whether reconsideration is necessary under the relevant circumstances." *Cobell v. Norton*, 355 F. Supp. 2d 531, 539 (D.D.C. 2005). Reconsideration may be warranted where the Court "patently misunderstood a party, has made a decision outside the adversarial issues presented to the Court by the parties, has made an error not of reasoning but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court." *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C.

2005) (internal quotation marks omitted). The moving party bears the burden of demonstrating that reconsideration is warranted. *See Hassanshahi*, 145 F. Supp. 3d at 80.

Caldwell's arguments do not satisfy any of these requirements. He does not show that the Court misunderstood his arguments for dismissal, made a decision outside the adversarial process, committed an error of apprehension, or that there has been an intervening change in law. Instead, he merely re-presents his own, differing interpretation of the evidence at trial and the legal standard the Court applied.

First, Caldwell argues that the Court misinterpreted the evidence in finding he knew that co-conspirators Jessica Watkins and Donovan Crowl entered the Capitol prior to January 14, when he deleted evidence of their involvement in the attack on the Capitol. For all the reasons stated by the Court in its oral ruling, the Court's finding was a correct interpretation that the jury may have reasonably concluded, from the evidence in the record, that Caldwell was aware Watkins and Crowl (and himself) were or would soon become the subjects of a federal grand jury investigation at the time he deleted evidence of their involvement in the attack on the Capitol. *See* 9/19/23 Tr. at 25-31. Moreover, Caldwell ignores additional record evidence that he was aware Crowl and Watkins participated in the attack on the Capitol, such as his message to Crowl on January 7, 2021: "We stormed the gates of corruption together (although on opposite sides of the building) so between that and our first meeting and getting to know you since I can say we will always be brothers!" Gov. Exh. 9079 (Msg. 200.F.1.38).[1]

Second, Caldwell argues that the Court applied the wrong "nexus" standard, contending that the Court applied a "might have known" standard instead of a "likely to affect" standard. This

---

[1] Defendant misstates and misinterprets many aspects of the record evidence in his motion. The government is not correcting each of those errors in this opposition, since Defendant fails to meet the standard for reconsideration, but the government does not concede any of the factual arguments made by Defendant in his motion.

is simply untrue. The Court cited to and applied the standard of both *United States v. Aguilar*, 515 U.S. 593, 599 (1995), and *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007). 9/19/23 Tr. at 24-25, 31-34. The Court did not apply a "might have known" standard. Rather, the Court found, based on all of the evidence in the record, including the evidence the Court explicitly cited in its ruling, that the jury could have reasonable concluded that Caldwell deleted the evidence at issue "with the intent of preventing [its] use" in an official proceeding and that, "based on all of that evidence, I do think the nexus requirement is satisfied." *Id.* at 33-34.

III.    Conclusion

WHEREFORE, Defendant Caldwell's motion should be granted in part and denied in part, and the Court should proceed to sentencing on Count Thirteen.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:      /s/
Kathryn L. Rakoczy
D.C. Bar No. 994559
Alexandra Hughes
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street NW
Washington, D.C. 20530