**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>        **v.**<br><br>**ELMER STEWART RHODES III,<br>KELLY MEGGS,<br>KENNETH HARRELSON,<br>JESSICA WATKINS,<br>ROBERTO MINUTA,<br>JOSEPH HACKETT,<br>DAVID MOERSCHEL, and<br>EDWARD VALLEJO,**<br><br>        **Defendants.** | **Case No. 22-cr-15-APM** |

### GOVERNMENT'S UNOPPOSED MOTION TO DISMISS INDICTMENT

Pursuant to Fed. R. Crim. P. 48(a), the United States of America, by and through the undersigned attorney, hereby respectfully moves this Court to dismiss with prejudice the above-captioned case against Defendants Elmer Stewart Rhodes III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Roberto Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo.   The government has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice.   Defendants, though their attorneys, have indicated that they do not oppose this motion.

Pursuant to Rule 48(a), "[t]he government may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a); *see also United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989).   The discretion accorded the Department of Justice under Rule 48(a) recognizes that "decisions to dismiss pending charges … lie squarely within the ken of prosecutorial discretion" and "'at the core of the Executive's duty to see to the faithful execution of the laws.'" *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 741(D.C. Cir. 2016) (citation omitted); *see also United States v. Nixon*,

418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."). "[T]he Supreme Court has declined to construe Rule 48(a)'s 'leave of court' requirement to confer any substantial role for courts in the determination whether to dismiss charges." *Fokker Servs. B.V.*, 818 F.3d at 742. The principal object of the "leave of court" requirement has been understood to protect a defendant against prosecutorial harassment when the government moves to dismiss an indictment over the defendant's objection. *Id.* (quoting *Rinaldi v. United States,* 434 U.S. 22, 29 n. 15 (1977)). Here, the government is moving for dismissal with prejudice. Thus, there is no risk of any implication of harassment stemming from the dismissal of these counts.

Wherefore, the government respectfully asks this Court to dismiss the above-captioned case with prejudice.

Respectfully Submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

*/s/ G.A. Massucco-LaTaif*
G.A. MASSUCCO-LATAIF (PA Bar No. 70718)
Chief, Criminal Division
601 D Street, NW
Washington, D.C. 20530
Tel: (202) 252-7066
George.Massucco@usdoj.gov

2