**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal No. 22-cr-00015 (APM)** |
| | ) | |
| **ELMER STEWART RHODES III, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

On May 22, 2026, the government moved under Federal Rule of Criminal Procedure 48(a) to dismiss the indictment with prejudice against Defendants Elmer Stewart Rhodes III, Kelly Meggs, Kenneth Harrelson, Jessica Watkins, Roberto Minuta, Joseph Hackett, David Moerschel, and Edward Vallejo. *See* Gov't's Unopposed Mot. to Dismiss Indictment, ECF No. 967 [hereinafter Gov't Mot.]. According to the motion, "[t]he government has determined in its prosecutorial discretion that dismissal of this criminal case is in the interests of justice." *Id.* at 1. The motion is unopposed. *See id.*

The court defers ruling on the government's request until it receives additional information. The D.C. Circuit in *United States v. Ammidown* addressed the court's responsibilities when faced with a Rule 48(a) motion of the kind filed here. Describing what it called a "distinctly different situation" "when the defendant concurs in the dismissal but the [trial] court is concerned whether the action sufficiently protects the public," the court of appeals articulated three guiding principles. 497 F.2d 615, 620 (D.C. Cir. 1973). First, "Rule 48(a)'s requirement of judicial leave . . . gives the court a role in dismissals following indictment." *Id.* Second, "in the exercise of its responsibility, the court will not be content with a mere conclusory statement by the prosecutor

that dismissal is in the public interest, but will require a statement of reasons and underlying factual basis." *Id.* And third, "the court does not have primary responsibility, but rather the role of guarding against abuse of prosecutorial discretion." *Id.* The court summarized that Rule 48(a) "contemplates exposure of the reasons for dismissal 'in order to prevent abuse of the uncontrolled power of dismissal previously enjoyed by prosecutors,' and in pursuance of this purpose 'to gain the Court's favorable discretion, it should be satisfied that the reasons advanced for the proposed dismissal are substantial.'" *Id.* (citation omitted).

The government's motion here is insufficiently detailed to allow the court to heed *Ammidown*'s principles. The government has offered little more than a "conclusory statement" that dismissal is in the public interest. *See* Gov't Mot. at 1. It provides neither a "statement of reasons" nor the "underlying factual basis" for the request. *See id.* As a result, the court lacks the information necessary both to determine whether "the reasons advanced for the proposed dismissal are substantial" and to guard against "abuse of prosecutorial discretion."

To enable the court to carry out its proper role under Rule 48(a), the government shall supplement its motion to dismiss by June 5, 2026.

Dated: May 29, 2026

_____
Amit P. Mehta
United States District Judge

2