**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**EDWARD VALLEJO,**

**Defendant.**

**Case No. 1:22-cr-00015-APM-11**

**DEFENDANT'S MOTION TO STRIKE UNCONSTITUTIONAL DICTA FROM ORDER DISMISSING INDICTMENT WITH PREJUDICE**

The defendant, Edward Vallejo, through his attorneys, Stephen R. Sady and Kurt D. Hermansen, respectfully moves to Strike unconstitutional dicta from this Court's Memorandum Order and Opinion docketed as ECF No. 981.

Ed Vallejo was innocent before trial and he is innocent now. The Court's dismissal of the indictment with prejudice based on deference to prosecutorial discretion does not open the door for judicial opinion regarding disputed elements of an offense never finally adjudicated. The Fifth Amendment's presumption of innocence further counsels against advisory statements regarding culpability based on the trial prosecutor's version of the fact that have not been finally established to a jury beyond a reasonable doubt and affirmed on appeal.

The trial that resulted in the now-vacated convictions was marred by serious prejudicial errors. Since the trial, several Supreme Court cases have highlighted the errors. In *Fischer v.*

*United States*, the Court invalidated the government's theory on half the counts of conviction. 603 U.S. 480 (2024). In *Trump v. United States*, the Court showed how the President's role was inadequately considered during the trial. 603 U.S. 593 (2024). Critically for Mr. Vallejo, in *United States v. Hansen*, the Court emphasized the need to construe statutes to protect First Amendment rights, which did not occur at trial. 599 U.S. 762 (2023). And in *Dubin v. United States*, the Court outlined rules of statutory construction inadequately applied in Mr. Vallejo's trial. 599 U.S. 110 (2023). Even without the intervening cases, the trial was marred by errors in jury selection and use of inadmissible hearsay.

The Court correctly granted the motion to dismiss with prejudice based on the government's exercise of discretion but incorrectly injected advisory opinions that are contrary to the presumption of innocence and unfair to an innocent man. The court's commentary adopted wholesale the government's theory of the case while ignoring the substantial defense case for innocence. Unlike cases involving pardons, the accused here properly appealed the convictions, which the court of appeals vacated, leaving him presumptively innocent. *See Nelson v. Colorado*, 581 U.S. 128, 135–36 (2017) ("But once those convictions were erased, the presumption of their innocence was restored." (citing *Johnson v. Mississippi*, 486 U.S. 578, 585 (1988) (After a "conviction has been reversed, unless and until [the defendant] should be retried, he must be presumed innocent of that charge.").

The presumption of innocence "lies at the foundation of our criminal law." *Coffin v. United States*, 156 U.S. 432, 453 (1895). This elementary safeguard is undermined by opinions on guilt and innocence made not by the final judgment of a jury and affirmed on appeal but by a single

judge in the absence of a jury waiver. The Court should strike the expressions of opinion on guilt as advisory, dicta, and infringing on the Fifth Amendment's presumption of innocence.

Respectfully Submitted,
*s/ Kurt Hermansen*
Kurt D. Hermansen
Assistant Federal Public Defender
District of Oregon
859 Willamette St., Ste. 200
Eugene, OR 97405

s/ *Stephen R. Sady*
Stephen R. Sady, OR Bar # 810995